# Attachment 2

 (https://www.traviscountytx.gov)

## District Clerk - AARO - Attorney Access to Records Online

# Details

Updated : Wednesday, June 10, 2020 4:35:39 AM

| | | |
|---|---|---|
| Cause Number | D-1-GN-20-001840 | Request Documents (https://www.traviscountytx.gov/distr |
| Style | PHILLIPS V APD | |
| Filed Date | 3/24/2020 | New Search (/aaro/) |
| Court | 200 | |
| Type | DAMAGES OTHER (GEN LIT ) | |
| Case Status | PENDING | |
| Action/Offense | | |
| Hearing Date | | |

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| | DEFENDANT | CAROLYN CUMMINGS FORMER RN RECRUITER | |
| | DEFENDANT | | TOWER , JULIE |
| | DEFENDANT | | FISCHER , ROBERT |
| | DEFENDANT | JACKSON LEWIS PC | |
| | DEFENDANT | | SABLATURA , RUSS |
| | DEFENDANT | SABLATURA AND WILLIAMS PC | |
| RYMAN SHANNON MICHELLE | DEFENDANT | DELL MEDICAL SCHOOL | |
| RYMAN SHANNON MICHELLE | DEFENDANT | UNIVERSITY OF TEXAS AT AUSTIN | |
| | DEFENDANT | BRITTANY GARRETT RN RECRUITER DELL CHILDRENS | |
| | DEFENDANT | DEB BROWN VICE PRESIDENT OF PATIENT SERVICE CHIEF NURSING OF | |
| | DEFENDANT | CHRISTOPHER BORN CEO DELL CHILDREN | |
| | DEFENDANT | SETON ASCENSION | |
| | DEFENDANT | ASCENSION | |
| | DEFENDANT | TEXAS STATE BAR | |
| FULLWOOD CHELSEA LEIGH | DEFENDANT | TEXAS BOARD OF NURSING | |
| | DEFENDANT | AUSTIN COMMUNITY COLLEGE DISTRICT | |
| | DEFENDANT | | GARCIA , GUSTAVO |
| | DEFENDANT | TRAVIS COUNTY TEXAS | |
| | DEFENDANT | TRAVIS COUNTY DISTRICT ATTORNEY OFFICE | |
| | DEFENDANT | TRAVIS COUNTY SHERRIFS OFFICE | |
| | DEFENDANT | AUSTIN POLICE DETECTIVE C PIERCE #4063 | |
| | DEFENDANT | CITY OF AUSTIN TX | |
| | DEFENDANT | AUSTIN POLICE DEPARTMENT | |
| | PLAINTIFF | | PHILLIPS , AMANDA KAYE |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 6/8/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 1 | Download (/aaro/Default/GetPdf?barCodeId=7137599) |
| 6/5/2020 | 200 | DF | ANSWER & ADDITIONAL PLEADING | ANS-RESP | 5 | Download (/aaro/Default/GetPdf?barCodeId=7135581) |
| 6/5/2020 | 200 | DF | ANSWER & ADDITIONAL PLEADING | ANS-RESP | 8 | Download (/aaro/Default/GetPdf?barCodeId=7135573) |
| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135389) |
| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135386) |
| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135383) |
| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135379) |

| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135378) |
|---|---|---|---|---|---|---|
| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135375) |
| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135372) |
| 5/26/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7135369) |
| 5/22/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7122035) |
| 5/22/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7122028) |
| 5/22/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7122024) |
| 5/22/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7122020) |
| 5/22/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7122016) |
| 5/21/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7119370) |
| 5/21/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7119357) |
| 5/21/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7119349) |
| 5/21/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7119342) |
| 5/21/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7119323) |
| 5/20/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7117036) |
| 5/20/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7117032) |
| 5/20/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7117029) |
| 5/20/2020 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7117023) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109783) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109699) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109578) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109529) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109497) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109446) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109423) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109324) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109065) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7109025) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7108990) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7108922) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7108895) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7108856) |
| 5/15/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7108824) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7108251) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7107723) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7107705) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7107498) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7107471) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7107395) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7107316) |
| 5/14/2020 | 200 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7107255) |
| 4/5/2020 | 200 | PL | LETTER/EMAIL/CORR | OTHER | 86 | Download (/aaro/Default/GetPdf?barCodeId=7064893) |
| 3/24/2020 | 200 | PL | AFFIDAVIT INABILITY PAY COSTS | OTHER | 2 | Download (/aaro/Default/GetPdf?barCodeId=7057646) |
| 3/24/2020 | 200 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 84 | Download (/aaro/Default/GetPdf?barCodeId=7057645) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

© 2020 Travis County, Texas - All rights reserved.

D-1-GN-20-001840

3/24/2020 6:58 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-001840
Victoria Benavides

## State of Texas
## Travis County District Court

|  |  |  |
|---|---|---|
| | ) | |
| **Plaintiff pro se** | ) | 200TH |
| **Amanda Kaye Phillips** | ) | |
| **8403 E 81st Street Apt 523** | ) | |
| **Tulsa, OK 74133** | ) | |
| **405.850.2161** | ) | |
| medicalqueen@gmail.com | ) | |
| | ) | |

**Defendants**

1. Austin Police Department
   715 E 8th St, Austin, TX 78701

2. City of Austin, TX
   2006 East 4th Street
   Austin, Texas 78702

3. Austin Police Detective  C. Pierce #4063
   715 E 8th St
   Austin, TX 78701

4. Travis County Sheriff's Office
   5555 Airport Blvd
   Austin, TX 78751

5. Travis County District Attorney Office
   416 W 11th St
   Austin, TX 78701

6. Travis County, Texas
   314 W. 11th Street, #535
   Austin, TX 78767

7. Gustavo Garcia, JR
   416 W 11th St
   Austin, TX 78701

8. Austin Community College District

1

5930 Middle Fiskville Road
Austin, TX 78752

9.  Texas Board of Nursing
    333 Guadalupe St #3-460
    Austin, TX 78701

10. Texas State Bar
    1414 Colorado St, Austin
    TX 78701

11. Ascension
    4600 Edmundson
    St Louis MO 63134

12. Seton Ascension
    1345 Philomena St
    Austin, TX 78723

13. Christopher Born, CEO Dell Childrens
    1345 Philomena St
    Austin, TX 78723

14. Deb Brown, Vice President of Patient Services/Chief Nursing Officer
    1345 Philomena St
    Austin, TX 78723

15. Brittany Garrett, RN recruiter Dell Children's
    1345 Philomena St
    Austin, TX 78723

16. University of Texas at Austin
    1616 Guadalupe St., Suite 4.202
    Austin, TX 78712

17. Dell Medical School
    1501 Red River St
    Austin, TX 78712

18. Sablatura & Williams, PLLC
    108 E Bagdad Ave #200
    Round Rock, TX 78664

19. Russ Sablatura
    108 E Bagdad Ave #200

Round Rock, TX 78664

20. Jackson Lewis, PC
    500 N Akard St #2500
    Dallas, TX 75201

21. Robert Fischer
    500 N Akard St #2500
    Dallas, TX 75201

22. Julie Tower
    500 N Akard St #2500
    Dallas, TX 75201

23. Carolyn Cummings, former RN Recruiter
    1345 Philomena St
    Austin, TX 78723

**Complaint for Discriminaton of Retaliation, Age, Sex, Disability, Family Status,**

**National Origin, & Criminal Charge; Fraudulent Misrepresentation, Abuse of**

**Process,  Civil Conspiracy, RICO racketeering, Intentional Infliction of Emotional**

**Distress, Negligence with Jury Demand**

## Table of Contents

Appropriate Venue and Jurisdiction……………………………………………page 5

Introduction of Plaintiff……………………………………………………....page 5

Introduction of Defendants………………………………………………pages 5-12

Complaint Background……………………………………………………pages 12-25

Stating Claims Civil Rights Act of 1964…………………………………pages 25-29

Stating Claims Fraudulent Misrepresentation…………………………....pages 29-48

Stating Claims Abuse of Process…………………………………………pages 48-55

Stating Claim Legal Malpractice…………………………………………...pages 55-59

Stating Claims Civil Conspiracy………………………………………....pages 59-65

Stating Claims RICO Racketeer Influenced Corrupt Organizations…………pages 65-69

Stating Claims Intentional Infliction of Emotional Distress………………….pages 69-81

Stating Claims Negligence…………………………………………………pages 81-84

Prayer………………………………………………………………………...page 84

## Appropriate Venue and Jurisdiction

I, **Amanda Phillips**, am a United States citizen. I reside in Tulsa County, Oklahoma. Defendants are all located in Travis County Texas with the exception of Ascension being headquartered in Missouri. These claims arose in Travis County, Texas. I am respectfully requesting this court be the appropriate venue and jurisdiction for these claims: Employment Discrimination based on Retaliaton, Age, Disability, Criminal Charge, Sex, Family Status, and National Origin; Fraudulent Misrepresentation, Abuse of Process, Civil Conspiracy, RICO racketeering, Intentional Infliction of Emotional Distress, Negligence

## Introduction of Plaintiff

I, **Amanda Phillips,** am a 40 year old Registered Nurse with a completed Emergency Medical Technician class completed December 2001 at Oklahoma City Community College in OKC, OK; a Bachelor's Degree in Biology obtained in December 2005 from the University of Central Oklahoma in Edmond, OK; a completed Phlebotomy Skills certificate completed at Austin Community College July 2009 in Austin, TX; and an Associate's Degree in Nursing obtained in May 2012 from Austin Community College in Austin, TX; and a Texas Registered Nurse license obtained in June 2012. From June 2012 to present, I have obtained hundreds of hours of Continuing Education Competency Units, have obtained Advanced Cardiac Life Support (ACLS) certification and Pediatric

Advanced Life Support (PALS) certification both in July 2013 and October 2019.

Neonatal Resuscitation Program certification completed November 2019, a STABLE

course completed November 2019, and an Animated Rhythms Course completed

November 2019. I have been a member of the Association of Critical Care Nurses since

March 2016. I am the first person in my family to complete college. I have had no

previous arrests, charges, or any type of disciplinary complaint before any law

enforcement agency or licensing board prior to the "terroristic threat" charge in this

complaint.

### Introduction of Defendants

1.  **Austin Police Department** is a law enforcement agency with arresting powers
    within the city limits of Austin, and is located in Austin, TX.  Austin Police
    Department  receives federal funding into their annual budget.

2.   **City of Austin** is a municipality located in Travis County. TX which collects
    property taxes from residents within city limits. and uses a part of those taxes to
    fund Seton Ascension, Austin Community College and its various programs, as
    well as provides scholarships and grants to ACC.

3.  **Detective C. Pierce #4063** provided a sworn statement in the form of an Arrest
    Affidavit in the Municipal Court of the City of Austin. TX that contained
    factually incorrect information, and excluded exculpatory evidence. Citizenship
    unknown.

4. **Travis County Sheriff's Office** is a law enforcement agency located in Travis.
County TX which ordered my transport by Texas Prison Transport Systems from
Tulsa County Jail in Tulsa, OK to Travis County Jail in Austin. TX. Travis
County Sheriff's Office receives federal funding.

5. **Travis County District Attorney's Office** is a Travis County office which
prosecutes felonies in Travis County jurisdiction. This office holds the publicly
elected District Attorney.

6. **Travis County, TX** is a county in central Texas with a publicly elected
"commissioners court", which collects taxes into their annual budget to support
both the Travis County Sheriff's Office, and the Travis County District Attorney's
Office. The budget from Travis County also supports Seton Ascension and Austin
Community College.

7. **Gustavo Garcia, JR** is a prosecuting attorney in the Travis County District
Attorney Office. He also has a private practice criminal defense office in Austin.
TX. He is a University of Texas law school alum, and the son of the late Gustavo
Garcia, a former City of Austin Mayor with ties to the current Mayor Steve Adler.
In 2018, he and his wife made a donation to Margaret Moore and her political
campaign for re-election as Travis County District Attorney. In 2000, he ran
unsuccessfully to be judge in the Travis County court-at-law No. 5, with his father
Gus SR making phone calls for support on his behalf. Citizenship unknown.

8. **Austin Community College District** is a local community college in Austin. TX
with several nursing programs, and which gets funding from City of Austin and

Travis County property taxes, tuition from students, federal funding in the form of grants and student financial aid, and grants from Ascension Seton.

9. **The Texas Board of Nursing** was established by the Texas state legislature to regulate the safe practice of nursing. From their website: " The Board: protects the public from unsafe nursing practice, provides approval for more than 200 nursing education programs, issues licenses to more than 27,000 nurses per year by examination to new graduates and by endorsement to licensees from other states seeking a Texas license, as well as providing nursing practice and education guidance to more than 350,000 currently licensed nurses practicing in the State of Texas."

10. **Texas State Bar** is a Texas State agency under the judiciary and under the administrative control of the Texas Supreme Court. The Texas State Bar website states: "The mission of the State Bar of Texas is to support the administration of the legal system, assure all citizens equal access to justice, foster high standards of ethical conduct for lawyers, enable its members to better serve their clients and the public, educate the public about the rule of law, and promote diversity in the administration of justice and the practice of law."

11. **Ascension** is a non-profit, Catholic-based hospital management system which owns and operates hundreds of hospitals in the United States, including Seton Ascension and Dell Children's in Austin, TX; and St Johns Ascension in Tulsa, OK, where I currently reside. Ascension website states "Ascension is a

faith-based healthcare organization dedicated to transformation through innovation across the continuum of care. As one of the leading non-profit and Catholic health systems in the U.S., Ascension is committed to delivering compassionate, personalized care to all, with special attention to persons living in poverty and those most vulnerable. In FY2019, Ascension provided $2 billion in care of persons living in poverty and other community benefit programs. Ascension includes approximately 150,000 associates and 40,000 aligned providers. The national health system operates more than 2,600 sites of care – including 150 hospitals and more than 50 senior living facilities – in 20 states and the District of Columbia, while providing a variety of services including clinical and network services, venture capital investing, investment management, biomedical engineering, facilities management, risk management, and contracting through Ascension's own group purchasing organization."

Ascension's Chief Operating Officer Anthony Tersigni was making $15 million per year until his retirement in 2019.

12. **Seton Ascension** is located in Austin, TX and is a non-profit, Catholic based healthcare system owning several hospitals and clinics in the Austin and Central Texas area, and is owned by Ascension in Missouri. Formerly Seton Family of Hospitals. Seton filed for bankruptcy in 2014.

13. **Christopher Born, CEO** came from Houston TX in October 2017 to become Chief Operating Officer of Dell Children's Hospital. Citizenship unknown.

9

14. **Deb Brown, Vice President and Chief Operating Officer/Chief Nursing Officer of Dell Children's** worked in Dallas TX and Phoenix AZ prior to moving to Austin in 2009. Citizenship unknown.

15. **Brittany Garrett, RN recruiter Dell Children's.** Recruits for RN positions at Dell Children's Hospital. She has worked in other positions within the Seton Ascension system. Citizenship unknown.

16. **University of Texas at Austin** is a publicly funded university located in Austin TX. From their website:

**State Endowment-12%**

In 1839, when Texas was still a republic, its congress set aside 221,400 acres to fund higher education. In the state's constitution of 1876, this land allocation was increased and dedicated to The University of Texas. Today this land encompasses 2.1 million acres of West Texas. This land is then leased to oil and gas companies, cattle ranchers and wind farms to generate income. A portion of this income is ultimately distributed to the UT System and the A&M System, 2/3 and 1/3 respectively, including for the support and maintenance of UT Austin. The exact amount that can be distributed — known as the Available University Fund — is set by the UT System Board of Regents.

**1% - County Support**

Property owners of Travis County also contribute to the university in the form of property tax to support the creation of the Dell Medical School. This tax of $0.129 per $100 valuation, approved by voters in a 2012 referendum, currently generates $35 million a year. This funding goes through the county's hospital district, Central Health. The medical school is also funded by the state, as described above, and by philanthropy.

17. **Dell Medical School** is a branch of the University of Texas at Austin, is a publicly funded medical school, and has clinical sites at Seton Ascension including Dell Children's, with residency programs and medical student rotations. They award a "Doctor of Medicine" degree, and several graduate degrees.

18.  **Sablatura and Williams, PLLC** is a law office in Round Rock, TX and Austin Texas.

19. **Russ Sablatura is an attorney** at Sablatura and Williams, PLLC who was hired by my mother to represent me in a criminal matter in Travis County TX. He was recommended by the **Lawyer Referral Service of Central Texas.** He is a University of Texas at Austin graduate with a business degree, and a St Mary's law school graduate. He claims to have 20 years of experience practicing law, and purports to be a "proud Longhorn supporter" per his website.  Citizenship unknown.

20. **Jackson Lewis PC** is a law firm that employs over 950 attorneys in many states of the US and Puerto Rico.

21. **Robert Fischer** is a Principal attorney and office litigation manager of the Jackson Lewis Austin office. He graduated from the University of Texas Law school, has been practicing since 1984, and the Texas State Bar website states his primary practice location is Connecticut. He represents management in unfair competition and non - compete agreements, and belongs to the "Director's Circle" of the non-profit group Zach Theatre, which requires donations of at least $6,000; and serves on the Board of Trustees at the theatre, which is housed in a City of Austin owned building. Citizenship unknown.

22. **Julie Tower** is an associate attorney in the Jackson Lewis Austin office, and she solely represents management in employment matters. She attended New York University as an undergraduate, which is a private university in New York City; and then attended law school at Cornell University which is a private university located in Ithaca, New York. Citizenship unknown.

23. **Carolyn Cummings** is, per Julie Tower in May 2017, a former Dell Children's RN recruiter who worked at Seton for a number of years. Citizenship unknown.

## Background

I, **Amanda Phillips**, am a Registered Nurse (RN) with an RN license in Texas. From September 2011 to May 2012, I was employed at Seton Family of Hospitals as a Clinical

Assistant (CA). I graduated from Austin Community College (ACC) with an associates

degree in nursing (ADN) in May 2012, and obtained licensure in June 2012. During the

Spring 2012, I applied for Seton's RN Versant Residency program for new graduate

nurses, for several positions as a new graduate RN. I was not selected for any of these

positions despite having work experience at Seton as a CA, work experience in an

emergency department as a Patient Care Technician, a completed Emergency Medical

Technician Basic course, a completed phlebotomy certificate from ACC, a Bachelor's

Degree in Biology, and a soon to be completed ADN degree. In April 2012, a Seton RN

recruiter named Chris Lacey told our nursing school class that Seton would not be hiring

associate degree nurses or any nurses graduating from ACC. He stated that bachelors

degrees in nursing were preferred, and anyone who did happen to get hired as an RN

from ACC would have to obtain special permission from the Chief Nursing Officer of

the hospital they were hired at, and sign a contract stating a Bachelors of Science degree

in nursing would be completed within 2 years of the date of hire.

In March or April 2012, I attended a job fair held at Dell Children's Hospital in which I

turned in my resume to Carolyn Cummings, the RN recruiter at that time for Dell.

Carolyn and several RN managers were at the Dell Children's table. I told Carolyn I

wanted to work in the Pediatric Intensive Care Unit (PICU), but that I would be willing to

take any RN position to get my foot in the door. Carolyn took my resume, looked it over,

and said "Why do you want to work at Dell?" I also gave my resume to RN managers at

13

Brackenridge hospital for adult Intensive Care Unit (ICU), adult intermediate care unit (IMC) and cardiac units.

At this job fair were hundreds of newly graduated nurses, including nurses from out of town and out of the state of Texas seeking employment. One of the recruiters for Seton stated "we have over 1500 nurses applying for 75 new graduate positions." I sat next to a new graduate nurse who stated she was from Houston and hoping to relocate to Austin. I was not selected for any of the positions, and did not obtain any interviews. I obtained nursing employment elsewhere.

In March 2013, I attended a second job fair at Seton, and turned in my resume again to Dell children's, and other RN managers at Seton including Brackenridge and Seton Main. Again, there were hundreds of nurses there including from out of state seeking employment. I was not offered any interviews or selected for employment. As I walked to the parking garage, I encountered a woman who stated she was an RN from New York hoping to relocate to Texas because the RN market in the Northeast was saturated, to include New York State and Boston.

In October 2013, I had a telephone conversation with Melissa Lane, an RN with a bachelors from Baylor University, who graduated a semester ahead of me from ACC. She was working a full time day shift position in the IMC at Seton Main, and stated that there was no one over 30 in her department, and everyone was really young. I emailed her my

14

resume, and she stated she would give my resume to her manager. When I followed up with her, she stated she had given the resume to her manager, and the manager said to follow up with the RN recruiter for Seton Main. I did call the RN recruiter for Seton Main, Michelle Rodriguez, who stated they did not have any open RN positions in the IMC at this time.

In October 2013, I applied for and interviewed for a full time RN position in the ICU at Seton Main. I was not selected for this position. I also applied for other positions at Seton including Dell childrens, and Seton Williamson in the ICU, and did not hear back from them.

In November 2013, I was hired at Seton Northwest Hospital in a full time RN on the night shift. After I was hired, I attended a nursing orientation session that was about a week long and included a clinical simulation training session. During orientation, introductions were made and people were asked where they came from. Only 3 of us were from Austin, the rest were from other states and many from other countries including Saudi Arabia and Philippines. One of the nurses who stated she was hired into the ICU as a full time RN at Seton Main was from Iowa and her husband is a pastor, and they had just relocated to Austin for his job.

During my employment at Seton Northwest as an RN on night shift, I was forced to work, on 2 different occasions, 6 twelve-hour shifts in a row with no overtime and

without my prior knowledge or consent, placed on call with no pay; forced to switch up patients mid shift with nurses who had been placed on call; given unsafe staffing assignments of 6 patients when the national safety standard is 4; exposed to tuberculosis (TB) and had to undergo testing; received an email from Seton in my personal email with the Patient's Name in the subject line and was instructed to delete the email after reading it; and witnessed a patient's trauma after a male janitor exposed himself to her in her room. I reported staffing safety issues to my RN Clinical Manager, Lauren Wood, and she stated "We don't staff based on acuity here. it's all based on numbers". "We expect nurses to be able to accommodate our schedule and that's just the way it is here". The staffing assignments and scheduling continued as it was up until my last day working there.

The Seton employee manual states that employees may transfer to a different department within 6 months of employment if they have no disciplinary actions. I had no disciplinary actions. I emailed and called Carolyn Cummings to discuss my wanting to transfer to Dell Childrens and preferring to work PICU or PIMC, and she stated they had no openings for those positions at that time. She stated they had a night shift position on the surgical care floor, so I then applied for and interviewed at Dell Children's for a night shift RN position on the surgical floor. I first interviewed in person with Carolyn Cummings, and then with Yvonne Beltran and the RN educator of the unit. After the interview, Carolyn stated they were offering the position and the date I started working at

16

Dell would depend on how the manager to manager conversation went, and what the managers decided was an appropriate date to transfer.

Several weeks went by, in which Lauren went on vacation, and I continued to be placed on call with no pay for several shifts, turning 12 hour shifts into 8 hour shifts and causing me to lose hours and therefore pay. Lauren returned from vacation, and the manager to manager conversation was apparently held. I spoke to Carolyn who said she was ready to schedule for me to attend the Dell orientation in June 2014, and the echarting training. I spoke with Lauren to ask if she had done the manager to manager transfer with Yvonne Beltran, and she began yelling at me and said "We are short staffed on this unit, you can't just transfer when you want to, just because you want to go work at Dell", "that's not how we do it at Seton", "if you don't really want a job, you shouldn't take it". Lauren then instructed me to contact the managers at Dell to get their decision on my transfer.

After this conversation, I contacted Carolyn via phone to see what the update was regarding the transfer. She stated she did not know what the decision was, but she had spoken with Yvonne and there had been some "phone tag" between the managers, and that she had finally spoken with Lauren, and Lauren said they were having low staffing issues on our unit, and that I had no practice issues. Carolyn told me to follow up with her at a later date. Lauren later approached me at work, and stated she had other nurses wanting to transfer and said that she had already placed my position up on the work site for others to apply to, and that she was planning on me transfering to Dell.

17

I emailed Carolyn a few days later  to see what the decision was, as I did not have contact info for Yvonne Beltran or the RN educator at that time. I received a follow up email from Yvonne Beltran stating they would not be able to transfer me at that time. I emailed Lauren my 2 week notice to terminate my position,  and I scheduled an interview with the HR representative of Seton Northwest. When we met in her office, I informed her of all the statements I had received from Yvonne, Carolyn, and Lauren, and the issues on my floor. which I had reported to Lauren. She stated that there was nothing she could do about it, and that it was all Lauren's decision, and managers can make decisions to deny transfers based on the staffing needs of the unit.

I scheduled a phone interview with the Chief Nursing Officer of Seton Northwest, in which I reported what happened regarding my transfer to Dell. and he stated that if I had not put in my two weeks notice, they would go ahead and push the transfer through. that I would be able to reapply for other positions once leaving Seton, and that I would be surprised at who works at Seton with different kinds of records. and they have nurses working there that have killed patients and still work as a nurse.

My last day at Seton was around June 24,  2014. After this. I applied for several RN positions including IMC Seton Main, some at Dell Children's and several at Brackenridge. I also contacted the RN recruiters by phone and email during this time. I interviewed for an RN position at Seton IMC with the RN manager and the RN educator.

18

The RN educator stated that managers all look out for each other at Seton, and they won't let someone transfer just because they want to. He stated they had several nurses who had completed masters degrees as Nurse Practitioners (NP), and were only working there until they could find jobs as Nurse Practitioners. He stated that the kind of nurse we want is someone who wants to get educated and move on out of here. The RN manager stated she had 5 positions to fill for full time RNs.

I did not get this position, and continued to apply for positions all throughout Seton, including emailing and calling recruiters with no call backs. Most of the time, recruiters do not return phone calls or emails.

In October 2016, I filed a complaint with the Texas Board of Nursing in part due to Seton's failure to hire me back.

In December 2016, I filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) based on retaliation and sexual discrimination for failure to hire back. I cross-filed this complaint with the Texas Workforce Commission. EEOC offered to mediate the claim, which I agreed to do, and Seton Family of Hospitals (Seton) declined mediation. I received a "right to sue" letter from EEOC, and filed a lawsuit against Seton in Travis County Civil court for retaliation in February 2017. I filed as an unrepresented "pro-se" litigant, with a pauper's affidavit due to being an unemployed single woman with federal student loans and monthly rent.

Seton hired the Jackson Lewis Law firm as their counsel, with A. Robert Fischer and Julie Tower as the attorneys representing them in the case. They moved the case from Travis County court to the Western District of Texas US court, paying the $400.00 filing fee to do so.

The main request I had for this complaint was a full- time day shift job at Seton Dell Children's Hospital in the Pediatric Intensive Care Unit (PICU).

After the case was moved, the case proceeded for several months with me being an unemployed nurse for the whole duration. In November 2017, I agreed to close the case in the hopes the attorneys would be more willing to negotiate a job at Seton. This did not happen, so I requested to re-file and appeal the case, and this was denied.

After several more months, I was arrested August 3, 2018 by US Marshals at Riverparks in Tulsa, OK; charged with making a felony "terroristic threat with intent to influence the government". The arrest warrant came from Travis County, TX. I was placed on a federal hold at the Tulsa County jail for one week, then taken by Texas Prison Transport systems on a 26 hour ride from Tulsa, OK to Austin, TX, where I was in shackles the entire duration of the trip, at my wrists and ankles. I was offered fast food to eat by the drivers of the transport van, which I do not normally eat; and was placed in danger by the

drivers speeding up to 95-100 mph in the rain, texting while driving. and the drivers clearly not having enough sleep to drive safely.

Several hours into the trip, we were taken to Huntsville prison, where one of the drivers left me alone with 2 male passengers in the van, including one that was a convict being dropped off at the prison. One of the guards took out a large rifle and held it up into the air.

After 26 hours of traveling in shackles on this van, we arrived at Travis County jail, where I was housed for 24 hours and then taken to Del Valle, where I remained for about 12 hours until my family was able to post bond and hire a private attorney, Russ Sablatura. I then went to Brookhaven mental health hospital in Tulsa, OK for inpatient treatment for 2 weeks.

At Brookhaven mental health hospital, blood lab work was drawn, and I was shown to have low potassium. Low potassium results from inadequate diet. During the weeklong stay at the Tulsa County jail, and in the jail for one day at Travis County jail, nutrition was inadequate and consisted of bologna sandwiches and hot dogs. The prison transport ride offered fast food, which as a health conscious person I do not eat. Psychiatric evaluations were completed, and I was diagnosed with major depression, insomnia, anxiety, panic disorder resolved, and rule out post traumatic stress disorder.

21

2 of the conditions of my bond were to have no contact and to stay away from witness Julie Tower and Jackson Lewis attorneys, and to have no contact and to stay away from witness Amanda Thompson. the Canadian immigrant RN manager of the PICU at Dell Children's Hospital.

My criminal case lasted for 16 months. On the news, in other media sources, and via political social media posts, the Travis County District Attorney's office states they aim to have most cases dismissed or otherwise resolved within 6 months. The mental health court portion of my case lasted for 7 months. and my case was dismissed on December 17, 2019. Most mental health cases take 6 months to resolve. I applied for mental health court in November 2018, and my application was not accepted into the program until May 2019, at the discretion of Gustavo Garcia, JR, the Travis County prosecutor assigned to my case.

One of the conditions of mental health court is ongoing psychiatry as an outpatient. with counseling and any other needed therapies. I do not have health insurance, so my costs were paid for out of pocket by myself through assistance from family, and from a charity in Tulsa Ok. I have been to outpatient psychiatry once a month from September 2018 to January 2020, which has been reduced down to every 3 months now. I have been to weekly therapy from September 2018 to December 2018; and then from August 2019 to February 2020; completing a Dialectical Behavioral Skills (DBT) therapy program including group therapy. This all comes at a substantial cost as individual therapy

22

sessions are $150.00, group sessions are $50.00, both occurring weekly for 6 months. Monthly psychiatry sessions were $60.00 at Brookhaven from September 2018 to May 2019; followed by no cost to me at charity Family and Children's Services from May 2019 to present. Medications cost $30.00 to $40.00 about; but now come at no cost to me and are paid for by Family and Children's Services.

I incurred significant travel expenses as a result of going to court, including mental health court. Travelling by car takes about 2 days, with a stay at a hotel overnight and having to pay for parking. Travelling by plane still takes 2 days, with airline fares ranging from $300.00 to $400.00 round trip. Hotel stays cost $90.00-$140.00. Parking at the courthouse costs $15.00 to $21.00.

My attorney Russ Sablatura stated he went to Jackson Lewis law office and spoke with Julie Tower and A. Robert Fischer in August 2018. He informed me of this over the phone and with my inpatient therapist Kari present and listening. I did not have previous knowledge of this, nor did I give him my permission as his client to do this.

At no time during the 16 months I was represented by Mr. Sablatura did the Jackson Lewis attorneys reach out to him to negotiate a job.

In July 2019, I filed a complaint with the Department of Education Office of Civil Rights against University of Texas Austin and Dell Medical School. I received a notice from this

agency in August 2019 offering mediation with the school. I reported this mediation request to my attorney Russ Sablatura, and told him I wanted to try the mediation. Russ Sablatura informed me not to be filing any more complaints or to speak to any other offices but his, and then told me on more than one occasion he would take care of this mediation. He did not take care of the mediation, knowing I was depending on him doing so, and the mediation was dismissed as a result of his failure to communicate with the Office of Civil Rights.

The felony criminal charge in Travis County TX was dismissed "in the interest of justice" on December 17, 2019.

I filed a complaint with the Texas State Bar against Russ Sablatura in December 2019 for missing the important deadline of mediation with the Office of Civil Rights for admission into Dell Medical School at University of Texas Austin, and this complaint was dismissed weeks later as an "inquiry."

I filed a second complaint with Equal Employment Opportunity Commission (EEOC) in January 2020.

I next sent a letter in January 2020 to Christopher Born, CEO Dell Childrens; Deb Brown, former Chief Nurse Officer Dell Childrens; and Brittany Garrett, RN recruiter Dell childrens to request settlement in the form of a full time job offer in the PICU as an

24

RN, including salary and benefit specifications; and a settlement amount to cover the harm I have endured due to long term unemployment and emotional distress. I received a response letter from attorney Michael DePonte of Jackson Lewis Dallas, declining my request for settlement.

I filed a formal charge with the EEOC on Feb 26, 2020, for retaliation, Disability, criminal charge, age, national origin, and sex.

## Stating Claims

## Civil Rights Act of 1964 violations:

**Retaliation:** I. Plaintiff Amanda Phillips, engaged in protected activity by participating in a deposition for an employment complaint with Austin Diagnostic Clinic in May 2014, which I told Courtney Williamson, RN and Fred (last name unknown). RN about; and whom both were Registered Nurses at Seton Northwest where I worked; reporting unsafe staffing assignments in June 2014 to my manager Lauren Wood. RN; being a witness to a patients' emotional distress around April or May 2014 due to a male janitor exposing himself to her in her room; being exposed to tuberculosis in April or May 2014; reporting issues with patient safety and staffing issues and the denial of my transfer to Dell Children's to Shauna Vogt. Human Resources representative at Seton Northwest hospital in June 2014; reported issues with the Dell Children's job transfer to the Seton Northwest Chief Nursing Officer in June 2014; reporting patient safety issues at Seton

25

Northwest to the Texas Board of Nursing in October 2016; filing an EEOC charge for retaliation and sexual discrimination in February 2017 which was crossfiled with the Texas Workforce Commission; filed a lawsuit in 419th Judicial District of Travis County Texas (Case No.: D-1-GN-17-000717); case was transferred to Western District of Texas Austin Division (CIVIL ACTION NO. 1:17-cv-00477-RP), and then dismissed with prejudice in November 2017 in violation of Fed. Rule Civil Procedure Rule 41(a)(1)(B)(2)(2). I filed a Texas State Bar complaint against Jackson Lewis attorneys Robert Fischer and Julie Tower in May 2018; reported to US Immigration and Customs Enforcement and the Texas Board of Nursing Seton's abuse of the immigration system in hiring Amanda Thompson, RN, as a Clinical Manager in the PICU at Dell Children's when there are local nurses like myself who wanted the job; or the ability to work my way into the job by first working as a staff RN in the PICU at Dell Children's. I reported Seton's charity fraud to the Federal Bureau of Investigation (FBI) and the Texas Attorney General in July 2018 and July 2019. I filed a second EEOC inquiry in December 2019; sent a demand letter in January 2020 to Christopher Born, Deb Brown. and Brittany Garrett. I have experienced continued refusal to hire at Seton Ascension and Dell Children's Medical Center of Central Texas first by having my transfer to Dell Children's denied by my manager Lauren Wood at Seton Northwest hospital in June 2014; and then continued thereafter to this day by no hires at all.

**Sexual Discrimination:** Seton Ascension discriminated against me by hiring homosexual men into their PICU at Dell Children's, (which I, Plaintiff Amanda Phillips, have take no

personal issue with, just note the hypocrisy) while claiming to be a Catholic non-profit organization who can't pay for women's birth control due to their Catholic stance on birth control and abortion. Seton refuses to hire nurses who have worked at Planned Parenthood, and I was hired at Planned Parenthood in August 2010 and declined the job so I could begin nursing school at Austin Community College and become an RN to work at Seton Dell Children's.

**Age Discrimination:** I have been discriminated against by Seton Ascension based on age since I am 40 years old, and Seton is aware of my age. Seton prefers hiring younger new graduate nurses on its nursing units, and this leaves older nurses like me out of consideration for a job. I have not been rehired for a job at Seton since 2014, and have not been hired at Dell Childrens, ever. My last few job applications in January and February 2020 for RN PICU positions have had no response to date.

**National Origin:** I have been discriminated against because of national origin, because I am an American citizen, and Seton prefers to hire immigrant nurses on its nursing units, in particular the PICU at Dell Children's, where Amanda Thompson, an RN from Montreal, Canada was hired to be a Clinical Manager. Amanda is married to a German immigrant who is a former Ascension employee from the IT department, and was given a desirable position of day shift Clinical Manager PICU RN despite only having a Bachelors in Nursing degree when a Masters in Nursing degree is required for being a Clinical Manager, especially in light of the "Magnet" status Seton uses to advertise itself

27

to patients and in recruiting for nurses. In fact, this "Magnet" designation is the basis for Seton's reasoning for not hiring Austin Community College nurses. I have continuously not been rehired at Seton Ascension since 2014, and have never been offered a position at Dell Children's despite numerous applications there.

**Criminal Background:** I have been discriminated against by Seton Ascension due to my arrest record of "Felony Terroristic Threat with Intent to Influence the Government". The irony in this is defendant assisted in bringing the charges with their counsel. Jackson Lewis PC. They did so to gain an advantage in this matter.

**Family Status:** I have been discriminated against by Seton Ascension due to being denied an internal transfer to a more desirable position at Dell Childrens. and ongoing refusal to hire due to the fact Seton Ascension and Dell Childrens prefers to hire women who are married to men who work at tech firms.

## Americans With Disabilities Act Violations:

I have been discriminated against by Seton Ascension for having a mental health disability, in the form of insomnia, depression, anxiety, post traumatic stress disorder; and a physical health disorder of interstitial cystitis. I have applied for numerous positions at Seton Ascension and not been hired back since 2014.

28

**Fraudulent Misrepresentation:** Under Texas law, to establish a common law fraud. a plaintiff must prove (1) the defendant made a material

representation, (2) which was false. (3) which was either known to be false when made or which

was recklessly made as a positive assertion without knowledge of its truth. (4) which the speaker made with intent that it be acted upon, and (5) the other party took action in reliance

upon the misrepresentation, and (6) thereby suffered injury.

**First Count of Fraudulent Misrepresentation:**

1. Defendant Seton Ascension made and continues to make material representations there is a local nursing shortage by making statements on their website and on their social media pages there is a shortage of registered  nurses and a high demand for registered nurses. Seton Ascension places ads in local newspapers and in national nursing journals recruiting for registered nursing positions and offering relocation assistance and sign on bonuses, which gives the impression there is a local shortage of registered nurses. Seton allows Austin Community College nursing students, and other area nursing school students to complete clinical course requirements at their hospitals, including Dell Children's. I did my own clinicals mostly at Seton hospitals, including Dell Children's. This led me to believe I would have a good chance of getting hired at Dell Children's since I was

allowed to do clinicals there. Additionally, Seton has a question on its job application asking "have you done clinicals at Seton facilities or its affiliates?" Reading this on the job application further led me to believe Seton prefers to hire local nursing school graduates who have completed clinicals at their facilities. Seton has donated money to local colleges and nursing scholarship programs with the purpose of alleviating a local nursing shortage. Seton has donated money to Austin Community College, to Capital Idea scholarship, and to other local nursing colleges including Texas A&M Round Rock which was being built around 2009-2010 when I first began nursing school at the ACC Round Rock Campus. Joe Canales is a Seton Ascension representative and sits on the Board of Trustees of Capital Idea, which is a local scholarship program providing tuition assistance to low income residents of the Central Texas area wishing to train in areas of shortage such as registered nursing.

Seton hires many immigrant nurses, out of state nurses including out of state nurses into its RN residency training program for new graduate nurses. In Spring 2012, when I was about to graduate from ACC nursing school and was completing my 4th semester clinicals at Brackenridge Seton hospital, I met a Seton RN Versant resident working in the Brackenridge ICU who stated she was from Chicago, Illinois. By attempting to recruit nurses from other states and countries, and actually hiring nurses from other states and countries, this gave me the impression there was a nursing shortage in Austin, TX and Seton would have a great need for a locally graduated nurse.

30

2. The material representations Seton Ascension makes directly and to allude to a nursing shortage and high demand for registered nurses is false. Upon doing the math, when I counted all the local nursing schools in Austin and Round Rock alone, **EXCLUDING** other nursing schools closeby in the central Texas region with smaller hospital systems and less job opportunity than Austin, there are more RN nurses graduating each year than available jobs. Statements from representatives at both Austin area hospitals Seton and St. Davids have been "more than 1500 new graduates apply for our new graduate nursing positions", "more than 500 nurses apply for each nursing job". The new graduate nurses that graduate in increasing numbers in the Austin area each year have been piling up for years, with around 600 new graduates graduating locally, and each hospital system (St Davids and Seton) offering 50-75 new graduate nurse positions per year. My personal experience has been that I have applied for hundreds of nursing jobs in the Austin area over the years, and more often than not, don't hear back. I have applied at Seton dozens of times over the years and have had 3 interviews, only one of which resulted in a hire and it was not in my preferred specialty. In Spring 2012, I attended a job fair at Seton in which there were hundreds of new graduate nurses applying for jobs, some of whom came from Houston, Dallas, and even out of state to apply for jobs at Seton. At this particular job fair, a representative from Seton stood up in front of the group and announced Seton had over 1500 new nurses applying for about 75 new graduate spots, and only one spot would go to a Pediatric Intensive Care Unit (PICU) RN at Dell Children's.

Since this time in Spring 2012, in subsequent years, Seton has continued donating clinical space and money to local nursing schools, continues to post on its website there is a local nursing shortage, continues to advertise and attempt to recruit nurses from around the country, and continues to hire immigrant nurses based on a shortage of nurses. Also in Spring 2012, when I was doing clinicals and also working as a Clinical Assistant in the ICU at Brackenridge hospital, in addition to meeting a new graduate nurse who stated she was from Illinois, I had a discussion with a charge nurse in the ICU about the new graduate hiring process at Seton. She stated "I don't know how they end up choosing new graduate nurses, there's so many of them and everyone is qualified."

Even in February 2015, when I was continuing to apply for jobs at Seton and Dell Children's to include not only applying but calling and emailing Carolyn Cummings, the RN recruiter for Dell Childrens at that time, she stated "I have so many new graduate nurse applications I don't know what to do with all of them." It will require some discovery and interrogatories to get more facts regarding the falsity of Seton's misrepresentations, since defendants have information in their exclusive possession.

3.   Seton knows its misrepresentations are false. As stated above, Seton representatives have boasted of their high application to job ratio for registered nursing positions, but continue to fund local nursing schools financially and provide clinical space in the attempt to give the impression of a nursing shortage; and to create an oversupply of nurses in which they benefit by being able to lower

wages and benefits, and control working conditions to the detriment of patients and nurses. The math of having 7 local nursing schools graduating 600 new nurses, **EXCLUDING** other central Texas nursing schools close by who also apply into the Seton and St Davids systems does not add up. New nursing schools have continued to open up over the years, and existing nursing schools have expanded their enrollments and graduation rates, all with the help of Seton. Seton knows how many nurses apply for jobs, email and call recruiters for jobs. This is information that will have to be requested on discovery and with interrogatories, since it is in the exclusive control of Seton.

4. Seton speaks and implies and otherwise makes material representations with the intent they be acted upon, to induce people to enroll and graduate from nursing schools so Seton has a higher number of applicants to choose from. By having an oversupply of nurses, Seton benefits by being able to offer lower wages and benefits to nurses more desperate to find work; and is able to instill fear in nurses who are hired because they know Seton has the power and control over their jobs and they are easily replaced. I enrolled in nursing school due to the job security and high demand and wages the job was alleged to have, and Seton advertises itself as being a great place to go for medical care, and work as a registered nurse, in particular due to its Magnet Status. I was forced to choose a less desirable position as being an RN on medical/surgical nights, instead of in the Pediatric or Adult ICU on the day shift, due to the scarcity of jobs in those specialties.

5. The action I took in reliance of this misrepresentation was I went to nursing school at ACC with the intent to live in Austin and work in the pediatric ICU at Dell Children's. I did so because I believed there was a shortage of nurses in Austin, based on statements I have heard in the media and by seeing all these new nursing schools open being funded in part by Seton. It is common local belief there is a nursing shortage.

6. I have suffered and continue to suffer injury in the form of financial and emotional harm. I have only been able to work as a night shift RN on the medical surgical unit at Seton Northwest Hospital, and have never been able to work as an RN in the pediatric intensive care unit, or any of the other ICUs at Seton. I have not worked at Seton since May 2014 and have had lease obligations in Austin from May 2014 to June 2014, and again in Georgetown from November 2016 to April 2018. I have been unable to live in Austin due to being priced out of the local housing market and having to live out of state in Tulsa, OK.

**Second Count of Fraudulent Misrepresentation:**

1. Defendant Austin Community College made and continues to make material representations by making statements on their website and to local media sources there is a nursing shortage and high demand for registered nurses. Beginning in 2008, Austin Community College began expanding its nursing programs and increasing enrollment and graduation rates of its students by building new nursing schools in Round Rock TX, and at Seton Brackenridge. ACC accepts funding from Capital Idea, a scholarship program designed to give tuition assistance to

34

local residents wishing to obtain degrees in high demand areas. ACC is partly funded by tuition which is paid for by private scholarships, students personal finances, state and federal financial aid some of which are student loans. ACC receives funding from local property taxes decided by voting referendums in the City of Austin and Travis County. Residents of the City of Austin and Travis County receive reduced tuition rates compared to non residents and out of state residents, based on these subsidies by local property taxation, with the idea being to supply local graduates including local nursing school graduates to area hospitals.

2. Nursing school faculty at ACC were made aware of Seton representative statements made in April 2012 stating Seton will not be hiring ACC graduates, except in limited circumstances and only with the prior written consent of the hiring manager, and with a contract stating a Bachelors in Nursing degree would be started within 2 years of the date of hire. Some of the ACC 4th semester nursing instructors stood in front of our class in April 2012 and stated "We are aware Seton said they are not hiring ACC graduates, and that is unfortunate, we have reported this to the Dean and the President's office to see if there is anything they can do". Despite these statements made in 2012 proving their awareness of Seton not hiring ACC graduates, ACC has continued to graduate around 240 new nursing graduates per year, has changed from being an "Associates in Nursing" program to a "Bachelor of Science" in Nursing, continues to post on its website

there is a local shortage of registered nurses, and continues to have clinical rotations at Seton facilities.

3. Austin Community College knew when I was in nursing school, and know now there is not a nursing shortage. In Spring 2011, my nursing instructor Arlene Detteman stated "if you want a specialty job, you may have to commute to Temple and work at Scott and White if you are willing to do so." It will require some discovery and interrogatories to prove this element, as Austin Community College has information in its exclusive possession.

4. Austin Community College made and continues to make material representations that it knows are false, with the intent of having more people enroll in its nursing programs. ACC makes money the more students it has enrolled. It is lucrative money to have many students enrolled to take prerequisites for nursing school, and then to enroll in nursing school itself. ACC gets additional money in the form of grants from local hospitals including Seton, and grants from local, state, and federal government to own and operate a nursing program.

5. I relied on the statements ACC has made to the media, as well as the actions of continuing to maintain a large nursing program graduating around 240 nursing students per year to my detriment. The statements and material representations of a high local demand of registered nurses, led me to enroll in the ACC nursing program with the belief that I would be hired at Seton due to its partnerships with the school, City of Austin, and Travis County. I believed ACC nursing graduates would have preferential hiring into the more desirable positions at Dell Children's

36

in the PICU, and at Seton adult ICU since they hire so many out of state transplants and immigrant nurses to work in those areas. I have never been hired to work at any of the ICUs at Seton, or any of the units at Dell Children's. I was unemployed in Austin since May 2014 and had to move out of town due to being priced out of the local housing market.

**Third Count of Fraudulent Misrepresentation:**

1. Defendant Texas Board of Nursing made and continues to make material representations there is a shortage of registered nurses and a high demand for registered nurses  in Austin, throughout the State of Texas, and nationwide. Statements on their website, on their social media websites, to the local media and to national and state-wide nursing associations are in direct reference to a nursing shortage and high demand for registered nurses. Representatives from the Texas Board of Nursing have appeared before the Texas State legislature requesting funding for more nursing schools to open, and stating there is a statewide nursing shortage so funding is needed for new nursing schools and to expand existing nursing schools.

   The Texas Board of Nursing is responsible for accrediting new nursing schools, and maintaining accreditation of existing nursing programs. Without the Texas Board of Nursing seal of approval, no nursing program in Texas would legally exist. This certainly includes ACC and all the new nursing programs I have seen being built in the Austin and Round Rock areas. I have researched other cities and

counties in Texas, and there are nursing schools even in the most rural areas of Texas.

The Texas Board of Nursing is also responsible for licensing and maintaining licensure of Registered Nurses in the State of Texas. The Board allows immigrant and out of state nurses to get licensure in Texas, and representatives from the Texas Board of Nursing have stated in media sources they have implemented systems to expedite out of state transfer licenses in order to alleviate statewide nursing shortages, and in particular temporary licenses in times of disaster.

2. The statements and material representations the Texas Board of Nursing makes in regards to a purported nursing shortage are false. The math does not add up when the Texas Board of Nursing states on the one hand there is a dire shortage and high demand for registered nurses, and then states on a different part of their website there are over 300,000 registered nurses in the state of Texas, with more than 200 statewide nursing programs, and 27,000 new licensees each year. With particularity are the Austin TX based programs the Board accredits to exist, including newer programs such as Texas Tech opening Fall 2006; and Texas State and Texas A&M opening in August 2010. It will require some discovery and interrogatories to prove this element, since defendant has information in its exclusive possession not available to plaintiff.

3. The Texas Board of Nursing knows there is not a shortage of nurses in Austin, TX. As above, this will require discovery and interrogatories to prove this element.

4. The Texas Board of nursing made and continues to make material representations there is a nursing shortage and high demand for registered nurses. In addition to stating there is a shortage on its website and social media pages, in local media sources and to national nursing organizations, the acts of accrediting and maintaining the accreditation of existing nursing schools gives the false appearance of a nursing shortage and high demand for registered nurses. I believed, and most people believed that surely the Board of Nursing would not seek to accredit so many new nursing schools, and allow accreditation to continue of existing programs were there not a legitimate nursing shortage or a high demand for registered nurses. Most people, myself included, have a general trust of government organizations and believe these entities act in our (the citizens) best interest and would not needlessly (in this instance with the board) create unnecessary programs for nursing were there not a legitimate need for so many nursing graduates every year.

5. I relied on the statements and material representations noted above made by the Texas Board of Nursing to my own detriment. As stated in the same element for the other defendants, I have not had a job in Austin since May 2014, have applied for hundreds of nursing positions all across Texas including Houston, San Antonio and Dallas, and have only had 2 times, one being a medical surgical night shift position in San Antonio TX. I have never been selected to work in an ICU, PICU, or NICU job position in any hospital in Texas, despite many applications

and recruiter contacts, and being more qualified than most due to my clinical assistant background and coursework in EMT basic.

**Fourth Count of Fraudulent Misrepresentation:**

1.  Defendant University of Texas at Austin/Dell Medical School made and continues to make material representations by posting on its website statements it is an inclusive university which evaluates applications in a holistic manner and does not set a minimum grade point average (GPA) or Medical College Admissions Test (MCAT) score for admissions. that it takes the entirety of the applicants history into account when evaluating for admission into the Doctor of Medicine (MD) program at Dell Medical School. The website also states they are working towards the trend of focusing less on individual prerequisite courses required before admission into the MD program, and more towards evaluating individual life circumstances and contributions to the community.

2.  The material representations made by UT Austin and Dell Med are false. After the statements noted above in #1, the website states "we expect our GPA and MCAT trends to mirror that of other top medical schools." They post demographics of their admitted classes in which it does mimic the traditional younger applicant with high GPAs and MCAT scores from elite universities. Dell Med even goes so far as to state in a boastful manner the Ivy League universities some of their matriculants have come from.

40

3. University of Texas and Dell Med know they are not honoring their own statements of being a more inclusive university, and know they are relying on traditional parameters for acceptance into the University of Texas undergraduate programs and the Dell Medical School. This will require some discovery due to the defendants having exclusive information in their possession.

4. University of Texas and Dell Medical school makes these statements of inclusivity and holistic applicant evaluation in order to induce a higher number of applicants to apply to their programs. This is lucrative business for them as they make a lot of money from the application fees. This also causes their schools to appear more competitive than they are, in having a higher number of applications to matriculants. Thus giving the false impression of a more competitive application environment, when in reality they are still relying on old methods to determine admittance, and the biggest majority of their applications are truly hopeless and have never stood a chance at acceptance.

5. I relied on these false statements by the University of Texas and Dell Medical School to my own detriment. I have applied to Dell Medical school twice, spending months preparing for the test and purchasing Kaplan review books for around $60.00, having to pay $330.00 to take the MCAT test, driving to Waco from Georgetown incurring the cost of gasoline at $30.00 to get to the testing center, paying the Dell Medical

41

School Application fee of $185.00 for 2 consecutive years, driving from Tulsa to Oklahoma City to get undergraduate transcripts and in one instance paying $8.00 for a transcript, and paying $75.00 to apply to the University of Texas at Austin in Spring 2019 in the hopes of finishing my prerequisite coursework there. I spent hours putting together the applications to both schools, including writing essays. I was ultimately denied admission by the University of Texas at Austin, and have not heard anything back from the Dell Medical School for either years' application, other than an agreement to mediate the Office of Civil Rights claim I filed in June 2019, which will be detailed below in elements of fraud against Russ Sablatura.

6. I was harmed by the fraudulent misrepresentation of University of Texas and Dell Medical School by getting my hopes up and suffering emotional distress as a result of not being accepted; spending money on applications, tests, and testing materials that I got no result from; and spending time writing essays, gathering transcripts, and putting together my application for admittance when I could have been doing something else more productive with my time.

## Fifth Count of Fraudulent Misrepresentation:

1. Defendants Russ Sablatura of the Sablatura Williams PLLC law office, made the false representation of stating he would handle the mediation request by the Office of Civil Rights with Dell Medical School and University of Texas at

Austin. He first told me not to speak to outside agencies or offices but his,

including threatening to prejudice my criminal case by no longer representing me

in the middle of it. After this threat, which ironically came after I contacted the

Texas State Bar by email for help with Attorney:Client relations. The Office of

Civil Rights send me an email and began leaving voicemail messages stating they

would like to schedule a mediation session over the phone with me and the Dell

Medical School/University of Texas Austin. I forwarded all of these emails and

voicemails to Russ Sablatura, and informed him I would very much like to

participate in the mediation, but had not contacted them back since he told me not

to talk to any other offices but his.  Russ stated that he would handle it and for me

not to worry about it; that he got it and he had called them and they transferred

him to someone else other than the person calling me on the phone. So I trusted

this, and the agency kept calling and emailing, and I kept forwarding these calls

and emails to Russ. I assumed he was taking care of it since he stated he was, and

gave no other indication he was not going to mediate this claim. I sent him a

second email confirmation I wanted to mediate the claim when I informed him I

began the process of renewing my Texas nursing license, and was trying to obtain

Oklahoma RN licensure, but only wanted to try and get a nursing job in the

meantime, and still wanted to pursue mediation into the Dell Medical School. He

gave no indication he was no longer going to mediate this claim, nor did he advise

me to mediate the claim on my own behalf. This went on for some weeks, and

then around the time the criminal case was dismissed, I got a dismissal letter from

the Office of Civil Rights. When Russ received by email the copy of the OCR dismissal letter, he replied with "good, one less thing for us to worry about." I emailed him back and asked why I had received a dismissal letter, and he responded with a lie stating "I thought we had decided you were going to move forward with your nursing career". Russ Sablatura falsely maintained he was my advocate, while placing his own financial interests and that of his daughters, ahead of my own interests as his client.

2. The material representations Russ Sablatura of the Sablatura Williams PLLC law office made were false. He had no intention of representing me in the matter, deliberately lied and told me he would take care of it with no intention of doing so. He did this knowing I would not and did not contact the OCR office for mediation, in an attempt to ruin my opportunity to mediate. He specifically stated do not contact anyone else after knowing I had filed the OCR complaint, threatened me with prejudice in my criminal case, told me he would take care of the mediation, and did not do so. Russ makes donations to the Longhorns with the intention that his 2 daughters attend the University of Texas at Austin, and does not want to advocate for me in a dispute with the university in case it impacts his daughters chances of admission to the university. Russ and his daughters likely are patients of Dell Childrens, or he wants them to be should the need arise so for similar reasons with the University of Texas, he does not want to appear as an adversary to Seton Ascension in case they drop him or his daughters as patients.

44

3. Russ Sablatura and Sablatura Williams PLLC knew the statements he was making in regards to helping me with the mediation request were false, and he did this deliberately to ruin my chances of attending the Dell Medical School.

4. Russ Sablatura made the statements that he would take care of the mediation with the intent that I not act on the mediation claim myself. He knew I would follow his command for not contacting the OCR office, and then he deliberately did not contact them after lying to me and saying he did contact them and would take care of it.

5. I suffered emotional harm at getting my hopes up in having my claim mediated and having a chance to attend Dell Medical School and become a doctor. I did not get my claim mediated, it currently sits on appeal with the OCR office with no guarantee it will be mediated again, and I may not have another chance at attending the Dell Medical School.

## Sixth Count of Fraudulent Misrepresentation:

1. Defendant Texas State Bar made and continues to make a material representation on its website that its mission is as follows: *The mission of the State Bar of Texas is to support the administration of the legal system, assure all citizens equal access to justice, foster high standards of ethical conduct for lawyers, enable its members to better serve their clients and the public, educate the public about the rule of law, and promote diversity in the administration of justice and the practice of law.* Their website also

displays resources for pro se filers, education about pro bono work for attorneys including a "Pro bono college", and a legal access division. This all gives the appearance to me, and led me to believe defendant cares about providing access to justice for all Texans, and they purport themselves to be an agency that has rules and that takes disciplinary action in order to protect the public from unnecessary harm from attorneys who violate those rules.

2. These material representations defendant Texas State Bar makes were and are false. The Texas State Bar does not provide legal advice to the public, has not provided any legal advice to me as a pro se litigant, the legal aid organization they promote on their website would not help me with my employment claims or the previous Seton lawsuit filing. Defendant declines to take disciplinary actions in even the most obvious and harmful rule violations, as they did with Julie Tower, Robert Ficher and Russ Sablatura when they dismissed my complaints as inquiries despite rule violations.

3. Defendant Texas State Bar knows the material representations it makes on its website are false. Defendant knows it does not really provide equal access to justice, defendant knows it did not take action on my disciplinary complaints, and therefore does not live up to its purpose of protecting me and other members of the public against the unethical practice of law. Texas Bar deliberately declines to take action on complaints to protect their

46

"club" of lawyers from any action, and basically gives lawyers in Texas a
license to be above the law and immunity from lawsuits or criminal
charges should anyone ever ask they be held accountable.

4.  Defendant Texas State Bar wrote that mission and has those items on its
    website indicating it is an agency that promotes diversity, promotes ethical
    and lawful practice of law, and takes disciplinary actions against unethical
    attorneys to give members of the public like me the false impression
    lawyers actually are held accountable for their actions, that lawyers are
    trustworthy members of society that are held to high standards of law and
    ethics. This hides what they are truly doing in their part of the protection
    racket they are involved in.

5.  I relied on these material representations to my own detriment. I thought
    lawyers would act ethically, they would uphold the law, and act honestly to
    clients and other members of the public. I thought the Texas State Bar
    would protect me from harm as a member of the public, as well as a client
    of a Texas licensed attorney by holding attorneys accountable for violating
    the rules. I was harmed by the Jackson Lewis PC attorneys Julie Tower and
    Robert Fischer for denying me a job to strong arm me in a civil matter,
    despite the fact their client Seton Ascension had clearly violated federal
    and state laws for retaliation and sexual discrimination. Russ Sablatura
    missed a deadline he knew was important to me that harmed my prospects

47

of obtaining admission into Dell Medical School at University of Texas

Austin, and placed his own financial interests above mine as his client.

**Abuse of Process:**   The elements for abuse of process are:  (1) the defendant misused a

regularly issued process—e.g., "the issuance of a citation or a writ"—for a purpose not

lawfully warranted by that particular process, (2) the defendant had an ulterior motive or

purpose for misusing the process, and (3) the plaintiff sustained damage from the

irregularity.

### First Count of Abuse of Process:

1. Defendant Detective Pearce, and the Austin Police Department of the City of Austin,

   abused the issuance of an arrest warrant and arrest affidavit for a purpose not lawfully

   warranted by this particular process by issuing an arrest warrant for me when I was in an

   out of state district, and defendants knew this and knew my out of state address;

   defendant Detective C. Pearce left out exculpatory evidence in the arrest affidavit.

   Detective C. Pearce stated in the arrest affidavit I was "wrongfully terminated". I had

   been "harassing Seton nurses", I engaged in a "campaign of harassment against Julie

   Tower, when the specific elements of harassment as described by Texas Penal Code were

   not met for this allegation. Detective Pearce stated in the arrest affidavit "I have 19 years

   of experience in the Austin Police Department, and I believe this attack to be imminent",

   despite knowing I was in Tulsa, OK; stated Jackson Lewis PC attorneys "hired off duty

   Austin police officers to protect the building in case of an attack", in violation of Texas

48

Penal Code 36.02. Julie Tower, Robert Fischer, and others at the Jackson Lewis PC law office were not and have not been arrested to date for violating this statue of bribery. The purpose of placing these allegations in the arrest affidavit, and omitting exculpatory evidence from the affidavit, was to make the charges stick, make the situation appear worse than it was, which matters in regards to the Texas and Oklahoma Boards of Nursing since both agencies require a copy of the arrest affidavit and use it to determine if a license will be issued or renewed, and if any sanctions will apply to the license.

2. The defendants Detective C. Pearce and Austin Police Department of the City of Austin had an ulterior motive for misusing the process of initiating an arrest and formulating an arrest affidavit in order to cover up Defendants' own wrongdoing and complicity in perpetuating the ongoing fraud Jackson Lewis client Seton is engaging in by not hiring Austin Community College nurses, by lying about a local nursing shortage and contributing to an excess of a local supply of nurses; by being paid off in the form of bribery by Jackson Lewis PC hiring off duty police officers; and by the City of Austin awarding a legal contract to Jackson Lewis Principal Partner Maggie Murphy in February 2018. Defendants wanted to hush me, Plaintiff Amanda Phillips, since I had been complaining via email to Austin mayor Steve Adler, ACC president Dr. Rhodes, Austin City Council, and local news media about the excess supply of nurses continuing to graduate each year in Austin, TX; and Seton's ongoing efforts to make up a nursing shortage by hiring out of state and immigrant nurses instead of local nurses. Defendants knew a lawsuit was going to be filed again against Seton, and knew City of Austin and

Austin Community College would be added as defendants due to their involvement in the fraud.

3. I, Plaintiff Amanda Phillips, sustained damage due to the abuse of process by having my refiling of the Seton lawsuit delayed by nearly 2 years, by having a still unresolved claim against Seton and new defendants added, by remaining unemployed as a nurse, unemployed in general, and a long waiting period of 2 months after my charge was dismissed before being awarded an Oklahoma nursing license on February 25, 2020, by suffering harm in my reputation due to the arrest affidavit and the inaccurate statements it contained.

**Second Count of Abuse of Process:**

1. Defendants Gustavo Garcia, JR of the Travis County District Attorney's Office, Travis County District Attorney's Office of Travis County, and Travis County abused process of the charge of "Third Degree Felony With Intention to Influence the Government" by delaying my indictment proceedings until November 2018 when I was arrested August 3, 2018; by delaying the acceptance of my mental health court application until May 2019 when the application was turned into the District Attorney's office in November 2018; and by failing to give me credit for 9 days in jail, 26 hours on an extradition van, 14 days in a psychiatric hospital, 9 months of monthly outpatient psychiatry from September 2018 to May 2019 which continued monthly until December 2019 throughout the duration of mental health court; and 8 weeks of outpatient therapy at

that time, not including the weekly individual and group sessions for the DBT program I began in August 2019 and completed February 2019.  Defendants knew I was not a threat to Julie Tower, Amanda Thompson, or anyone in the public, knew I was in an out of state jurisdiction when I was arrested and throughout the duration of the criminal case, knew of my intention to refile the Seton lawsuit and add defendants, including themselves for assisting in perpetuating their financial partner Ascension Seton in their fraudulent schemes, and knew they were liable for the low potassium with subsequent lack of medical care, and the emotional harm I experienced on the 26 hour extradition ride. Defendants knew that time and money are on their side, and by draining me of resources by incurring travel expenses and weekly counseling sessions would place me at an even greater disadvantage than I already was as a pro se litigant and would make it likely that over time, something may happen to where I would run out of money, not be able to make it to court or meet another requirement of mental health court, and more charges would be assured. Defendants know and knew I cannot get a job as a nurse with a pending charge, and have appeared in the news media offering a free "expunction expo" to help get people back on track since having an arrest record can keep you from getting jobs and housing.

2.       Defendants Gustavo Garcia JR, Travis County District Attorney's Office, and Travis County had an ulterior motive in prolonging my criminal proceedings, and that was to gain an advantage in this civil lawsuit  they knew was coming as a result of the 26 hour van ride, and my awareness of their complicity in the fraud of the fake nursing shortage in Austin and Travis County. Defendants were hoping to get a conviction rather

than to seek justice, helping themselves in a separate civil matter, as well as extending

that help to their friends and associates at Seton Ascension and Jackson Lewis PC.

3.      I, Plaintiff Amanda Phillips, sustained damage from this abuse of process similar

to the damage stated in the third element for defendants C Pearce, Austin Police, and City

of Austin. My case was prolonged, the filing of this lawsuit was delayed, and there is no

resolution to the initial Seton filing. I remained unemployed throughout the duration of

the criminal proceedings. It cost about $2500.00 in travel expenses to get to Austin, TX

from Tulsa, OK for court hearings, including mental health court, about $10,000.00 for 2

weeks in a psychiatric hospital, about $800.00 for 9 months of outpatient psychiatry and

medications until I went to a nonprofit charity program that pays for the psychiatric

visits and medications; $500.00 in outpatient therapy in Fall/Winter 2018, and then about

$4300.00 for a 6 month DBT program beginning in August 2019 and ending February

2019. My Oklahoma RN license application was turned in October 2019 and was

delayed due to additional processing time secondary to this criminal case, and was just

issued February 25, 2020. I have lost faith in the criminal justice system and the legal

system overall due to both civil and criminal cases I have personally experienced.


**Third Count of Abuse of Process:**


1.   Defendant Jackson Lewis PC, Julie Tower and Robert Fischer abused process of the

felony I was charged with by bribing Austin police officers and paying them to guard

their building in case of an attack in violation of Texas Penal Code 36.02. Julie Tower

lied to police officer Detective Pearce and told him I was wrongfully terminated
(violating Texas Penal Code 37.08) and that I was "harassing the Seton nurses", and left
out exculpatory evidence in her report to the police officer.

2. Defendants Jackson Lewis PC, Julie Tower, and Robert Fischer had an ulterior motive in
filing this police report, and that was to make themselves as attorneys and their law firm
Jackson Lewis PC look good in front of the City of Austin and Austin Police Department;
to ensure they continue to receive contracts from the City of Austin, and to help
themselves in my refiling of the Seton case and the addition of themselves as defendants.
Defendants lied to the police officer Detective C. Pearce and knew their lies would end
up in the arrest affidavit, defendants knew it would make the charges stick and ensure an
extradition to Texas, defendants knew I would remain unemployed until the criminal
case was resolved, defendants knew this would prolong resolution of the Seton claims,
and defendants knew it would defame my local reputation as a nurse.

3. I, Plaintiff Amanda Phillips, suffered damages as a result of this abuse of process similar
to the third element of this same charge for the other defendants. This resulted in
continued financial and emotional harm.


**Fourth Count of Abuse of Process:**


1. Defendant Russ Sablatura and the Sablatura Williams PLLC law office, misused the
issuance of my arrest and felony criminal charge by failing to advocate on my behalf, not
filing even one motion to dismiss throughout the duration of my criminal case, failing to

communicate with me or prepare me before court hearings, failing to discuss options or advocate for me having met the requirements of mental health court before said court began.

2. Russ Sablatura and his law firm had an ulterior motive in allowing the prolongation of the criminal matter to continue, and that was to assist other defendants in making me weaker as a Plaintiff, drawing out the resolution of my claims, ensuring I paid his legal fees since I was on a monthly payment plan; and making himself look good in front of Travis County so they will continue to supply him with court appointments which are a lucrative part of his business. He wanted other defendants to have the idea he was on their side and doing his part to keep me out of the jurisdiction, and making sure I would be less able to refile the claim against Seton, and file new claims against the other defendants. I have no doubts Russ Sablatura and his daughters are patients of Seton and Dell Children's, or hope to be in the future, and Russ Sablatura does not want to risk himself or his daughters being dropped as a patient of Seton and Dell Children's by sticking his neck out for a client in opposition to them.

3. I, Plaintiff Amanda Phillips, suffered damages from Russ Sablatura by having emotional distress, in particular of not knowing what to expect when going into court hearings, not trusting him due to his lack of preparation and appearing late to court, going back into counseling in the DBT program in August 2019, having to do my own legwork in regards to getting letters for court since his assistant would not do it, not getting disability benefits or Medicaid health insurance since he would not advise me in regards to doing this, having my Oklahoma nurse license delayed, paying travel expenses to mental health

court. and remaining unemployed throughout his representation of me in this criminal case.

**Legal Malpractice of an Attorney:** (1) that there is duty owed to the plaintiff by the defendant; (2) that the duty was breached; (3) that the breach proximately caused the plaintiff injury; and (4) that damages occurred.

1. Attorney Russ Sablatura was hired to represent me in a criminal felony matter in Travis County Texas on or about August 7, 2018 while I was in the Tulsa County jail. Russ Sablatura as my attorney owed me a duty to place my interests above his own financial interests.

2. The duty Russ Sablatura owed me as his client was breached in several different ways. The first way was by allowing Travis County and the Travis County District Attorney's Office to have their way in extending the criminal case out. Rather than attempting to resolve the matter quickly and advocate for the fact I had met the requirements of mental health court before it even began. Russ did not even file one motion for dismissal and did absolutely no advocating on my behalf. He began closing out 2 civil cases with apartments I filed as a pro se plaintiff. One lawsuit was against Roscoe properties I filed in May 2018 as a pro se plaintiff in Travis County JP Court Precinct 2 (CASE NO. J2-CV-18-000824). I had applied for an apartment with Roscoe Properties at the Radius at the Domain Apartments, paid a $300.00 move in fee, began purchasing moving supplies, and was subsequently told I was denied the apartment after

all this. I filed in JP court after the property refused to give me my deposit back. I was unable to make it to court due to being evicted from my current apartment, and having to move out of state and live in a hotel for a few weeks. I informed the court clerk of this but this information did not make it to the judge. Because I missed court, the JP Judge ordered me to pay $2100.00 in attorney fees with 5% yearly incurring interest until it is paid. This judgement was placed as a lien with Travis County should I ever purchase property in Travis County. Rather than advocate as I requested, Russ began pressuring me to pay the $2100.00 in fees and get my mother to pay it, even though I was on a fee payment plan with him, and he knew I was unemployed, had no health insurance, and had expensive dental issues I was working on getting fixed. He filed a notice of nonsuit with the court which was not signed by Erin Debooey, the attorney Roscoe Properties hired in this case, and I do not believe he ever talked to her or negotiated with her.

The next way Russ breached his duty toward me was by closing out a case I had filed against the property that evicted me, Parallax at Georgetown, owned by BH properties. I appealed their eviction of me in Williamson County Court, and filed a suit in May 2018 for wrongful eviction. I lost brand new furniture I had purchased in December 2016, and included a mattress and bedframe, chest of drawers, couch, side table, crock pot, clarisonic brush, a tall bookshelf, and a dining table and chairs. I told Russ I wanted to at least get my furniture back, or the costs associated with losing that furniture, and he simply ignored my emails.

In March 2019, I filed for disability benefits mainly to get Medicaid health insurance to have my healthcare needs met, and I informed Russ of this application as well as my

56

application to UT Austin and my planned re-application to Dell Medical School, and asked him if it was OK if I applied, and he did not respond right away, but a few weeks later responded by email saying "it was all OK", in regards to the disability application and my application to UT Austin and Dell Medical School. He did not offer to help with the disability application, and when I informed him by email I was denied for disability benefits he did not respond.

In July 2019, I filed a second complaint with the Office of Civil Rights against Dell Medical School and the University of Texas at Austin, and I tagged Russ Sablatura in the emails I sent to them with the signed form, etc. He did not respond to my emails, but then sent an email in August 2019 after I sent emails to the Texas Rangers and Travis County Public email basically telling me he would end representation of me if I did not stop sending these emails and filing these complaints, the complaints I filed could have a negative affect on my criminal case as well as his ability to represent me. Having him bail out of the criminal case at that stage would have been prejudicial to my case, so I obliged in no longer sending emails or filing complaints. I was then sent a mediation request from the Office of Civil Rights stating they wanted to set up a mediation, and I informed Russ of this, and my desire to mediate. He told me in person at my September 2019 mental health court appearance that he had it, he would take care of it, and he had called them and been transferred to someone else. I also sent him emails stating I wanted to pursue this mediation. I trusted this matter to him, and felt it was a good chance to get into the Dell Medical School. So, every time I would get an email requesting mediation or a voicemail from the OCR office, I sent it to Russ. In December 2019, I received a

dismissal letter from the OCR office, and when I asked Russ about this dismissal, he lied to me and stated he thought I was pursuing getting my license in nursing instead of this mediation with the medical school. In January 2020, I filed an appeal with the OCR office on my own behalf and await the response to this day.

3. These breaches of duty by Russ Sablatura caused me harm, including financial harm by having to remain unemployed throughout the duration of the criminal case, traveling expenses to court, denial of disability benefits, dismissal of the OCR Dell Medical School Mediation, owing a balance of $2100.00 with 5% interest as a lien in Travis County, and loss of my furniture worth about $3,000.00.

4. Damages in the form of loss of furniture worth about $3,000.00; owing a balance of $2100.00 with 5% interest on a Travis County property lien; dismissal of Dell Medical School mediation, denial of disability benefits, extended unemployment and time without health insurance, and an extended criminal case with travel expenses around $2500.00.

**Civil Conspiracy:** An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result.

**First Count of Civil Conspiracy:**

58

1.      A combination of two or more persons is made with Defendants Austin
Community College, City of Austin, Travis County, Texas Board of Nursing, and Seton
Ascension.

2.      Defendants Austin Community College, City of Austin, Texas Board of Nursing,
Travis County, and Seton Ascension reached a meeting of the minds on a course of
action, the action being flooding the local Austin TX market with registered nurses.
Defendants have each done their part by advertising or proclaiming a shortage of
registered nurses in Austin, TX, have continued to allow and enable Austin Community
College to graduate registered nurses each year and increase their graduation numbers in
recent years, and support or otherwise enable other local nursing schools to graduate an
increasing number of new graduates per year.

3.      Defendants have reached a meeting of the minds by  each defendant doing their
part to flood the Austin TX market with nurses, and their singular goal is  to make
money. Each defendant is incentivized and makes money the more registered nurses that
graduate in Austin or move to Austin. Austin Community College makes tuition money
by maintaining a higher than needed level of registered nurses graduating each year. The
more people who enroll in nursing school prerequisites and nursing school, the more
money ACC makes. The City of Austin gets higher rental rates and property values when
more people move into the Austin city limits, and makes more property tax money as a
result of those higher rents, higher property taxes, and higher population.  Travis County
enjoys the same benefits as the City of Austin with an excess of nurses and nursing
schools. The Texas Board of Nursing is incentivized to create more nursing schools by

59

making money from the accreditation of those schools, making money from nurses applying for licensure, applying for renewals, applying for new graduate licensure and authorization to test forms, and using the excess from these licensure fees to fund state coffers. Seton Ascension benefits from an excess of nurses by getting free labor from student nurses, lower starting wages for new graduates, lower wages and benefits overall for nurses since they have so many nurses applying for each job, and more control over the work environment since nurses are afraid of losing their job due to excess supply for a limited amount of jobs. Seton executives get paid higher bonuses and yearly salaries in the millions increasing with the more money they save on the capital of nursing wages and benefits.

4.     One or more unlawful acts or overt acts have taken place in furtherance of defendants course of action, being the fraud perpetrated on unsuspecting individuals like myself, Plaintiff Amanda Phillips, who attended Austin Community College nursing school with the idea I would stay in Austin and work in my dream job of the PICU at Dell Children's hospital. The fraud being perpetuated on the taxpayers like myself, who paid higher rents than most parts of the US and in particular higher rents in other areas of Texas due to the increased competition for housing and high property taxes which in part come from funding Austin Community College and its nursing program, in addition to all the other nursing programs in the City of Austin and Travis County. The unlawful and overt act of hiring out of state nurses when local nurses like myself are more than willing to work in the PICU at Dell Children's, and the more stunning example of hiring immigrant nurses with the excuse of there being a nursing shortage.

5.     Damages occurred to myself, Plaintiff Amanda Phillips, as a proximate result of this conspiracy by being unemployed in Austin TX since May 2014, having to relocate out of the state due to there not being nursing jobs available to me, and the ongoing emotional distress that results from long term unemployment and no job prospects in Austin, TX.

**Second Count of Civil Conspiracy:**

1.     Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower, Detective C. Pearce, Austin Police Department, City of Austin, Travis County, Travis County District Attorney's Office, University of Texas Austin Dell Medical School, Russ Sablatura, and Sablatura and Williams, PLLC, are more than two persons.

2.     Defendants sought to accomplish the same object or course of action by having me arrested in an out of state jurisdiction with a felony offense in Travis County, TX, to prolong the course of the criminal process and abuse that process, to attempt to run through my finances and those of my family to attend court dates out of state; to keep me from getting a job at Dell Children's Medical Center in the PICU as an RN; to keep me from obtaining a "Doctor of Medicine" degree at Dell Medical School; to keep me out of the City of Austin and Travis County jurisdictions; and to obstruct justice by making it as difficult as possible to assert my legal rights and refile my employment discrimination

case against Seton; and to prevent me from filing this lawsuit defendants knew or should have known was coming.

3.      Defendants had a meeting of the minds and each played their role in their success at keeping me from getting a job as an RN at Dell Children's Medical Center, in the form of Austin Police Department, Detective C. Pearce, and Travis County District Attorney's Office having me charged with a felony.  Travis County District Attorney's office, Gustavo Garcia, JR, and Russ Sablatura extending the resolution of this criminal case, Travis County District Attorney's office and Travis County employing no contact orders for Amanda Thompson, who was or is an RN Clinical Manager in the PICU at Dell Children's, by keeping me from being admitted to the University of Texas Dell Medical School in the form of the school not accepting me knowing about my retaliation lawsuit against Seton, with the University of Texas at Austin having connections with Maggie Murphy and Robert Fischer of the Jackson Lewis PC law office; and Russ Sablatura of the Sablatura and Williams PLLC law office, being a "longhorn supporter" misleading me into missing the mediation deadline with University of Texas at Austin Dell Medical School, and delaying the resolution of this matter which continues to this day.

4.      One or more unlawful or overt acts in furtherance of defendants course of action in the form of Seton Ascension ongoing charity fraud, abuse of the immigration system, and fraudulent misrepresentation of a nursing shortage and high demand for nurses, assisting Seton in employment retaliation and strong arming me for speaking up about it by refusing to hire me back without cause; assisting Seton in running off me as a nurse who reported them and their fraudulent and retaliatory acts. City of Austin and Travis

County wanting the revenue from excessive nursing schools and their students; City of Austin, Seton, Travis County, Jackson Lewis PC, Julie Tower and Robert Fischer using the criminal system to help them in a civil matter; and Russ Sablatura failing to advocate for me and have the criminal case expeditiously dismissed; and making me miss a deadline to negotiate an acceptance into Dell Medical School, because he wants to appear as if he is on defendants side so he can continue to get court appointments as a lucrative part of his business.

5.      Damages to myself, Plaintiff Amanda Phillips are and were a lengthy criminal case, resulting in over $2500.00 in travel expenses and mental health expenses, long term unemployment in Austin, TX, having to relocate out of Austin, TX, remaining outside of Austin, TX, having my reputation harmed, losing friends and acquaintances, and severe emotional distress.

## Third Count Civil Conspiracy:

1.      Defendants Seton Ascension, Jackson Lewis PC, Julie Tower, Robert Fischer, and the Texas State Bar are more than 2 persons.

2.      Defendants sought to accomplish the same goal or object by withholding a job at Dell Children's Medical Center, in order to coerce me in a civil lawsuit and prevent me from exercising my civil rights,

3.      Defendants had a meeting of the minds in regards to their objective to withhold a job from me at Dell Childrens, to prevent me from exercising my rights in a civil case.

due to Jackson Lewis PC, Julie Tower and Robert Fischer being hired by Seton

Ascension to defend them, and Jackson Lewis having connections with the Texas State

Bar through Maggie Murphy, who serves on an immigration board with the Texas State

Bar. Defendants Seton Ascension hired Jackson Lewis PC knowing their reputation for

acting unethically and using any means necessary to destroy weaker opponents, and the

Texas State Bar provides cover for Jackson Lewis attorneys by refusing to take

disciplinary action against the attorneys when they are reported for unethical conduct.

4.      One or more unlawful acts occurred in furtherance of this conspiracy, to include a

violation of Texas Labor Code 52.031, 18 U.S. Code 1513(e), Civil Rights Act of 1964

Title VII violations of retaliation, age, national origin, sex, and criminal charge

discrimination; and Americans With Disabilities Act of 1990 violation of discrimination

based upon disability. There were ethical violations the Texas Bar deliberately chose to

ignore, which were Texas Disciplinary Rules 3.01;  3.02; 4.01(a)(b); 3.04(a)(b);  4.03;

5.01(a)(b);  4.04(b)(1)(2), 8.03(a); 8.04(a)(1)(2)(3)(4)(5).

5.      Damages to myself, Plaintiff Amanda Phillips, are and were financial and

emotional harm to include long term unemployment, emotional distress, an out of state

felony criminal charge, travel and legal expenses to defend the charge.

## **RICO (Racketeer Influenced Corrupt Organization:**

Defendants all have the same purpose: to make money and hide their wrongdoing at my expense. Each of the defendants in this case are and were aware that I am a whistleblower; that I have filed suit against Seton, that I have filed complaints with federal, state, and local law enforcement agencies against Seton, University of Texas Austin, Dell Medical School, and Austin Community College, that I intended to refile the suit against Seton and add defendants,. Each of these defendants has acted in their respective roles to delay the resolution of this matter, and render me at a great disadvantage in legally resolving my claims, and getting any type of relief from the harm these individuals and entities have inflicted upon me.

**First Count RICO:**

1.      Defendants Seton Ascension, Austin Community College, Texas Board of Nursing, City of Austin, and Travis County had the conduct of mail and wire fraud, and covering up charity fraud, immigration fraud, and fraud on the US federal government education financial aid programs.

2.      Defendants Seton Ascension, Austin Community College, Texas Board of Nursing, City of Austin, and Travis County make up an enterprise as defined in 18 U.S.C. (4) and are associated in fact although not a legal entity.

3.      Defendants Seton Ascension, Austin Community College, Texas Board of Nursing, City of Austin, and Travis County have exhibited a pattern of racketeering according to 18 U.S.C. 1961(5). Defendants have engaged in a pattern of charity fraud, immigration fraud, fraud of the US federal student aid programs, fraud on taxpayers, fraudulent misrepresentation towards plaintiff Amanda Phillips, mail and wire fraud.

bribery, and extortion. Due to the lengthy and ongoing nature of this enterprise and their criminal conduct, these criminal acts pose a threat of continued criminal activity, in that the excessive amount of local nursing school graduates shows no sign of stopping anytime soon, and neither does the amount of immigrant and out of state hiring Seton Ascension does at its facilities, or the Texas Board of Nursing processing out of state and immigrant nursing licenses. This pattern of criminal activity has been going on at a minimum for 12 years, and likely even longer than that. The fraudulent inducement Plaintiff Amanda Phillips experienced began in Fall 2009, and has continued to this day.

## Second Count of RICO:

1.      Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower, Austin Police Department, City of Austin, Travis County, Travis County District Attorney's Office, Gustavo Garcia JR, Russ Sablatura, Sablatura Williams law office, and Texas State Bar have conducted themselves in such a manner as to obstruct justice, cover up the acts of charity, immigration, mail and wire fraud being perpetuated by Seton Ascension and Austin Community College, and to commit Hobbs Act Extortion Under Color of Official Right by placing me under arrest for felony terroristic threat and trying to influence the government, holding me at Tulsa County jail for 7 days, placing me on an extradition van for 26 hours, and then at Travis County Jail for over 24 hours, so they could get another delay in the initial lawsuit against Seton that defendants knew I would be refiling, and had already attempted to refile.

2.      Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower,
Austin Police Department, City of Austin, Travis County, Travis County District
Attorney's Office, Gustavo Garcia JR, Russ Sablatura, Sablatura Williams law office, and
Texas State Bar  make up an enterprise according to 18 U.S.C. (4) associated in fact
although not a legal entity,  with the same goal to obstruct justice, to extort me out of
exercising my legal rights against Seton Ascension, to keep me out of the Travis County
jurisdiction to make this lawsuit more difficult for me to proceed with, and to drain me of
time, energy and finances to weaken my position against Seton.

3.      Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower,
Austin Police Department, City of Austin, Travis County, Travis County District
Attorney's Office, Gustavo Garcia JR, Russ Sablatura, Sablatura Williams law office, and
Texas State Bar  have exhibited patterns of racketeering activity to include Hobbs Act
Extortion Under Color of Official Right and violation of Texas Penal Code 36.02. Russ
Sablatura was more than happy as my attorney to take $7,000.00 from me, and do
nothing with it for my case, and take no part in advocacy on my behalf, and allowed
Travis County and the Travis County District Attorney's Office to do what they wanted,
which was drag the case out to get a conviction and delay me from refiling the Seton
lawsuit and this lawsuit.

The Texas State Bar provides cover for the attorneys by refusing to take disciplinary
action against the unethical attorneys, and the attorneys know and have confidence they
won't ever be held accountable by the Texas Bar so they continue on with their unethical
and self serving actions where they place their own financial  interests above that of their

67

clients. The Texas State Bar was given the information regarding Russ Sablatura's misconduct for having a conflict of interest in violation of Texas Disciplinary Rules of Professional Conduct General Rule 1.06(b)(c)(1)(2), and missed the deadline for mediation in violation of General Rule 1.01(b)(1)(2)(c). Russ Sablatura was aware of my complaint to the Texas State Bar regarding Julie Tower and Robert Fischer for violating General Rule 3.02 and 4.01(a)(b), was aware the Texas State Bar took no action on this complaint, dismissing it as an inquiry, and thus emboldened them to continue their behaviors.

**Intentional Infliction of Emotional Distress** Elements of this tort are: 1) the defendant acted intentionally or recklessly; 2) the defendant's conduct was extreme and outrageous; 3) the conduct caused the plaintiff emotional distress; and 4) the emotional distress was severe.

**First Count of Intentional Infliction of Emotional Distress:**

1.     Defendant Seton Ascension acted intentionally and deliberately to deprive me of a job and an opportunity to have a meaningful and happy life in Austin, TX in my chosen career and specialty within my career, being the only legitimate children's hospital in the area, the children's hospital in which I did my clinicals, and the children's hospital I was led to believe I could work in. Seton through their counsel further caused emotional distress by delaying the length and increasing my cost of litigation, placing me at a severe disadvantage to themselves by denying me a job, and working with their co-conspirators

to keep me out of the central Texas region, making distance and the associated travel expenses another burden in my pro-se litigation and attempt to exercise my rights under federal and state law, to include the EEOC laws, Americans with Disabilities Act, and the ability to pay back the federal student loans I incurred at Austin Community College to become a registered nurse.

2.     Defendant Seton's conduct has been extreme and outrageous. It is extreme and outrageous to claim to be a non profit Catholic hospital seeking to further the Catholic mission, while engaging in the conduct they have during my attempt to exercise my rights. Denying a job to me when I am in need of one, as they hire others who don't need a job as much as I do, who are less qualified and deserving, while they steamroll over me in litigation is cruel, extreme and outrageous.

3.     The conduct of Seton in the form of lack of hire for a job in the PICU at Dell Children's, or any other job I have applied to has caused me extreme emotional distress. Seton and their counsel furthered this emotional distress by extending the length and cost of litigation, which was already a heavy burden for me to bear as a pro-se litigant without a job.

4.     The emotional distress I experienced as a result of the way defendant Seton conducted themselves was so severe, I had to stay in a mental health hospital for 2 weeks, obtain outpatient psychiatry monthly for 16 months, and complete a 6 month Dialectical Behavioral Therapy(DBT) program. I have been diagnosed with Severe Depression, Generalized Anxiety, Insomnia, Panic Disorder, and Post Traumatic Stress Disorder. I

have to take daily medication and practice DBT skills as a way of coping with this as yet unresolved situation in which my suffering continues to this day.

**Second Count of Intentional Infliction of Emotional Distress:**

1.  Defendants Julie Tower, Robert Fischer, and Jackson Lewis PC acted intentionally and deliberately as counsel to Seton Ascension to cause me emotional distress. Each defendant knew I was unemployed, knew I had federal student loans, knew I was under contractual lease obligations in Georgetown, TX during the course of litigation. Each defendant knows the specialization of the Registered Nurse role, that job opportunities are limited outside the hospital setting and require 2 years of **RECENT** work experience in a hospital setting I did not have due to their client Seton Ascension refusing to hire me back after I terminated my employment with Seton Northwest hospital in May 2014.

2.  Julie Tower, Robert Fischer, and Jackson Lewis PC engaged in extreme and outrageous conduct. They deliberately counseled their client Seton Ascension to continue withholding a job in order to coerce me in litigation as an already disadvantaged pro se litigant without a job. To coerce me as I exercised my state and federally protected rights, to get me to lose by going away, or settling for far less than I deserved. Using their power, influence and unlimited resources to steamroll over me as a weaker opponent is cruel, extreme, and outrageous.

3.  The conduct of Julie Tower, Robert Fischer, and Jackson Lewis PC caused me extreme emotional distress. Each of these defendants refused to negotiate a job at Seton Ascension, refused to answer questions to my interrogatories, and the one time they

actually did respond to my discovery questions, they simply stated they were not relevant questions and declined to give me the information I was seeking.

4. The conduct of Julie Tower, Robert Fischer, and Jackson Lewis PC was so severe, as noted above in their client Seton Ascensions element #4, I had to stay for 2 weeks at a mental health hospital, and continue to use coping skills and take medications to cope with the anxiety of not having a job in Austin, TX and no end in sight to this continued litigation.

### Third Count of Intentional Infliction of Emotional Distress:

1. Defendant Austin Community College acted and continues to act intentionally and deliberately to assist in flooding the local job market with registered nurses, to make it difficult to find a nursing job in Austin, TX, and to give employers an advantage over nurses seeking and maintaining employment since nurses are so easy for employers to replace due to excess supply.

2. Defendant Austin Community College's conduct is and was extreme and outrageous. In addition to defrauding me and the general public as noted in the Fraudulent Misrepresentation claim, ACC is inflicting emotional distress as a byproduct of this fraud, and it is extreme and outrageous because there is no point in attending a local nursing school if you can't get a job at a local hospital, when one wishes to stay in the area. Graduating and continuing to graduate registered nurses when there is no need of them is fraudulent, extreme and outrageous conduct that wrecks the lives of individuals,

71

has wrecked my life, and caused me to incur federal student loan debt and lose years of my life I will never get back in obtaining an education I cannot use in Austin, TX, where I would choose to live.

3. The conduct of defendant Austin Community College has caused me extreme emotional distress. The difficulty in finding nursing employment in Austin and elsewhere has caused me to feel distressed and less secure financially in this world, at risk of losing everything I have, spent countless hours applying for jobs and driving to out of town interviews, and this stress continues to this day since I don't have a job.

4. The conduct of Austin Community College is so severe due to assisting in flooding the job market, that I have had to seek mental health treatment that continues to this day, as noted in element #4 for defendants Seton and their counsel Julie Tower, Robert Fischer, and Jackson Lewis PC.

**Fourth Count of Intentional Infliction of Emotional Distress:**

1. Defendant Texas Board of Nursing acted and continues to act deliberately and intentionally with the intention of flooding local and state job markets with registered nurses. If not for this defendant, no nursing program would exist. Defendant has accredited and continues to accredit 7 nursing schools in Austin and Round Rock, not including other nursing schools in the central Texas area whose nurses apply for work as nurses at Seton Ascension.

2. Defendant Texas Board of Nursing's conduct is extreme and outrageous, in that accrediting an excess amount of nursing schools that in turn graduate an excess amount of nursing graduates, there are hundreds more registered nurses applying for each available job. This is unfair to registered nurses like myself who apply for hundreds of jobs, and have to wait months and sometimes years to obtain a nursing job, or sometimes don't get a job at all.

3. The conduct of the Texas Board of Nursing has caused me extreme emotional distress, as noted above in elements of this charge for other defendants. Long term unemployment has caused me severe emotional distress and has caused me to be without medical care since I do not have health insurance. Being faced with no job prospects despite applying for jobs, or in some cases undesirable jobs such as med/surg or night shift, has added to the emotional distress, since I have not been able to obtain a more desirable position of day shift nursing on an adult intensive care or pediatric intensive care unit.

4. The conduct of the Texas Board of Nursing is so severe, that I have had to seek inpatient and outpatient mental health treatment, as noted above in elements for other defendants.

## Fifth Count of Intentional Infliction of Emotional Distress:

1.      Defendants Austin Police Department of the City of Austin, and Detective C. Pearce acted deliberately and intentionally to arrest me with a felony of the third degree "Terroristic Threat with intent to influence the government", in order to cause me

emotional harm and stress in my ongoing dispute with Seton Ascension they were aware of. In particular, Detective C. Pearce chose to charge me with a felony rather than a misdemeanor, charged me knowing I was out of state in Tulsa, OK and not in the city of Austin or Travis County jurisdictions, chose to exclude exculpatory evidence in my arrest affidavit, chose to state I had been wrongfully terminated, that I was "harassing" Seton nurses and had engaged in a "campaign of harassment" against Julie Tower when the legal elements of "harassment" had not been met, and chose not to arrest Julie Tower and Robert Fischer for bribery according to the elements of Texas Penal Code 36.02, despite stating in the report defendants had hired off duty Austin police officers to guard their building in case of an attack. This statute Texas penal code 36.02 would have likely required him to arrest the police officers for accepting the bribes, as they were abusing their arresting powers by accepting employment in which they expected to make an arrest.

2.      Defendants Austin Police Department of the City of Austin and Detective C. Pearce's conduct was extreme and outrageous. It is extreme and outrageous to arrest someone not in your jurisdiction, while simultaneously stating in the arrest affidavit an attack is imminent, and thus ignoring exculpatory evidence to the contrary. It is extreme and outrageous to hold one person accountable for specific elements of a crime, while ignoring other persons meeting the elements of another crime, due because an exchange of money had taken place to favor the Austin Police Department and Detective C. Pearce's fellow officers.

3.      The conduct of the Austin Police Department of the City of Austin, and Detective

C. Pearce has caused me significant emotional distress. I had never been arrested in my

life prior to this incident, never had any disciplinary actions taken against my license, and

have not even had a traffic ticket in more than 10 years. Defendants actions have caused

considerable emotional distress, in which I have nightmares about the arrest, jailing, and

subsequent transport to this day, and find myself much more guarded and fearful  in

seeking to speak up for myself and my rights.

4.      The conduct of defendants Austin Police Department of the City of Austin, and

Detective C. Pearce were so severe that I had to seek inpatient and outpatient mental

health treatment as noted above in elements for this same charge with other defendants.


### Sixth Count of Intentional Infliction of Emotional Distress

1.   Defendants Travis County District Attorney's Office of Travis County, TX, and Gustavo

Garcia JR acted intentionally and  deliberately to deny my rights under the Sixth

Amendment to the Constitution of the right to a speedy trial.  Defendants acted

intentionally to  maintain charges against me for a period of 16 months, from August 3,

2018 to December 17, 2019, when they dismissed the charge in the interest of justice.

Defendants did not give me credit for being in jail for 9 days, being in a mental hospital

for 14 days, attending weekly therapy for 7 weeks, and monthly psychiatry from

September 2018 to May 2019 when I was accepted onto the mental health docket.

Defendants received my mental health application in November 2018, did not accept the

application onto the mental health docket until May 2019, and once my application for

mental health court was accepted. did not give me any credit for what I had already done in regards to punishment and treatment for the crime I was charged with.

2.  Defendants conduct was extreme and outrageous. It is extreme and outrageous to not give me credit for engaging in the same actions mental health court requires for 8 months prior to beginning the 7 month mental health court docket. Mental health court requires psychiatry and medication compliance, with therapy, and those were maintained during the 8 months prior to entering the mental health docket. Defendant Travis County District Attorney's office has been on the media stating they are proud of the work they have done to reduce the length of cases and increase the amount of people in diversion programs such as the mental health docket. This indicates a 16 month case is unacceptable for defendant with their apparent work at reducing length of cases.

3.  Conduct of defendants has caused me severe emotional distress. It is impossible to get an Oklahoma nursing license and nursing job where I currently live with a felony charge pending.  This ongoing unemployment and being cut out of the nursing profession I worked so hard to get into; with felony charges hanging over my head, the travel expenses associated with defending an out of jurisdiction charge. and federal student loans in deference.

4.  Conduct of these defendants was so severe. I had to seek inpatient and outpatient mental health treatment, as noted above for previous defendants. I continue to suffer emotional distress to this day due to the conduct of these defendants. as I still do not have an Oklahoma nursing license  or nursing job due to this charge.

**Seventh Count of Intentional Infliction of Emotional Distress:**

1.  Defendants University of Texas and Dell Medical School acted intentionally and deliberately to deny admissions to the Dell Medical school after 2 application cycles, and deny me admissions into the University of Texas at Austin undergraduate Geosciences program so I could complete the prerequisites required for matriculation into Dell Medical School.

2.  Defendant's conduct was and is extreme and outrageous. It is extreme and outrageous to join in partnership with Seton Ascension, City of Austin, and Travis County Texas to create and maintain a medical school, then deny admissions to me as I sued and exercised rights against Seton Ascension. It is extreme and outrageous for defendant to get taxpayer funds to exist, to purport oneself to be an inclusive and progressive university which holistically evaluates applications, and then evaluate my application based on traditional standards of the past, which involve admitting students with higher GPAs and MCAT scores, which is something I cannot change due to my advanced age compared to the much younger matriculants of Dell Medical School. What's done is done in regards to my undergraduate performance at University of Central Oklahoma; and I overcame my lower GPA by performing well in nursing school, passing the NCLEX exam, self-studying for physics, organic chemistry, general chemistry, and genetics; performing well as a registered nurse at work, and exercising rights by representing myself as a pro-se plaintiff. The University of Texas at Austin and Dell Medical School have intentionally ignored all of this work I have done; which is much more than most of their

younger traditional students who have merely taken pre-requisites and lack the work and life experience I bring to the table. It is extreme and outrageous to matriculate students who have merely taken pre-requisites, and deny admissions to me as I have overcome insurmountable odds and have more work and life experiences compared to the younger matriculants Dell Medical School admits into its Doctor of Medicine program.

3. Conduct of defendants has caused me severe emotional distress, by not allowing me to move forward with my life and retrain into a new specialty as registered nursing is saturated with registered nurses.

4. Conduct was severe enough to warrant maintaining outpatient therapy, and caused increased depression and anxiety as a result of not being admitted and appearing to have no hope of being admitted.

## Seventh Count of Intentional Infliction of Emotional Distress:

1. Defendant Russ Sablatura of Sablatura and Williams, PLLC acted intentionally and deliberately to deprive me of my 6th Amendment Constitutional right to a speedy trial by allowing defendants Travis County District Attorney's Office of Travis County, and prosecutor Gustavo Garcia , JR to extend my case out 16 months, and failed to negotiate or advocate on my behalf a sooner dismissal of my felony charge due to me completing the requirements of mental health court during the 8 months before it began. Defendant acted intentionally to first threaten me with a prejudicial withdraw from my case if I contacted or spoke with outside offices but his, then lied to me and mislead me by telling

me he would negotiate the Office of Civil rights mediation for possible admission into Dell Medical school on my behalf, lied to me and told me he called them and got transferred to someone else, and then deliberately ignored the mediation knowing I was thinking he was taking care of it, which resulted in the dismissal of the mediation.

2. Defendants conduct was extreme and outrageous. His job as my attorney is to advocate on my behalf, and place my interests above his own financial interests. He failed to do any of these things required of him by the Texas Disciplinary Rules of Professional Conduct, and violated Rules 1.01(b)(1), 1.04(a)(b)(1)(3)(4)(5)(6), Rule 1.06(b)(1)(2)(c)(2)(e), Rule 3.02, Rule 3.03(a)(1). It is extreme and outrageous for defendant to allow a criminal case to proceed for 18 months when it should have been over in 6 months, to fail to advocate for me to the tribunal and request the work I had done during the 8 months prior to mental health court count in place of incurring travel expenses for mental health court, and to do so with the intent of siding himself with Travis County and Seton Ascension so he can continue to get court appointment clients from Travis county, and be retained by Seton Ascension for immigration claims. Likely he is also a patient at Seton Ascension, or has family who is, and doesn't want to appear as its adversary in order to avoid being dropped as a patient.

3. Conduct of defendants has caused me severe emotional distress and continued reliance on outpatient therapy to cope with the depression and anxiety this emotional distress has brought.

4. Conduct of the defendant was severe enough to cause emotional distress that continued outpatient therapy services and caused me an increase in depression, anxiety, and insomnia.

## Negligence

Elements of Negligence Elements of a Negligence cause of action are:

1) Duty owed by defendant to plaintiff; 2) Breach of that duty; 3) Proximate cause of the plaintiff's damages by defendant's breach; and 4) Damages.

### First Count of Negligence:

1.      Defendants Christopher Born, Deb Brown, Carolyn Cummings, and Brittany Garrett have each acted negligently in the course of their employment at Dell Children's Medical Center of Central Texas, of Seton Ascension, and had a duty owed to me, Plaintiff Amanda Phillips. Defendants are each in exclusive possession of information regarding number of applicants for each nursing job, number of immigrants hired for each department, the demographics including gender, sex, age, disability, age, religious affiliation, the ratio of local to out of state educated nurses,and the number of student nurses attending clincals at Dell Children's. Defendants have a duty to report fraud and abuse, to report the excessive amounts of new graduate nurses applying for each job to the appropriate outside authorities, since that is an indication of fraud and abuse. Defendants have a duty to report unethical activities of their employers counsel, Jackson

Lewis PC, to the Texas State Bar, and a duty to report to immigration officials the abuse of the immigrant visa system by Seton Ascension hiring immigrant nurses when there are more than enough local nurses available and applying for nursing jobs at Dell Children's.

2.      Defendants have each breached the duty they have to me, by failing to report the illegal activities they are witnesses to the appropriate authorities.

3.      By owing this duty of reporting to me, Plaintiff Amanda Phillips, and failing to exercise that duty by failing to report the abuse of the immigration visa system and the excessive amounts of registered nurses Dell Children's assists in graduating by allowing them to do clinicals there, by refusing to hire Austin Community College graduates, and by failing to report the excessive amounts of nurses applying for each job, defendants have caused me harm in the form of emotional distress, loss of income, long term unemployment in the city of Austin, loss of health insurance, and inability to pay back my student loans. By failing to report the unethical actions of their companies counsel to the Texas State Bar, they have allowed even further harm by their company and counsel during litigation in my attempt to exercise my rights. Defendants have caused me harm by assisting in the deception of a local nursing shortage by going along willfully with the deceptive acts, and failing to report their own employers part in the deception.

4.      Damages incurred by me, Plaintiff Amanda Phillips are: emotional distress, long term unemployment, loss of health insurance, not living in Austin due to being priced out of the local housing market, and inability to pay back federal student loans.


**Second Count of Negligence:**

1.  Defendant Texas State Bar had and has a duty to me, Plaintiff Amanda Phillips, to protect me as a member of the public against the unethical practice of law, assure me as a citizen equal access to justice, and educate me about the rule of law, as proclaimed in their mission statement.

2.  Defendant Texas State Bar breached this duty by failing to take disciplinary action against the attorneys I reported to them for unethical behaviors, Julie Tower, Robert Fischer, and Russ Sablatura. I first reported Julie Tower and Robert Fischer for causing unnecessary delays and inflating the costs of litigation Spring 2018 for being in violation of Texas Disciplinary Rules of Professional Conduct Rule 3.02, 4.01, 4.03, 4.04(b)(2); and this complaint was dismissed. Russ Sablatura, being my attorney, was aware of this complaint in review of the evidence in my criminal case, and the subsequent dismissal. This dismissal by the Texas State Bar emboldened Julie Tower and Robert Fischer to continue their unethical actions by ignoring my requests for interrogatories, ignoring my requests for negotiating a job at Dell Children's, bribing Austin police officers, and lying to police officers by stating I was wrongfully terminated and was harassing Seton nurses in their quest to have me arrested to help them in this civil matter. This dismissal by the Texas State Bar emboldened Russ Sablatura to engage in his unethical actions by failing to advocate for me in my criminal case, missing an important deadline, lying to the tribunal, and coming to the court unprepared and stating "I don't know" when asked by the judge when and how long I was in custody, and then stating "I don't know, not that long", when asked by the judge how long I was in the psychiatric care hospital. I filed a

82

CAAP ( Client Attorney Assistance Program) request via email in July 2019 due to having unsatisfactory communication and responses from Russ Sablatura as my attorney, and then a formal complaint December 2019 for missing an important deadline and lying to the tribunal. This complaint was dismissed as an inquiry.

3. This breach of duty by Defendant Texas State Bar caused me, Plaintiff Amanda Phillips damages in the form of having my case extended for 16 months due to Russ Sablatura's failure to advocate, causing me significant emotional distress due to failure to communicate, and missing an important deadline with the Office of Civil Rights which could have led to my admission into the Dell Medical School at University of Texas Austin.

## Prayer

1. I am respectfully requesting that this court be the appropriate venue and jurisdiction.

2. Demanding a right to trial by jury.

3. Respectfully requesting that I, Plaintiff Amanda Phillips be compensated for damages to include compensatory, treble, and punitive damages in the amount of $10,000,000.00, and any costs of court, attorney fees, document preparation, copies, and travel expenses to court.

4. I am respectfully requesting hearings and depositions by telephone due to the added burden and expense of an unemployed pro se plaintiff representing herself in an out of state jurisdiction.

5. I am requesting my name "Amanda Phillips" be redacted from the filings, and replaced with "Jane Doe", and any other personally identifying factors such as case numbers, account numbers, addresses, email, phone numbers etc be redacted from all filings in this case.

Signed this 24 day of March, 2020.

Amanda Phillips

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

7014 3490 0000 6727 1896

U.S.POSTAGE ⟩⟩ PITNEY BOWES

ZIP 78701   $ 013.90⁰
02 4W
0000364441 MAY 15 2020

BC
5-16

CITY OF AUSTIN
2006 EAST 4TH STREET
AUSTIN, TEXAS 78702

RECEIVED
MAY 27 2020
LAW DEPARTMENT

D-1-GN-20-001840 (D2-NL)

3/24/2020 6:58 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-001840
Victoria Benavides

*NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA*

Cause Number: _____
*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: **Amanda Phillips**
*(Print first and last name of the person filing the lawsuit.)*

In the   *(check one):*
☒ District Court
☐ County Court / County Court at Law
☐ Justice Court
☐ Probate Court

*Court Number*

And

Defendant: **Austin Police Department et al**
*(Print first and last name of the person being sued.)*

**Travis**
*County*   Texas

# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

## 1. Your Information

My full legal name is: **Amanda Kaye Phillips**    My date of birth is: **8. / 17. / 1979**
 *First          Middle          Last*                                     *Month/Day/Year*

My address is: *(Home)* **8403 E 81st Apt 523**

 *(Mailing)* _____

My phone number: **4058502161**  My email: **medicalqueen@gmail.com**

About my **dependents**: "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

**-or-**

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case.  I have attached documentation from legal aid stating this.

**or-**

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☒ I do not receive needs-based public benefits.  **- or -**
☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check)*
☐ Food Stamps/SNAP    ☐ TANF    ☐ Medicaid    ☐ CHIP    ☐ SSI    ☐ WIC    ☐ AABD
☐ Public Housing or Section 8 Housing    ☐ Low-Income Energy Assistance    ☐ Emergency Assistance
☐ Telephone Lifeline    ☐ Community Care via DADS    ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension    ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: _____

REVIEWED 3/25/20

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ 0.00 in monthly wages. I work as a _____ for _____.
                                   *Your job title*            *Your employer*

$ 0.0 in monthly unemployment. I have been unemployed since *(date)* August 2017.

$ 0.00 in public benefits per month.

$ _____ from other people in my household each month: *(List only if other members contribute to your household income.)*

$ 1500-2000 from ☐ Retirement/Pension  ☐ Tips, bonuses  ☐ Disability  ☐ Worker's Comp
             ☐ Social Security  ☐ Military Housing  ☐ Dividends, interest, royalties
             ☐ Child/spousal support
             ☒ My spouse's income or income from another member of my household *(If available)*

$ 0.00 from other jobs/sources of income. *(Describe)* _____

$ 1500-2000 is my **total monthly** income.

**5. What is the value of your property?**

"My **property** includes:                    **Value***

Cash                                          $ 0.00

Bank accounts, other financial assets
_____                             $ 1900.00
_____                             $
_____                             $

Vehicles (cars, boats) *(make and year)*
Homda Civic                                   $ 3200.00
_____                             $
_____                             $

Other property (like jewelry, stocks, land, another house, etc.)
Iphone 7                                      $ 300.00
_____                             $
_____                             $

                **Total** value of property → $ 5400.00

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**

"My **monthly expenses** are:                 **Amount**

Rent/house payments/maintenance              $ 900.0
Food and household supplies                  $ 200.00
Utilities and telephone                      $ 140.00
Clothing and laundry                         $ 50.00
Medical and dental expenses                  $ 0.00
Insurance (life, health, auto, etc.)         $ 67.00
School and child care                        $ 0.00
Transportation, auto repair, gas             $ 200.00
Child / spousal support                      $ 0.00
Wages withheld by court order                $ 0.00

Debt payments paid to: *(List)*
_____                            $
_____                            $

                **Total** Monthly Expenses → $ 1367.00

**7. Are there debts or other facts explaining your financial situation?**

"My **debts** include: *(List debt and amount owed)* _____
                                          Student loans in deferment
_____ "

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.")* **Check here if you attach another page.** ☐

**8. Declaration.**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☒ I cannot afford to pay court costs.
☒ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is   Amanda Phillips                    . My date of birth is : 8 / 17 / 1979

My address is   8403 E 81st Apt 523  Tulsa Ok 74133
                *Street*            *City*      *State*    *Zip Code*    *Country*

► _____ signed on 3 / 24 / 2020 in Tulsa _____ County, Ok
*Signature*              *Month/Day/Year*      *county name*         *State*

4/6/2020 12:00 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-001840
Nancy Rodriguez

# State of Texas
## Travis County District Court

)
**Plaintiff pro se**                                )
**Amanda Kaye Phillips**                     )
**8403  E 81st Street Apt 523**             )
**Tulsa, OK 74133**                             )
**405.850.2161**                                  )
**medicalqueen@gmail.com**             )
)

**Defendants**

1.  Austin Police Department
    715 E 8th St, Austin, TX 78701

2.  City of Austin, TX
    2006 East 4th Street
    Austin, Texas 78702

3.  Austin Police Detective  C. Pierce #4063
    715 E 8th St
    Austin, TX 78701

4.  Travis County Sheriff's Office
    5555 Airport Blvd
    Austin, TX 78751

5.  Travis County District Attorney Office
    416 W 11th St
    Austin, TX 78701

6.  Travis County, Texas
    314 W. 11th Street, #535
    Austin, TX 78767

7.  Gustavo Garcia, JR
    416 W 11th St
    Austin, TX 78701

8.  Austin Community College District

1

5930 Middle Fiskville Road
Austin, TX 78752

9.  Texas Board of Nursing
333 Guadalupe St #3-460
Austin, TX 78701

10. Texas State Bar
1414 Colorado St, Austin
TX 78701

11. Ascension
4600 Edmundson
St Louis MO 63134

12. Seton Ascension
1345 Philomena St
Austin, TX 78723

13. Christopher Born, CEO Dell Children,
1345 Philomena St
Austin, TX 78723

14. Deb Brown, Vice President of Patient Services/Chief Nursing Officer
1345 Philomena St
Austin, TX 78723

15. Brittany Garrett, RN recruiter Dell Children's
1345 Philomena St
Austin, TX 78723

16. University of Texas at Austin
1616 Guadalupe St., Suite 4.202
Austin, TX 78712

17. Dell Medical School
1501 Red River St
Austin, TX 78712

18. Sablatura & Williams, PLLC
108 E Bagdad Ave #200
Round Rock, TX 78664

19.  Russ Sablatura
108 E Bagdad Ave #200

Round Rock, TX 78664

20. Jackson Lewis, PC
    500 N Akard St #2500
    Dallas, TX 75201

21. Robert Fischer
    500 N Akard St #2500
    Dallas, TX 75201

22. Julie Tower
    500 N Akard St #2500
    Dallas, TX 75201

23. Carolyn Cummings, former RN Recruiter
    1345 Philomena St
    Austin, TX 78723

**Complaint for Discrimination of Retaliation, Age, Sex, Disability, Family Status,**

**National Origin, & Criminal Charge; Fraudulent Misrepresentation, Abuse of**

**Process,  Civil Conspiracy, RICO racketeering, Intentional Infliction of Emotional**

**Distress, Negligence with Jury Demand**

3

## Table of Contents

Appropriate Venue and Jurisdiction……………………………………………page 5

Introduction of Plaintiff……………………………………………………….page 5

Introduction of Defendants……………………………………………….pages 5-12

Complaint Background………………………………………………….pages 12-25

Stating Claims Civil Rights Act of 1964…………………………...pages 25-29

Stating Claims Fraudulent Misrepresentation…………………………...pages 29-48

Stating Claims Abuse of Process…………………………………...pages 48-55

Stating Claim Legal Malpractice…………………………………...pages 55-59

Stating Claims Civil Conspiracy………………………………………...pages 59-65

Stating Claims RICO Racketeer Influenced Corrupt Organizations…………pages 65-69

Stating Claims Intentional Infliction of Emotional Distress…………………..pages 69-81

Stating Claims Negligence……………………………………………….pages 81-84

Prayer……………………………………………………………………….page 84

4

## Appropriate Venue and Jurisdiction

I, **Amanda Phillips**, am a United States citizen. I reside in Tulsa County, Oklahoma. Defendants are all located in Travis County Texas with the exception of Ascension being headquartered in Missouri. These claims arose in Travis County,  Texas. I am respectfully requesting this court be the appropriate venue and jurisdiction for these claims:  Employment Discrimination based on Retaliaton, Age, Disability, Criminal Charge, Sex, Family Status, and National Origin; Fraudulent Misrepresentation, Abuse of Process, Civil Conspiracy, RICO racketeering, Intentional Infliction of Emotional Distress, Negligence

## Introduction of Plaintiff

I, **Amanda Phillips,** am a 40 year old Registered Nurse with a completed Emergency Medical Technician class completed December 2001 at Oklahoma City Community College in OKC, OK; a Bachelor's Degree in Biology obtained in December 2005 from the University of Central Oklahoma in Edmond, OK; a completed Phlebotomy Skills certificate completed at Austin Community College July 2009 in Austin, TX;  and an Associate's Degree in Nursing obtained in May 2012 from Austin Community College in Austin, TX; and a Texas Registered Nurse license obtained in June 2012.  From June 2012 to present, I have obtained hundreds of hours of Continuing Education Competency Units, have obtained Advanced Cardiac Life Support (ACLS) certification and Pediatric

Advanced Life Support (PALS) certification both in July 2013 and October 2019,

Neonatal Resuscitation Program certification completed November 2019, a STABLE

course completed November 2019, and an Animated Rhythms Course completed

November 2019. I have been a member of the Association of Critical Care Nurses since

March 2016. I am the first person in my family to complete college.  I have had no

previous arrests, charges, or any type of disciplinary complaint before any law

enforcement agency or licensing board prior to the "terroristic threat" charge in this

complaint.

**Introduction of Defendants**

1. **Austin Police Department** is a law enforcement agency with arresting powers

   within the city limits of Austin, and is  located in Austin, TX.  Austin Police

   Department  receives federal funding into their annual budget.

2.  **City of Austin** is a municipality located in Travis County, TX which collects

   property taxes from residents within city limits, and uses a part of those taxes to

   fund Seton Ascension, Austin Community College and its various programs, as

   well as provides scholarships and grants to ACC.

3. **Detective C. Pierce #4063** provided a sworn statement in the form of an Arrest

   Affidavit in the Municipal Court of the City of Austin, TX that contained

   factually incorrect information, and excluded exculpatory evidence. Citizenship

   unknown.

4. **Travis County Sheriff's Office** is a law enforcement agency located in Travis, County TX which ordered my transport by Texas Prison Transport Systems from Tulsa County Jail in Tulsa, OK to Travis County Jail in Austin, TX. Travis County Sheriff's Office receives federal funding.

5. **Travis County District Attorney's Office** is a Travis County office which prosecutes felonies in Travis County jurisdiction. This office holds the publicly elected District Attorney.

6. **Travis County, TX** is a county in central Texas with a publicly elected "commissioners court", which collects taxes into their annual budget to support both the Travis County Sheriff's Office, and the Travis County District Attorney's Office. The budget from Travis County also supports Seton Ascension and Austin Community College.

7. **Gustavo Garcia, JR** is a prosecuting attorney in the Travis County District Attorney Office. He also has a private practice criminal defense office in Austin, TX. He is a University of Texas law school alum, and the son of the late Gustavo Garcia, a former City of Austin Mayor with ties to the current Mayor Steve Adler. In 2018, he and his wife made a donation to Margaret Moore and her political campaign for re-election as Travis County District Attorney. In 2000, he ran unsuccessfully to be judge in the Travis County court-at-law No. 5, with his father Gus SR making phone calls for support on his behalf. Citizenship unknown.

8. **Austin Community College District** is a local community college in Austin, TX with several nursing programs, and which gets funding from City of Austin and

Unofficial copy Travis Co. District Clerk Velva L. Price

Travis County property taxes, tuition from students, federal funding in the form of grants and student financial aid, and grants from Ascension Seton.

9. **The Texas Board of Nursing** was established by the Texas state legislature to regulate the safe practice of nursing. From their website: " The Board protects the public from unsafe nursing practice, provides approval for more than 200 nursing education programs, issues licenses to more than 27,000 nurses per year by examination to new graduates and by endorsement to licensees from other states seeking a Texas license, as well as providing nursing practice and education guidance to more than 350,000 currently licensed nurses practicing in the State of Texas."

10. **Texas State Bar** is a Texas State agency under the judiciary and under the administrative control of the Texas Supreme Court. The Texas State Bar website states:  "The mission of the State Bar of Texas is to support the administration of the legal system, assure all citizens equal access to justice, foster high standards of ethical conduct for lawyers, enable its members to better serve their clients and the public, educate the public about the rule of law, and promote diversity in the administration of justice and the practice of law."

11. **Ascension** is a non-profit, Catholic-based hospital management system which owns and operates hundreds of hospitals in the United States, including Seton Ascension and Dell Children's in Austin, TX; and St Johns Ascension in Tulsa, OK, where I currently reside. Ascension website states "Ascension is a

8

faith-based healthcare organization dedicated to transformation through innovation across the continuum of care. As one of the leading non-profit and Catholic health systems in the U.S., Ascension is committed to delivering compassionate, personalized care to all, with special attention to persons living in poverty and those most vulnerable. In FY2019, Ascension provided $2 billion in care of persons living in poverty and other community benefit programs. Ascension includes approximately 150,000 associates and 40,000 aligned providers. The national health system operates more than 2,600 sites of care – including 150 hospitals and more than 50 senior living facilities – in 20 states and the District of Columbia, while providing a variety of services including clinical and network services, venture capital investing, investment management, biomedical engineering, facilities management, risk management, and contracting through Ascension's own group purchasing organization."

Ascension's Chief Operating Officer Anthony Tersigni was making $15 million per year until his retirement in 2019.

12. **Seton Ascension** is located in Austin, TX and is a non-profit, Catholic based healthcare system owning several hospitals and clinics in the Austin and Central Texas area, and is owned by Ascension in Missouri. Formerly Seton Family of Hospitals, Seton filed for bankruptcy in 2014.

13. **Christopher Born, CEO** came from Houston TX in October 2017 to become Chief Operating Officer of Dell Children's Hospital. Citizenship unknown.

14. **Deb Brown, Vice President and Chief Operating Officer/Chief Nursing Officer of Dell Children's** worked in Dallas TX and Phoenix AZ prior to moving to Austin in 2009. Citizenship unknown.

15. **Brittany Garrett, RN recruiter Dell Children's.** Recruits for RN positions at Dell Children's Hospital. She has worked in other positions within the Seton Ascension system. Citizenship unknown.

16. **University of Texas at Austin** is a publicly funded university located in Austin TX. From their website:

**State Endowment-12%**

In 1839, when Texas was still a republic, its congress set aside 221,400 acres to fund higher education. In the state's constitution of 1876, this land allocation was increased and dedicated to The University of Texas. Today this land encompasses 2.1 million acres of West Texas. This land is then leased to oil and gas companies, cattle ranchers and wind farms to generate income. A portion of this income is ultimately distributed to the UT System and the A&M System, 2/3 and 1/3 respectively, including for the support and maintenance of UT Austin. The exact amount that can be distributed — known as the Available University Fund — is set by the UT System Board of Regents.

**1% - County Support**

Property owners of Travis County also contribute to the university in the form of property tax to support the creation of the Dell Medical School. This tax of $0.129 per $100 valuation, approved by voters in a 2012 referendum, currently generates $35 million a year. This funding goes through the county's hospital district, Central Health. The medical school is also funded by the state, as described above, and by philanthropy.

17. **Dell Medical School** is a branch of the University of Texas at Austin, is a publicly funded medical school, and has clinical sites at Seton Ascension including Dell Children's, with residency programs and medical student rotations. They award a "Doctor of Medicine" degree, and several graduate degrees.

18.  **Sablatura and Williams, PLLC** is a law office in Round Rock, TX and Austin Texas.

19.  **Russ Sablatura is an attorney** at Sablatura and Williams, PLLC who was hired by my mother to represent me in a criminal matter in Travis County TX. He was recommended by the **Lawyer Referral Service of Central Texas.** He is a University of Texas at Austin graduate with a business degree, and a St Mary's law school graduate. He claims to have 20 years of experience practicing law, and purports to be a "proud Longhorn supporter" per his website.  Citizenship unknown.

20. **Jackson Lewis PC** is a law firm that employs over 950 attorneys in many states of the US and Puerto Rico.

21. **Robert Fischer** is a Principal attorney and office litigation manager of the Jackson Lewis Austin office. He graduated from the University of Texas Law school, has been practicing since 1984, and the Texas State Bar website states his primary practice location is Connecticut. He represents management in unfair competition and non - compete agreements, and belongs to the "Director's Circle" of the non-profit group Zach Theatre, which requires donations of at least $6,000; and serves on the Board of Trustees at the theatre, which is housed in a City of Austin owned building. Citizenship unknown.

22. **Julie Tower** is an associate attorney in the Jackson Lewis Austin office, and she solely represents management in employment matters. She attended New York University as an undergraduate, which is a private university in New York City; and then attended law school at Cornell University which is a private university located in Ithaca, New York. Citizenship unknown.

23. **Carolyn Cummings** is, per Julie Tower in May 2017, a former Dell Children's RN recruiter who worked at Seton for a number of years. Citizenship unknown.

**Background**

I, **Amanda Phillips**, am a Registered Nurse (RN) with an RN license in Texas. From September 2011 to May 2012, I was employed at Seton Family of Hospitals as a Clinical

Assistant (CA). I graduated from Austin Community College (ACC) with an associates

degree in nursing (ADN) in May 2012, and obtained licensure in June 2012. During the

Spring 2012, I applied for Seton's RN Versant Residency program for new graduate

nurses, for several positions as a new graduate RN. I was not selected for any of these

positions despite having work experience at Seton as a CA, work experience in an

emergency department as a Patient Care Technician, a completed Emergency Medical

Technician Basic course, a completed phlebotomy certificate from ACC, a Bachelor's

Degree in Biology, and a soon to be completed ADN degree. In April 2012, a Seton RN

recruiter named Chris Lacey told our nursing school class that Seton would not be hiring

associate  degree nurses or any nurses  graduating from ACC. He stated that bachelors

degrees in nursing were preferred, and anyone who did happen to get hired as an RN

from ACC would have to obtain  special permission from the Chief Nursing Officer of

the hospital they were hired at, and sign a contract stating a Bachelors of Science degree

in nursing would be completed within 2 years of the date  of hire.

In March or April 2012, I attended a job fair held at Dell Children's Hospital in which I

turned in my resume to Carolyn Cummings, the RN recruiter at that time for Dell.

Carolyn and several RN managers were at the Dell Children's table. I told Carolyn I

wanted to work in the Pediatric Intensive Care Unit (PICU), but that I would be willing to

take any RN position to get my foot in the door. Carolyn took my resume, looked it over,

and said "Why do you want to work at Dell?' I also gave my resume to RN managers at

13

Brackenridge hospital for adult Intensive Care Unit (ICU), adult intermediate care unit (IMC) and cardiac units.

At this job fair were hundreds of newly graduated nurses, including nurses from out of town and out of the state of Texas seeking employment. One of the recruiters for Seton stated "we have over 1500 nurses applying for 75 new graduate positions." I sat next to a new graduate nurse who stated she was from Houston and hoping to relocate to Austin. I was not selected for any of the positions, and did not obtain any interviews. I obtained nursing employment elsewhere.

In March 2013, I attended a second job fair at Seton, and turned in my resume again to Dell children's, and other RN managers at Seton including Brackenridge and Seton Main. Again, there were hundreds of nurses there including from out of state seeking employment. I was not offered any interviews or selected for employment. As I walked to the parking garage, I encountered a woman who stated she was an RN from New York hoping to relocate to Texas because the RN market in the Northeast was saturated, to include New York State and Boston.

In October 2013, I had a telephone conversation with Melissa Lane, an RN  with a bachelors from Baylor University, who graduated a semester ahead of me from ACC. She was working a full time day shift position in the IMC at Seton Main, and stated that there was no one over 30 in her department, and everyone was really young. I emailed her my

14

resume, and she stated she would give my resume to her manager. When I followed up

with her, she stated she had given the resume to her manager, and the manager said to

follow up with the RN recruiter for Seton Main. I did call the RN recruiter for Seton

Main, Michelle Rodriguez, who stated they did not have any open RN positions in the

IMC at this time.

In October 2013, I applied for and interviewed for a full time RN position in the ICU at

Seton Main. I was not selected for this position. I also applied for other positions at Seton

including Dell childrens, and Seton Williamson in the ICU, and did not hear back from

them.

In November 2013, I was hired at Seton Northwest Hospital in a full time RN on the

night shift. After I was hired, I attended a nursing orientation session that was about a

week long and included a clinical simulation training session. During orientation,

introductions were made and people were asked where they came from. Only 3 of us

were from Austin, the rest were from other states and many from other countries

including Saudi Arabia and Philippines. One of the nurses who stated she was hired into

the ICU as a full time RN at Seton Main was from Iowa and her husband is a pastor, and

they had just relocated to Austin  for his job.

During my employment at Seton Northwest as an RN on night shift,  I was forced to

work, on 2 different occasions,  6 twelve-hour shifts in a row with no overtime and

without my prior knowledge or consent, placed on call with no pay; forced to switch up

patients mid shift with nurses who had been placed on call; given unsafe staffing

assignments of 6 patients when the national safety standard is 4; exposed to tuberculosis

(TB) and had to undergo testing; received an email from Seton in my personal email with

the Patient's Name in the subject line and was instructed to delete the email after reading

it; and witnessed a patient's trauma after a male janitor exposed himself to her in her

room. I reported staffing safety issues to my RN Clinical Manager, Lauren Wood, and

she stated "We don't staff based on acuity here, it's all based on numbers". "We expect

nurses to be able to accommodate our schedule and that's just the way it is here". The

staffing assignments and scheduling continued as it was up until my last day working

there.

The Seton employee manual states that employees may transfer to a different department

within 6 months of employment if they have no disciplinary actions. I had no disciplinary

actions.  I emailed and called Carolyn Cummings to discuss my wanting to transfer to

Dell Childrens and preferring to work PICU or PIMC, and she stated they had no

openings for those positions at that time. She stated they had a night shift position on the

surgical care floor, so I  then applied for and interviewed at Dell Children's for a night

shift RN position on the surgical floor.   I first  interviewed in person with Carolyn

Cummings,  and then with Yvonne Beltran and the RN educator of the unit. After the

interview, Carolyn stated they were offering the position and the date I started working at

Dell would depend on how the manager to manager conversation went, and what the managers decided was an appropriate date to transfer.

Several weeks went by, in which Lauren went on vacation, and I continued to be placed on call with no pay for several shifts, turning 12 hour shifts into 8 hour shifts and causing me to lose hours and therefore pay. Lauren returned from vacation, and the manager to manager conversation was apparently held. I spoke to Carolyn who said she was ready to schedule for me to attend the Dell orientation in June 2018 and the echarting training. I spoke with Lauren to ask if she had done the manager to manager transfer with Yvonne Beltran, and she began yelling at me and said "We are short staffed on this unit, you can't just transfer when you want to, just because you want to go work at Dell", "that's not how we do it at Seton", "if you don't really want a job, you shouldn't take it". Lauren then instructed me to contact the managers at Dell to get their decision on my transfer.

After this conversation, I contacted Carolyn via phone to see what the update was regarding the transfer. She stated she did not know what the decision was, but she had spoken with Yvonne and there had been some "phone tag" between the managers, and that she had finally spoken with Lauren, and Lauren said they were having low staffing issues on our unit, and that I had no practice issues. Carolyn told me to follow up with her at a later date. Lauren later approached me at work, and stated she had other nurses wanting to transfer and said that she had already placed my position up on the work site for others to apply to, and that she was planning on me transfering to Dell.

I emailed Carolyn a few days later  to see what the decision was, as I did not have contact info for Yvonne Beltran or the RN educator at that time. I received a follow up email from Yvonne Beltran stating they would not be able to transfer me at that time. I emailed Lauren my 2 week notice to terminate my position,  and I scheduled an interview with the HR representative of Seton Northwest. When we met in her office, I informed her of all the statements I had received from Yvonne, Carolyn, and Lauren, and the issues on my floor, which I had reported to Lauren. She stated that there was nothing she could do about it, and that it was all Lauren's decision, and managers can make decisions to deny transfers based on the staffing needs of the unit.

I scheduled a phone interview with the Chief Nursing Officer of Seton Northwest, in which I reported what happened regarding my transfer to Dell, and he stated that if I had not put in my two weeks notice, they would go ahead and push the transfer through, that I would be able to reapply for other positions once leaving Seton, and that I would be surprised at who works at Seton with different kinds of records, and they have nurses working there that have killed patients and still work as a nurse.

My last day at Seton was around June 24,  2014. After this, I applied for several RN positions including IMC Seton Main, some at Dell Children's and several at Brackenridge. I also contacted the RN recruiters by phone and email during this time. I interviewed for an RN position at Seton IMC with the RN manager and the RN educator.

The RN educator stated that managers all look out for each other at Seton, and they won't let someone transfer just because they want to. He stated they had several nurses who had completed masters degrees as Nurse Practitioners (NP), and were only working here until they could find jobs as Nurse Practitioners. He stated that the kind of nurse we want is someone who wants to get educated and move on out of here. The RN manager stated she had 5 positions to fill for full time RNs.

I did not get this position, and continued to apply for positions all throughout Seton, including emailing and calling recruiters with no call backs. Most of the time,recruiters do not return phone calls or emails.

In October 2016, I filed a complaint with the Texas Board of Nursing in part due to Seton's failure to hire me back

In December 2016, I filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) based on retaliation and sexual discrimination for failure to hire back.   I cross-filed this complaint with the Texas Workforce Commission. EEOC offered to mediate the claim, which I agreed to do, and Seton Family of Hospitals (Seton) declined mediation.  I received a "right to sue" letter from EEOC, and filed a lawsuit against Seton in Travis County Civil court for retaliation in February 2017. I filed as an unrepresented "pro-se" litigant, with a pauper's affidavit due to  being an unemployed single woman with federal student loans and monthly rent.

19

Seton hired the Jackson Lewis Law firm as their counsel, with A. Robert Fischer and Julie Tower as the attorneys representing them in the case. They moved the case from Travis County court to the Western District of Texas US court, paying the $400.00 filing fee to do so.

The main request I had for this complaint was a full- time day shift job at Seton Dell Children's Hospital in the Pediatric Intensive Care Unit (PICU).

After the case was moved,  the case proceeded for several months with me being an unemployed nurse for the whole duration. In November 2017, I agreed to close the case in the hopes the attorneys would be more willing to negotiate a job at Seton. This did not happen, so I requested to re-file and appeal  the case, and this was denied.

After several more months, I was arrested August 3, 2018 by US Marshals at Riverparks in Tulsa, OK; charged with making a felony "terroristic threat with intent to influence the government". The arrest warrant came from Travis County, TX. I was placed on a federal hold at the Tulsa County jail for one week, then taken by Texas Prison Transport systems on a 26 hour ride from Tulsa, OK to Austin, TX, where I was in shackles the entire duration of the trip, at my wrists and ankles. I was offered fast food to eat by the drivers of the transport van,  which I do not normally eat;  and was placed in danger by the

drivers speeding up to 95-100 mph in the rain, texting while driving,  and the drivers clearly not having enough sleep to drive safely.

Several hours into the trip, we were taken to Huntsville prison, where one of the drivers left me alone with 2 male passengers in the van, including one that was a convict being dropped off at the prison. One of the guards took out a large rifle and held it up into the air.

After 26 hours of traveling in shackles on this van, we arrived at Travis County jail, where I was housed for 24 hours and then taken to Del Valle, where I remained for about 12 hours until my family was able to post bond and hire a private attorney, Russ Sablatura. I then went to Brookhaven mental health hospital in Tulsa, OK for inpatient treatment for 2 weeks.

At Brookhaven mental health hospital, blood lab work was drawn, and I was shown to have low potassium. Low potassium results from inadequate diet. During the weeklong stay at the Tulsa County jail, and in the jail for one day at Travis County jail, nutrition was inadequate and consisted of bologna sandwiches and hot dogs. The prison transport ride offered fast food, which as a health conscious person I do not eat.  Psychiatric evaluations were completed, and I was diagnosed with major depression, insomnia, anxiety, panic disorder resolved, and rule out post traumatic stress disorder.

2 of the conditions of my bond were to have no contact and to stay away from witness

Julie Tower and Jackson Lewis attorneys, and to have no contact and to stay away from

witness Amanda Thompson, the Canadian immigrant RN manager of the PICU at Dell

Children's Hospital.

My criminal case lasted for 16 months. On the news, in other media sources, and via

political social media posts, the Travis County District Attorney's office states they aim

to have most cases dismissed or otherwise resolved within 6 months. The mental health

court portion of my case lasted for 7 months, and my case was dismissed on December

17, 2019. Most mental health cases take 6 months to resolve. I applied for mental health

court in November 2018, and my application was not accepted into the program until

May 2019, at the discretion of Gustavo Garcia, JR, the Travis County prosecutor assigned

to my case.

One of the conditions of mental health court is ongoing psychiatry as an outpatient, with

counseling and any other needed therapies. I do not have health insurance, so my costs

were paid for out of pocket by myself through assistance from family, and from a charity

in Tulsa Ok. I have been to outpatient psychiatry once a month from September 2018 to

January 2020, which has been reduced down to every 3 months now. I have been to

weekly therapy from September 2018 to December 2018; and then from August 2019 to

February 2020; completing a Dialectical Behavioral Skills (DBT) therapy program

including group therapy. This all comes at a substantial cost as individual therapy

sessions are $150.00, group sessions are $50.00, both occurring weekly for 6 months. Monthly psychiatry sessions were $60.00 at Brookhaven from September 2018 to May 2019; followed by no cost to me at charity Family and Children's Services from May 2019 to present.  Medications cost $30.00 to $40.00 about; but now come at no cost to me and are paid for by Family and Children's Services.

I incurred significant travel expenses as a result of going to court, including mental health court. Travelling by car takes about 2 days, with a stay at a hotel overnight and having to pay for parking. Travelling by plane still takes 2 days, with airline fares ranging from $300.00 to $400.00 round trip. Hotel stays cost $90.00-$140.00.  Parking at the courthouse costs $15.00 to $21.00.

My attorney Russ Sablatura stated he went to Jackson Lewis law office and spoke with Julie Tower and A. Robert Fischer in August 2018. He informed me of this over the phone and with my inpatient therapist Kari present and listening. I did not have previous knowledge of this, nor did I give him my permission as his client to do this.

At no time during the 16 months I was represented by Mr. Sablatura did the Jackson Lewis attorneys reach out to him to negotiate a job.

In July 2019, I filed a complaint with the Department of Education Office of Civil Rights against University of Texas Austin and Dell Medical School. I received a notice from this

agency in August 2019 offering mediation with the school. I reported this mediation request to my attorney Russ Sablatura, and told him I wanted to try the mediation. Russ Sablatura informed me not to be filing any more complaints or to speak to any other offices but his, and then told me on more than one occasion he would take care of this mediation. He did not take care of the mediation, knowing I was depending on him doing so, and the mediation was dismissed as a result of his failure to communicate with the Office of Civil Rights.

The felony criminal charge in Travis County TX was dismissed "in the interest of justice" on December 17, 2019.

I filed a complaint with the Texas State Bar against Russ Sablatura in December 2019 for missing the important deadline of mediation with the Office of Civil Rights for admission into Dell Medical School at University of Texas Austin, and this complaint was dismissed weeks later as an "inquiry."

I filed a second complaint with Equal Employment Opportunity Commission (EEOC) in January 2020.

I next sent a letter in January 2020 to Christopher Born, CEO Dell Childrens; Deb Brown, former Chief Nurse Officer Dell Childrens; and Brittany Garrett, RN recruiter Dell childrens  to request settlement in the form of a full time job offer in the PICU as an

24

RN, including salary and benefit specifications;  and a settlement amount to cover the harm I have endured due to long term unemployment and emotional distress. I received a response letter from attorney Michael DePonte of Jackson Lewis Dallas, declining my request for settlement.

 I filed a formal charge with the EEOC on Feb 26, 2020, for retaliation, Disability, criminal charge, age, national origin, and sex.

**Stating Claims**

**Civil Rights Act of 1964 violations:**

**Retaliation:** I, Plaintiff Amanda Phillips, engaged in protected activity by participating in a deposition for an employment complaint with Austin Diagnostic Clinic in May 2014, which I told Courtney Williamson,  RN and Fred (last name unknown), RN about; and whom both were Registered Nurses at Seton Northwest where I worked;  reporting unsafe staffing assignments in June 2014 to my manager Lauren Wood, RN; being a witness to a patients' emotional distress around April or May 2014 due to a male janitor exposing himself to her in her room; being exposed to tuberculosis in April or May 2014; reporting issues with patient safety and staffing  issues and the denial of my transfer to Dell Children's to Shauna Vogt, Human Resources representative at Seton Northwest hospital in June 2014; reported issues with the Dell Children's job transfer to the Seton Northwest Chief Nursing Officer in June 2014; reporting patient safety issues at Seton

Northwest to the Texas Board of Nursing in October 2016; filing an EEOC charge for retaliation and sexual discrimination in February 2017 which was crossfiled with the Texas Workforce Commission; filed a lawsuit in 419th Judicial District of Travis County Texas (Case No.: D-1-GN-17-000717); case was transferred to Western District of Texas Austin Division (CIVIL ACTION NO. 1:17-cv-00477-RP), and then dismissed with prejudice in November 2017 in violation of Fed. Rule Civil Procedure Rule 41(a)(1)(B)(2)(2). I filed a Texas State Bar complaint against Jackson Lewis attorneys Robert Fischer and Julie Tower in May 2018; reported to US Immigration and Customs Enforcement and the Texas Board of Nursing Seton's abuse of the immigration system in hiring Amanda Thompson, RN, as a Clinical Manager in the PICU at Dell Children's when there are local nurses like myself who wanted the job; or the ability to work my way into the job by first working as a staff RN in the PICU at Dell Children's. I reported Seton's charity fraud to the Federal Bureau of Investigation (FBI) and the Texas Attorney General in July 2018 and July 2019. I filed a second EEOC inquiry in December 2019; sent a demand letter in January 2020 to Christopher Born, Deb Brown, and Brittany Garrett. I have experienced continued refusal to hire at Seton Ascension and Dell Children's Medical Center of Central Texas first by having my transfer to Dell Children's denied by my manager Lauren Wood at Seton Northwest hospital in June 2014; and then continued thereafter to this day by no hires at all.

**Sexual Discrimination:** Seton Ascension discriminated against me by hiring homosexual men into their PICU at Dell Children's, (which I, Plaintiff Amanda Phillips, have take no

personal issue with, just note the hypocrisy) while claiming to be a Catholic non-profit organization who can't pay for women's birth control due to their Catholic stance on birth control and abortion. Seton refuses to hire nurses who have worked at Planned Parenthood, and I was hired at Planned Parenthood in August 2010 and declined the job so I could begin nursing school at Austin Community College and become an RN to work at Seton Dell Children's.

**Age Discrimination:**  I have been discriminated against by Seton Ascension based on age since I am 40 years old, and Seton is aware of my age. Seton prefers hiring younger new graduate nurses on its nursing units, and this leaves older nurses like me out of consideration for a job.  I have not been rehired for a job at Seton since 2014, and have not been hired at Dell Childrens, ever.  My last few job  applications in January and February   2020 for RN PICU positions have had no response to date.

**National Origin:**  I have been discriminated against because of national origin, because I am an American citizen, and Seton prefers to hire immigrant nurses on its nursing units, in particular the PICU at Dell Children's, where Amanda Thompson, an RN from Montreal, Canada was hired to be a Clinical Manager. Amanda is married to a German immigrant who is a former Ascension employee from the IT department, and was given a desirable position of day shift Clinical Manager PICU RN despite only having a Bachelors in Nursing degree when a Masters in Nursing degree is required for being a Clinical Manager, especially in light of the "Magnet" status Seton uses to advertise itself

27

to patients and in recruiting for nurses. In fact, this "Magnet" designation is the basis for Seton's reasoning for not hiring Austin Community College nurses.  I have continuously not been rehired at Seton Ascension since 2014, and have never been offered a position at Dell Children's despite numerous applications there.

**Criminal Background:** I have been discriminated against by Seton Ascension due to my arrest record of "Felony Terroristic Threat with Intent to Influence the Government". The irony in this is defendant assisted in bringing the charges with their counsel, Jackson Lewis PC. They did so to gain an advantage in this matter.

**Family Status:**  I have been discriminated against by Seton Ascension due to being denied an internal transfer to a more desirable position at Dell Childrens, and ongoing refusal to hire due to the fact Seton Ascension and Dell Childrens prefers to hire women who are married to men who work at tech firms.

**Americans With Disabilities Act Violations:**

I have been discriminated against by Seton Ascension for having a mental health disability, in the form of insomnia, depression, anxiety, post traumatic stress disorder; and a physical health disorder of interstitial cystitis.  I have applied for numerous positions at Seton Ascension and not been hired back since 2014.

**Fraudulent Misrepresentation:** Under Texas law, to establish a common law fraud a

plaintiff must prove (1) the defendant made a material

representation, (2) which was false, (3) which was either known to be false when made or which

was recklessly made as a positive assertion without knowledge of its truth, (4) which the

speaker made with intent that it be acted upon, and (5) the other party took action in reliance

upon the misrepresentation, and (6) thereby suffered injury.

**First Count of Fraudulent Misrepresentation:**

1. Defendant Seton Ascension made and continues to make material representations

   there is a local nursing shortage by making statements on their website and on

   their social media pages there is a shortage of registered nurses and a high

   demand for registered nurses. Seton Ascension places ads in local newspapers and

   in national nursing journals recruiting for registered nursing positions and offering

   relocation assistance and sign on bonuses, which gives the impression there is a

   local shortage of registered nurses. Seton allows Austin Community College

   nursing students, and other area nursing school students to complete clinical

   course requirements at their hospitals, including Dell Children's. I did my own

   clinicals mostly at Seton hospitals, including Dell Children's. This led me to

   believe I would have a good chance of getting hired at Dell Children's since I was

allowed to do clinicals there. Additionally, Seton has a question on its job application asking "have you done clinicals at Seton facilities or its affiliates?" Reading this on the job application further led me to believe Seton prefers to hire local nursing school graduates who have completed clinicals at their facilities. Seton has donated money to local colleges and nursing scholarship programs with the purpose of alleviating a local nursing shortage. Seton has donated money to Austin Community College, to Capital Idea scholarship and to other local nursing colleges including Texas A&M Round Rock which was being built around 2009-2010 when I first began nursing school at the ACC Round Rock Campus. Joe Canales is a Seton Ascension representative and sits on the Board of Trustees of Capital Idea, which is a local scholarship program providing tuition assistance to low income residents of the Central Texas area wishing to train in areas of shortage such as registered nursing.

Seton hires many immigrant nurses, out of state nurses including out of state nurses into its RN residency training program for new graduate nurses. In Spring 2012, when I was about to graduate from ACC nursing school and was completing my 4th semester clinicals at Brackenridge Seton hospital, I met a Seton RN Versant resident working in the Brackenridge ICU who stated she was from Chicago, Illinois. By attempting to recruit nurses from other states and countries, and actually hiring nurses from other states and countries, this gave me the impression there was a nursing shortage in Austin, TX and Seton would have a great need for a locally graduated nurse.

2.  The material representations Seton Ascension makes directly and to allude to a nursing shortage and high demand for registered nurses is false. Upon doing the math, when I counted all the local nursing schools in Austin and Round Rock alone, **EXCLUDING** other nursing schools closeby in the central Texas region with smaller hospital systems and less job opportunity than Austin, there are more RN nurses graduating each year than available jobs. Statements from representatives at both Austin area hospitals Seton and St. Davids have been "more than 1500 new graduates apply for our new graduate nursing positions", "more than 500 nurses apply for each nursing job". The new graduate nurses that graduate in increasing numbers in the Austin area each year have been piling up for years, with around 600 new graduates graduating locally, and each hospital system (St Davids and Seton) offering 50-75 new graduate nurse positions per year. My personal experience has been that I have applied for hundreds of nursing jobs in the Austin area over the years, and more often than not, don't hear back. I have applied at Seton dozens of times over the years and have had 3 interviews, only one of which resulted in a hire and it was not in my preferred specialty. In Spring 2012, I attended a job fair at Seton in which there were hundreds of new graduate nurses applying for jobs, some of whom came from Houston, Dallas, and even out of state to apply for jobs at Seton. At this particular job fair, a representative from Seton stood up in front of the group and announced Seton had over 1500 new nurses applying for about 75 new graduate spots, and only one spot would go to a Pediatric Intensive Care Unit (PICU) RN at Dell Children's.

Since this time in Spring 2012, in subsequent years, Seton has continued donating clinical space and money to local nursing schools, continues to post on its website there is a local nursing shortage,  continues to advertise and attempt to recruit nurses from around the country, and continues to hire immigrant nurses based on a shortage of nurses. Also in Spring 2012, when I was doing clinicals and also working as a Clinical Assistant in the ICU at Brackenridge Hospital, in addition to meeting a new graduate nurse who stated she was from Illinois, I had a discussion with a charge nurse in the ICU about the new graduate hiring process at Seton. She stated "I don't know how they end up choosing new graduate nurses, there's so many of them and everyone is qualified."

Even in February 2015, when I was continuing to apply for jobs at Seton and Dell Children's to include not only applying but calling and emailing Carolyn Cummings, the RN recruiter for Dell Childrens at that time, she stated "I have so many new graduate nurse applications I  don't  know what to do with all of them."   It will require some discovery and interrogatories to get more facts regarding the falsity of Seton's misrepresentations, since defendants have information in their exclusive possession.

3.   Seton knows its misrepresentations are false. As stated above, Seton representatives have boasted of their high application to job ratio for registered nursing positions, but continue to fund local nursing schools financially and provide clinical space in the attempt to give the impression of a nursing shortage; and to create an oversupply of nurses in which they benefit by being able to lower

wages and benefits, and control working conditions to the detriment of patients and nurses.  The math of having 7 local nursing schools graduating 600 new nurses, **EXCLUDING** other central Texas nursing schools close by who also apply  into the Seton and St Davids systems does not add up. New nursing schools have continued to open up over the years, and existing nursing schools have expanded their enrollments and graduation rates, all with the help of Seton. Seton knows how many nurses apply for jobs, email and call recruiters for jobs. This is information that will have to be requested on discovery and with interrogatories, since it is in the exclusive control of Seton.

4.  Seton speaks and implies and otherwise makes material representations with the intent they be acted upon, to induce people to enroll and graduate from nursing schools so Seton has a higher number of applicants to choose from. By having an oversupply of nurses, Seton benefits by being able to offer lower wages and benefits to nurses more desperate to find work; and is able to instill fear in nurses who are hired because they know Seton has the power and control over their jobs and they are easily replaced. I enrolled in nursing school due to the job security and high demand and wages the job was alleged to have, and Seton advertises itself as being a great place to go for medical care, and work as a registered nurse, in particular due to its Magnet Status. I was forced to choose a less desirable position as being an RN on medical/surgical nights, instead of in the Pediatric or Adult ICU on the day shift, due to the scarcity of jobs in those specialties.

33

5. The action I took in reliance of this misrepresentation was I went to nursing school at ACC with the intent to live in Austin and work in the pediatric ICU at Dell Children's. I did so because I believed there was a shortage of nurses in Austin, based on statements I have heard in the media and by seeing all these new nursing schools open being funded in part by Seton. It is common local belief there is a nursing shortage.

6. I have suffered and continue to suffer injury in the form of financial and emotional harm. I have only been able to work as a night shift RN on the medical surgical unit at Seton Northwest Hospital, and have never been able to work as an RN in the pediatric intensive care unit, or any of the other ICUs at Seton.  I have not worked at Seton since May 2014, and have had lease obligations in Austin from May 2014 to June 2014, and again in Georgetown from November 2016 to April 2018. I have been unable to live in Austin due to being priced out of the local housing market and having to live out of state in Tulsa, OK.

**Second Count of Fraudulent Misrepresentation:**

1. Defendant Austin Community College made and continues to make material representations by making statements on their website and to local media sources there is a nursing shortage and high demand for registered nurses. Beginning in 2008, Austin Community College began expanding its nursing programs and increasing enrollment and graduation rates of its students by building new nursing schools in Round Rock TX, and at Seton Brackenridge. ACC accepts funding from Capital Idea, a scholarship program designed to give tuition assistance to

local residents wishing to obtain degrees in high demand areas. ACC is partly funded by tuition which is paid for by private scholarships, students personal finances, state and federal financial aid some of which are student loans. ACC receives funding from local property taxes  decided by voting referendums in the City of Austin and Travis County. Residents of the City of Austin and Travis County receive reduced tuition rates compared to non residents and out of state residents, based on these subsidies by local property taxation, with the idea being to supply local graduates including local nursing school graduates to area hospitals.

2. Nursing school faculty  at ACC were made aware of Seton representative statements made in April 2012 stating Seton will not be hiring ACC graduates, except in limited circumstances and only with the prior written consent of the hiring manager, and with a contract stating a Bachelors in Nursing degree would be started within 2 years of the date of hire.  Some of the ACC 4th semester nursing instructors stood in front of our class in April 2012 and stated "We are aware Seton said they are not hiring ACC graduates, and that is unfortunate, we have reported this to the Dean and the President's office to see if there is anything they can do".  Despite these statements made in 2012 proving their awareness of Seton not hiring ACC graduates, ACC has continued to graduate around 240 new nursing graduates per year, has changed from being an "Associates in Nursing" program to a "Bachelor of Science" in Nursing, continues to post on its website

there is a local shortage of registered nurses, and continues to have clinical

rotations at Seton facilities.

3.  Austin Community College knew when I was in nursing school, and knew now

there is not a nursing shortage. In Spring 2011, my nursing instructor Arlene

Detteman stated "if you want a specialty job, you may have to commute to

Temple and work at Scott and White if you are willing to do so." It will require

some discovery and interrogatories to prove this element, as Austin Community

College has information in its exclusive possession.

4.   Austin Community College made and continues to make material representations

that it knows are false, with the intent of having more people enroll in its nursing

programs. ACC makes money the more students it has enrolled. It is lucrative

money to have many students enrolled to take prerequisites for nursing school,

and then to enroll in nursing school itself. ACC gets additional money in the form

of grants from local hospitals including Seton, and grants from local, state, and

federal government to own and operate a nursing program.

5.  I relied on the statements ACC has made to the media, as well as the actions of

continuing to maintain a large nursing program graduating around 240 nursing

students per year to my detriment. The statements and material representations of

a high local demand of registered nurses, led me to enroll in the ACC nursing

program with the belief that I would be hired at Seton due to its partnerships with

the school, City of Austin, and Travis County. I believed ACC nursing graduates

would have preferential hiring into the more desirable positions at Dell Children's

in the PICU, and at Seton adult ICU since they hire so many out of state transplants and immigrant nurses to work in those areas. I have never been hired to work at any of the ICUs at Seton, or any of the units at Dell Children's. I was unemployed in Austin since May 2014 and had to move out of town due to being priced out of the local housing market.

**Third Count of Fraudulent Misrepresentation:**

1. Defendant Texas Board of Nursing made and continues to make material representations there is a shortage of registered nurses and a high demand for registered nurses in Austin, throughout the State of Texas, and nationwide. Statements on their website, on their social media websites, to the local media and to national and state-wide nursing associations are in direct reference to a nursing shortage and high demand for registered nurses. Representatives from the Texas Board of Nursing have appeared before the Texas State legislature requesting funding for more nursing schools to open, and stating there is a statewide nursing shortage so funding is needed for new nursing schools and to expand existing nursing schools.

The Texas Board of Nursing is responsible for accrediting new nursing schools, and maintaining accreditation of existing nursing programs. Without the Texas Board of Nursing seal of approval, no nursing program in Texas would legally exist. This certainly includes ACC and all the new nursing programs I have seen being built in the Austin and Round Rock areas. I have researched other cities and

counties in Texas, and there are nursing schools even in the most rural areas of Texas.

The Texas Board of Nursing is also responsible for licensing and maintaining licensure of Registered Nurses in the State of Texas. The Board allows immigrant and out of state nurses to get licensure in Texas, and representatives from the Texas Board of Nursing have stated in media sources they have implemented systems to expedite out of state transfer licenses in order to alleviate statewide nursing shortages, and in particular temporary licenses in times of disaster.

2.  The statements and material representations the Texas Board of Nursing makes in regards to a purported nursing shortage are false. The math does not add up when the Texas Board of Nursing states on the one hand there is a dire shortage and high demand for registered nurses, and then states on a different part of their website there are over 300,000 registered nurses in the state of Texas, with more than 200 statewide nursing programs, and 27,000 new licensees each year. With particularity are the Austin TX based programs the Board accredits to exist, including newer programs such as Texas Tech opening Fall 2006; and  Texas State and Texas A&M opening in August 2010. It will require some discovery and interrogatories to prove this element, since defendant has information in its exclusive possession not available to plaintiff.

.   The Texas Board of Nursing knows there is not a shortage of nurses in Austin, TX.  As above, this will require discovery and interrogatories to prove this element.

4. The Texas Board of nursing made and continues to make material representations there is a nursing shortage and high demand for registered nurses. In addition to stating there is a shortage on its website and social media pages, in local media sources and to national nursing organizations, the acts of accrediting and maintaining the accreditation of existing nursing schools gives the false appearance of a nursing shortage and high demand for registered nurses. I believed, and most people believed that surely the Board of Nursing would not seek to accredit so many new nursing schools, and allow accreditation to continue of existing programs were there not a legitimate nursing shortage or a high demand for registered nurses. Most people, myself included, have a general trust of government organizations and believe these entities act in our (the citizens) best interest and would not needlessly (in this instance with the board) create unnecessary programs for nursing were there not a legitimate need for so many nursing graduates every year.

5. I relied on the statements and material representations noted above made by the Texas Board of Nursing to my own detriment. As stated in the same element for the other defendants, I have not had a job in Austin since May 2014, have applied for hundreds of nursing positions all across Texas including Houston, San Antonio and Dallas, and have only had 2 times, one being a medical surgical night shift position in San Antonio TX. I have never been selected  to work in an ICU, PICU, or NICU job position in any hospital in Texas, despite many applications

and recruiter contacts, and being more qualified than most due to my clinical

assistant background and coursework in EMT basic.

**Fourth Count of Fraudulent Misrepresentation:**

1.   Defendant University of Texas at Austin/Dell Medical School made and

continues to make material representations by posting on its website

statements it is an inclusive university which evaluates applications in a

holistic manner and does not set a minimum grade point average (GPA) or

Medical College Admissions Test (MCAT) score for admissions, that it

takes the entirety of the applicants history into account when evaluating

for admission into the Doctor of Medicine (MD) program at Dell Medical

School. The website also states they are working towards the trend of

focusing less on individual prerequisite courses required before admission

into the MD program, and more towards evaluating individual life

circumstances and contributions to the community.

2.   The material representations made by UT Austin and Dell Med are false.

After the statements noted above in #1, the website states "we expect our

GPA and MCAT trends to mirror that of other top medical schools."

They post demographics of their admitted classes in which it does mimic

the traditional younger applicant with high GPAs and MCAT scores from

elite universities. Dell Med even goes so far as to state  in a boastful

manner the Ivy League universities some of their matriculants have come

from.

3. University of Texas and Dell Med know they are not honoring their own statements of being a more inclusive university, and know they are relying on traditional parameters for acceptance into the University of Texas undergraduate programs and the Dell Medical School. This will require some discovery due to the defendants having exclusive information in their possession.

4. University of Texas and Dell Medical school makes these statements of inclusivity and holistic applicant evaluation in order to induce a higher number of applicants to apply to their programs. This is lucrative business for them as they make a lot of money from the application fees. This also causes their schools to appear more competitive than they are, in having a higher number of applications to matriculants. Thus giving the false impression of a more competitive application environment, when in reality they are still relying on old methods to determine admittance, and the biggest majority of their applications are truly hopeless and have never stood a chance at acceptance.

5. I relied on these false statements by the University of Texas and Dell Medical School to my own detriment. I have applied to Dell Medical school twice, spending months preparing for the test and purchasing Kaplan review books for around $60.00, having to pay $330.00 to take the MCAT test, driving to Waco from Georgetown incurring the cost of gasoline at $30.00 to get to the testing center, paying the Dell Medical

School Application fee of $185.00 for 2 consecutive years, driving from Tulsa to Oklahoma City to get undergraduate transcripts and in one instance paying $8.00 for a transcript, and paying $75.00 to apply to the University of Texas at Austin in Spring 2019 in the hopes of finishing my prerequisite coursework there. I spent hours putting together the applications to both schools, including writing essays. I was ultimately denied admission by the University of Texas at Austin, and have not heard anything back from the Dell Medical School for either years' application, other than an agreement to mediate the Office of Civil Rights claim I filed in June 2019, which will be detailed below in elements of fraud against Russ Sablatura.

6. I was harmed by the fraudulent misrepresentation of University of Texas and Dell Medical School by getting my hopes up and suffering emotional distress as a result of not being accepted; spending money on applications, tests, and testing materials that I got no result from; and spending time writing essays, gathering transcripts, and putting together my application for admittance when I could have been doing something else more productive with my time.

**Fifth Count of Fraudulent Misrepresentation:**

. Defendants Russ Sablatura of the Sablatura Williams PLLC law office, made the false representation of stating he would handle the mediation request by the Office of Civil Rights with Dell Medical School and University of Texas at

Austin. He first told me not to speak to outside agencies or offices but his, including threatening to prejudice my criminal case by no longer representing me in the middle of it. After this threat, which ironically came after I contacted the Texas State Bar by email for help with Attorney:Client relations, The Office of Civil Rights send me an email and began leaving voicemail messages stating they would like to schedule a mediation session over the phone with me and the Dell Medical School/University of Texas Austin. I forwarded all of these emails and voicemails to Russ Sablatura, and informed him I would very much like to participate in the mediation, but had not contacted them back since he told me not to talk to any other offices but his.  Russ stated that he would handle it and for me not to worry about it; that he got it, and he had called them and they transferred him to someone else other than the person calling me on the phone. So I trusted this, and the agency kept calling and emailing, and I kept forwarding these calls and emails to Russ. I assumed he was taking care of it since he stated he was, and gave no other indication he was not going to mediate this claim. I sent him a second email confirmation I wanted to mediate the claim when I informed him I began the process of renewing my Texas nursing license, and was trying to obtain Oklahoma RN licensure, but only wanted to try and get a nursing job in the meantime, and still wanted to pursue mediation into the Dell Medical School. He gave no indication he was no longer going to mediate this claim, nor did he advise me to mediate the claim on my own behalf. This went on for some weeks, and then around the time the criminal case was dismissed, I got a dismissal letter from

the Office of Civil Rights. When Russ received by email the copy of the OCR dismissal letter, he replied with "good, one less thing for us to worry about." I emailed him back and asked why I had received a dismissal letter, and he responded with a lie stating "I thought we had decided you were going to move forward with your nursing career". Russ Sablatura falsely maintained he was my advocate, while placing his own financial interests and that of his daughters, ahead of my own interests as his client.

2. The material representations Russ Sablatura of the Sablatura Williams PLLC law office made were false. He had no intention of representing me in the matter, deliberately lied and told me he would take care of it with no intention of doing so. He did this knowing I would not and did not contact the OCR office for mediation, in an attempt to ruin my opportunity to mediate. He specifically stated do not contact anyone else after knowing I had filed the OCR complaint, threatened me with prejudice in my criminal case, told me he would take care of the mediation, and did not do so. Russ makes donations to the Longhorns with the intention that his 2 daughters attend the University of Texas at Austin, and does not want to advocate for me in a dispute with the university in case it impacts his daughters chances of admission to the university.  Russ and his daughters likely are patients of Dell Childrens, or he wants them to be should the need arise so for similar reasons with the University of Texas, he does not want to appear as an adversary to Seton Ascension in case they drop him or his daughters as patients.

3. Russ Sablatura and Sablatura Williams PLLC knew the statements he was making in regards to helping me with the mediation request were false, and he did this deliberately to ruin my chances of attending the Dell Medical School.

4. Russ Sablatura made the statements that he would take care of the mediation with the intent that I not act on the mediation claim myself. He knew I would follow his command for not contacting the OCR office, and then he deliberately did not contact them after lying to me and saying he did contact them and would take care of it.

5. I suffered emotional harm at getting my hopes up in having my claim mediated and having a chance to attend Dell Medical School and become a doctor. I did not get my claim mediated, it currently sits on appeal with the OCR office with no guarantee it will be mediated again, and I may not have another chance at attending the Dell Medical School.

**Sixth Count of Fraudulent Misrepresentation:**

1. Defendant Texas State Bar made and continues to make a material representation on its website that its mission is as follows: *The mission of the State Bar of Texas is to support the administration of the legal system, assure all citizens equal access to justice, foster high standards of ethical conduct for lawyers, enable its members to better serve their clients and the public, educate the public about the rule of law, and promote diversity in the administration of justice and the practice of law.* Their website also

displays resources for pro se filers, education about pro bono work for attorneys including a "Pro bono college", and a legal access division. This all gives the appearance to me, and led me to believe defendant cares about providing access to justice for all Texans,  and they purport themselves to be an agency that has rules and that takes disciplinary action in order to protect the public from unnecessary harm from attorneys who violate those rules.

2. These material representations defendant Texas State Bar makes were and are false. The Texas State Bar does not provide legal advice to the public, has not provided any legal advice to me as a pro se litigant, the legal aid organization they promote on their website could not help me with my employment claims or the previous Sedgwick lawsuit filing. Defendant declines to take disciplinary action on even the most obvious and harmful rule violations, as they did with Julie Tower, Robert Ficher and Russ Sablatura when they dismissed my complaints as inquiries despite rule violations.

3. Defendant Texas State Bar knows the material representations it makes on its website are false. Defendant knows it does not really provide equal access to justice, defendant knows it did not take action on my disciplinary complaints, and therefore does not live up to its purpose of protecting me and other members of the public against the unethical practice of law. Texas Bar deliberately declines to take action on complaints to protect their

"club" of lawyers from any action, and basically gives lawyers in Texas a
license to be above the law and immunity from lawsuits or criminal
charges should anyone ever ask they be  held accountable.

4.  Defendant Texas State Bar wrote that mission and has those items on its
website indicating it is an agency that promotes diversity, promotes ethical
and lawful practice of law, and takes disciplinary actions against unethical
attorneys to give members of the public like me the false impression
lawyers actually are held accountable for their actions, that lawyers are
trustworthy members of society that are held to high standards of law and
ethics. This hides what they are truly doing in their part of the protection
racket they  are involved in.

5.  I relied on these material representations to my own detriment, I thought
lawyers would act ethically, they would uphold the law, and act honestly to
clients and other members of the public. I thought the Texas State Bar
would protect me from harm  as a member of the public, as well as a client
of a Texas licensed attorney by holding attorneys accountable for violating
the rules. I was harmed by the Jackson Lewis PC attorneys Julie Tower and
Robert Fischer for denying me a job to strong arm me in a civil matter,
despite the fact their client Seton Ascension had clearly violated federal
and state laws for retaliation and sexual discrimination. Russ Sablatura
missed a deadline he knew was important to me that harmed my prospects

of obtaining admission into Dell Medical School at University of Texas Austin, and placed his own financial interests above mine as his client.

**Abuse of Process:**   The elements for abuse of process are:  (1) the defendant misused a regularly issued process—e.g., "the issuance of a citation or a writ"—for a purpose not lawfully warranted by that particular process, (2) the defendant had an ulterior motive or purpose for misusing the process, and (3) the plaintiff sustained damage from the irregularity.

**First Count of Abuse of Process:**

1.   Defendant Detective Pearce, and the Austin Police Department of the City of Austin, abused the issuance of an arrest warrant and arrest affidavit for a purpose not lawfully warranted by this particular process by issuing an arrest warrant for me when I was in an out of state district, and defendants knew this and knew my out of state address; defendant Detective C. Pearce left out exculpatory evidence in the arrest affidavit, Detective C. Pearce stated in the arrest affidavit I was "wrongfully terminated", I had been "harassing Seton nurses", I engaged in a "campaign of harassment against Julie Tower, when the specific elements of harassment as described by Texas Penal Code were not met for this allegation. Detective Pearce stated in the arrest affidavit "I have 19 years of experience in the Austin Police Department, and I believe this attack to be imminent", despite knowing I was in Tulsa, OK; stated Jackson Lewis PC attorneys "hired off duty Austin police officers to protect the building in case of an attack", in violation of Texas

Penal Code 36.02.  Julie Tower, Robert Fischer, and others at the Jackson Lewis PC law

office were not and have not been arrested to date for violating this statue of bribery. The

purpose of placing these allegations in the arrest affidavit, and omitting exculpatory

evidence from the affidavit, was to make the charges stick, make the situation appear

worse than it was, which matters in regards to the Texas and Oklahoma Boards of

Nursing since both agencies require a copy of the arrest affidavit and use it to determine

if a license will be issued or renewed, and if any sanctions will apply to the license.

2. The defendants Detective C. Pearce and Austin Police Department of the City of Austin

had an ulterior motive for misusing the process of initiating an arrest and formulating an

arrest affidavit in order to cover up Defendants' own wrongdoing and complicity in

perpetuating the ongoing fraud Jackson Lewis client Seton is engaging in by not hiring

Austin Community College nurses, by lying about a local nursing shortage and

contributing to an excess of a local supply of nurses;  by being paid off in the form of

bribery by Jackson Lewis PC hiring off duty police officers; and by the City of Austin

awarding a legal contract to Jackson Lewis Principal Partner Maggie Murphy in February

2018. Defendants wanted to hush me, Plaintiff Amanda Phillips, since I had been

complaining via email to Austin mayor Steve Adler, ACC president Dr. Rhodes, Austin

City Council, and local news media about the excess supply of nurses continuing to

graduate each year in Austin, TX; and Seton's ongoing efforts to make up a nursing

shortage by hiring out of state and immigrant nurses instead of local nurses. Defendants

knew a lawsuit was going to be filed again against Seton, and knew City of Austin and

Austin Community College would be added as defendants due to their involvement in the fraud.

3.   I, Plaintiff Amanda Phillips, sustained damage due to the abuse of process by having my refiling of the Seton lawsuit delayed by nearly 2 years, by having a still unresolved claim against Seton and new defendants added, by remaining unemployed as a nurse, unemployed in general, and a long waiting period of 2 months after my charge was dismissed before being awarded an Oklahoma nursing license on February 25, 2020, by suffering harm in my reputation due to the arrest affidavit and the inaccurate statements it contained.

**Second Count of Abuse of Process:**

1.      Defendants Gustavo Garcia, ,R of the Travis County District Attorney's Office, Travis County District Attorney's Office of Travis County, and Travis County abused process of the charge of Third Degree Felony With Intention to Influence the Government" by delaying my indictment proceedings until November 2018 when I was arrested August 3, 2018; by delaying the acceptance of my mental health court application until May 2019 when the application was turned into the District Attorney's office in November 2018; and by failing to give me credit for 9 days in jail, 26 hours on an extradition van, 14 days in a psychiatric hospital, 9 months of monthly outpatient psychiatry from September 2018 to May 2019 which continued monthly until December 2019 throughout the duration of mental health court; and 8 weeks of outpatient therapy at

that time, not including the weekly individual and group sessions for the DBT program I began in August 2019 and completed February 2019.  Defendants knew I was not a threat to Julie Tower, Amanda Thompson, or anyone in the public, knew I was in an out of state jurisdiction when I was arrested and throughout the duration of the criminal case, knew of my intention to refile the Seton lawsuit and add defendants, including themselves for assisting in perpetuating their financial partner Ascension Seton in their fraudulent schemes, and knew they were liable for the low potassium with subsequent lack of medical care, and the emotional harm I experienced on the 26 hour extradition ride. Defendants knew that time and money are on their side, and by draining me of resources by incurring travel expenses and weekly counseling sessions would place me at an even greater disadvantage than I already was as a pro se litigant and would make it likely that over time, something may happen to where I would run out of money, not be able to make it to court or meet another requirement of mental health court, and more charges would be assured. Defendants know and knew I cannot get a job as a nurse with a pending charge, and have appeared in the news media offering a free "expunction expo" to help get people back on track since having an arrest record can keep you from getting jobs and housing.

2.       Defendants Gustavo Garcia JR, Travis County District Attorney's Office, and Travis County had an ulterior motive in prolonging my criminal proceedings, and that was to gain an advantage in this civil lawsuit  they knew was coming as a result of the 26 hour van ride, and my awareness of their complicity in the fraud of the fake nursing shortage in Austin and Travis County. Defendants were hoping to get a conviction rather

than to seek justice, helping themselves in a separate civil matter, as well as extending

that help to their friends and associates at Seton Ascension and Jackson Lewis PC.

3.      I, Plaintiff Amanda Phillips, sustained damage from this abuse of process similar

to the damage stated in the third element for defendants C Pearce, Austin Police, and City

of Austin. My case was prolonged, the filing of this lawsuit was delayed, and there is no

resolution to the initial Seton filing. I remained unemployed throughout the duration of

the criminal proceedings. It cost  about $2500.00 in travel expenses to get to Austin, TX

from Tulsa, OK for court hearings, including mental health court, about $10,000.00 for 2

weeks in a psychiatric hospital, about $800.00 for 9 months of outpatient psychiatry and

medications  until I went to a nonprofit charity program that pays for the psychiatric

visits and medications; $500.00 in outpatient therapy in Fall/Winter 2018, and then about

$4300.00 for a 6 month DBT program beginning in August 2019 and ending February

2019.  My Oklahoma RN license application was turned in October 2019 and was

delayed due to additional processing time secondary to this criminal case, and was just

issued  February 25, 2020. I have lost faith in the criminal justice system and the legal

system overall due to both civil and criminal cases I have personally experienced.


**Third Count of Abuse of Process:**


1.  Defendant Jackson Lewis PC, Julie Tower and Robert Fischer abused process of the

felony I was charged with by bribing Austin police officers and paying them to guard

their building in case of an attack in violation of Texas Penal Code 36.02, Julie Tower

lied  to police officer Detective Pearce and told him I was wrongfully terminated (violating Texas Penal Code 37.08)  and that I was "harassing the Seton nurses", and left out exculpatory evidence in her report to the police officer.

2. Defendants Jackson Lewis PC, Julie Tower, and Robert Fischer had an ulterior motive in filing this police report, and that was to make themselves as attorneys and their law firm Jackson Lewis PC look good in front of the City of Austin and Austin Police Department; to ensure they continue to receive contracts from the City of Austin, and to help themselves in my refiling of the Seton case and the addition of themselves as defendants. Defendants lied to the police officer Detective C. Pearce and knew their lies would end up in the arrest affidavit, defendants knew  it would make the charges stick and ensure an extradition to Texas, defendants knew  I would remain unemployed until the criminal case was resolved, defendants knew  this would prolong resolution of the Seton claims, and defendants knew  it would defame my local reputation as a nurse.

3. I, Plaintiff Amanda Phillips suffered damages as a result of this abuse of process similar to the third element of this same charge for the other defendants. This resulted in continued financial and emotional harm.

**Fourth Count of Abuse of Process:**

1. Defendant Russ Sablatura and the Sablatura Williams PLLC law office, misused the issuance of my arrest and felony criminal charge by failing to advocate on my behalf, not filing even one motion to dismiss throughout the duration of my criminal case, failing to

communicate with me or prepare me before court hearings, failing to discuss options or advocate for me having met the requirements of mental health court before said court began.

2. Russ Sablatura and his law firm had an ulterior motive in allowing the prolongation of the criminal matter to continue, and that was to assist other defendants in making me weaker as a Plaintiff, drawing out the resolution of my claims, ensuring I paid his legal fees since I was on a monthly payment plan; and making himself look good in front of Travis County so they will continue to supply him with court appointments which are a lucrative part of his business. He wanted other defendants to have the idea he was on their side and doing his part to keep me out of the jurisdiction, and making sure I would be less able to refile the claim against Seton and file new claims against the other defendants. I have no doubts Russ Sablatura and his daughters are patients of Seton and Dell Children's, or hope to be in the future, and Russ Sablatura does not want to risk himself or his daughters being dropped as a patient of Seton and Dell Children's by sticking his neck out for a client in opposition to them.

3. I, Plaintiff Amanda Phillips, suffered damages from Russ Sablatura by having emotional distress, in particular of not knowing what to expect when going into court hearings, not trusting him due to his lack of preparation and appearing late to court, going back into counseling in the DBT program in August 2019, having to do my own legwork in regards to getting letters for court since his assistant would not do it, not getting disability benefits or Medicaid health insurance since he would not advise me in regards to doing this, having my Oklahoma nurse license delayed, paying travel expenses to mental health

court, and remaining unemployed throughout his representation of me in this criminal case.

**Legal Malpractice of an Attorney:** (1) that there is duty owed to the plaintiff by the defendant; (2) that the duty was breached; (3) that the breach proximately caused the plaintiff injury; and (4) that damages occurred.

1.      Attorney Russ Sablatura was hired to represent me in a criminal felony matter in Travis County Texas on or about August 7, 2018 while I was in the Tulsa County jail. Russ Sablatura as my attorney owed me a duty to place my interests above his own financial interests.

2.      The duty Russ Sablatura owed me as his client was breached in several different ways. The first way was by allowing Travis County and the Travis County District Attorney's Office to have their way in extending the criminal case out. Rather than attempting to resolve the matter quickly and advocate for the fact I had met the requirements of mental health court before it even began, Russ did not even file one motion for dismissal and did absolutely no advocating on my behalf. He began closing out 2 civil cases with apartments I filed as a pro se plaintiff.  One lawsuit was against Roscoe Properties I filed in May 2018 as a pro se plaintiff in Travis County JP Court Precinct 2 (CASE NO. J2-CV-18-000824). I had applied for an apartment with Roscoe Properties at the Radius at the Domain Apartments, paid a $300.00 move in fee, began purchasing moving supplies, and was subsequently told I was denied the apartment after

all this. I filed in JP court after the property refused to give me my deposit back. I was unable to make it to court due to being evicted from my current apartment, and having to move out of state and live in a hotel for a few weeks, I informed the court clerk of this but this information did not make it to the judge. Because I missed court, the JP Judge ordered me to pay $2100.00 in attorney fees with 5% yearly incurring interest until it is paid. This judgement was placed as a lien with Travis County should I ever purchase property in Travis County. Rather than advocate as I requested, Russ began pressuring me to pay the $2100.00 in fees and get my mother to pay it even though I was on a fee payment plan with him, and he knew I was unemployed, had no health insurance, and had expensive dental issues I was working on getting fixed. He filed a notice of nonsuit with the court which was not signed by Erin Dempsey, the attorney Roscoe Properties hired in this case, and I do not believe he ever talked to her or negotiated with her.

The next way Russ breached his duty toward me was by closing out a case I had filed against the property that evicted me, Parallax at Georgetown, owned by BH properties. I appealed their eviction of me in Williamson County Court, and filed a suit in May 2018 for wrongful eviction. I lost brand new furniture I had purchased in December 2016, and included a mattress and bedframe, chest of drawers, couch, side table, crock pot, clarisonic brush, a tall bookshelf, and a dining table and chairs. I told Russ I wanted to at least get my furniture back, or the costs associated with losing that furniture, and he simply ignored my emails.

In March 2019, I filed for disability benefits mainly to get Medicaid health insurance to have my healthcare needs met,  and I informed Russ of this application as well as my

application to UT Austin and my planned re-application to Dell Medical School,  and

asked him if it was OK if I applied, and he did not respond right away,  but a few weeks

later responded by email saying "it was all OK", in regards to the disability application

and my application to UT Austin and Dell Medical School. He did not offer to help with

the disability application, and when I informed him by email  I was denied for disability

benefits he did not respond.

In July 2019, I filed a second complaint with the Office of Civil Rights against Dell

Medical School and the University of Texas at Austin, and I tagged Russ Sablatura in the

emails I sent to them with the signed form, etc. He did not respond to my emails, but then

sent an email in August 2019 after I sent emails to the  Texas Rangers and Travis County

Public email basically telling me he would end representation of me if I did not stop

sending these emails and filing these complaints, the complaints I filed could have a

negative affect on my criminal case as well as his ability to represent me. Having him

bail out of the criminal case at that stage would have been prejudicial to my case, so I

obliged in no longer sending emails or filing complaints. I was then sent a mediation

request from the Office of Civil Rights stating they wanted to set up a mediation, and I

informed Russ of this, and my desire to mediate. He told me in person at my September

2019 mental health court appearance that he had it, he would take care of it, and he had

called them and been transferred to someone else. I also sent him emails stating I wanted

to pursue this mediation. I trusted this matter to him, and felt it was a good chance to get

into the Dell Medical School. So, every time I would get an email requesting mediation

or a voicemail from the OCR office, I sent it to Russ. In December 2019, I received a

dismissal letter from the OCR office, and when I asked Russ about this dismissal, he lied to me and stated he thought I was pursuing getting my license in nursing instead of the mediation with the medical school. In January 2020, I filed an appeal with the OCR office on my own behalf and await the response to this day.

3.      These breaches of duty by Russ Sablatura caused me harm, including financial harm by having to remain unemployed throughout the duration of the criminal case, traveling expenses to court, denial of disability benefits, dismissal of the OCR Dell Medical School Mediation, owing a balance of $2100.00 with 5% interest as a lien in Travis County, and loss of my furniture worth about $3,000.00.

4.      Damages in the form of loss of furniture worth about $3,000.00; owing a balance of $2100.00 with 5% interest on a Travis County property lien; dismissal of Dell Medical School mediation, denial of disability benefits, extended unemployment and time without health insurance, and an extended criminal case with travel expenses around $2500.00.


**Civil Conspiracy:** An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result.


**First Count of Civil Conspiracy:**

1.      A combination of two or more persons is made with Defendants Austin

Community College, City of Austin, Travis County,  Texas Board of Nursing, and Seton

Ascension.

2.      Defendants Austin Community College, City of Austin, Texas Board of Nursing,

Travis County, and Seton Ascension reached a meeting of the minds on a course of

action, the action being flooding the local Austin TX market with registered nurses.

Defendants have each done their part by advertising or proclaiming a shortage of

registered nurses in Austin, TX, have continued to allow and enable Austin Community

College to graduate registered nurses each year and increase their graduation numbers in

recent years, and support or otherwise enable other local nursing schools to graduate an

increasing number of new graduates per year.

3.      Defendants have reached a meeting of the minds by  each defendant doing their

part to flood the Austin TX market with nurses, and their singular goal is  to make

money. Each defendant is incentivized and makes money the more registered nurses that

graduate in Austin or move to Austin. Austin Community College makes tuition money

by maintaining a higher than needed level of registered nurses graduating each year. The

more people who enroll in nursing school prerequisites and nursing school, the more

money ACC makes. The City of Austin gets higher rental rates and property values when

more people move into the Austin city limits, and makes more property tax money as a

result of those higher rents, higher property taxes, and higher population.  Travis County

enjoys the same benefits as the City of Austin with an excess of nurses and nursing

schools. The Texas Board of Nursing is incentivized to create more nursing schools by

making money from the accreditation of those schools, making money from nurses applying for licensure, applying for renewals, applying for new graduate licensure and authorization to test forms, and using the excess from these licensure fees to fund state coffers. Seton Ascension benefits from an excess of nurses by getting free labor from student nurses, lower starting wages for new graduates, lower wages and benefits overall for nurses since they have so many nurses applying for each job, and more control over the work environment since nurses are afraid of losing their job due to excess supply for a limited amount of jobs. Seton executives get paid higher bonuses and yearly salaries in the millions increasing with the more money they save on the capital of nursing wages and benefits.

4.       One or more unlawful acts or overt acts have taken place in furtherance of defendants course of action, being the fraud perpetrated on unsuspecting individuals like myself, Plaintiff Amanda Phillips, who attended Austin Community College nursing school with the idea I would stay in Austin and work in my dream job of the PICU at Dell Children's hospital. The fraud being perpetuated on the taxpayers like myself, who paid higher rents than most parts of the US and in particular higher rents in other areas of Texas due to the increased competition for housing and high property taxes which in part come from funding Austin Community College and its nursing program, in addition to all the other nursing programs in the City of Austin and Travis County. The unlawful and overt act of hiring out of state nurses when local nurses like myself are more than willing to work in the PICU at Dell Children's, and the more stunning example of hiring immigrant nurses with the excuse of there being a nursing shortage.

5.      Damages occurred to myself, Plaintiff Amanda Phillips, as a proximate result of this conspiracy by being unemployed in Austin TX since May 2014, having to relocate out of the state due to there not being nursing jobs available to me, and the ongoing emotional distress that results from long term unemployment and no job prospects in Austin, TX.

**Second Count of Civil Conspiracy:**

1.      Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower, Detective C. Pearce, Austin Police Department, City of Austin, Travis County, Travis County District Attorney's Office, University of Texas Austin Dell Medical School, Russ Sablatura, and Sablatura and Williams, PLLC, are more than two persons,

2.      Defendants sought to accomplish the same object or course of action by having me arrested in an out of state jurisdiction with a felony offense in Travis County, TX, to prolong the course of the criminal process and abuse that process, to attempt to run through my finances and those of my family to attend court dates out of state; to keep me from getting a job at Dell Children's Medical Center in the PICU as an RN; to keep me from obtaining a "Doctor of Medicine" degree at Dell Medical School; to keep me out of the City of Austin and Travis County jurisdictions; and to obstruct justice by making it as difficult as possible to assert my legal rights and refile my employment discrimination

case against Seton; and to prevent me from filing this lawsuit defendants knew or should have known was coming.

3.       Defendants had a meeting of the minds and each played their role in their success at keeping me from getting a job as an RN at Dell Children's Medical Center in the form of Austin Police Department, Detective C. Pearce, and Travis County District Attorney's Office having me charged with a felony,  Travis County District Attorney's office, Gustavo Garcia, JR, and Russ Sablatura extending the resolution of this criminal case, Travis County District Attorney's office and Travis County employing no contact orders for Amanda Thompson, who was or is an RN Clinical Manager in the PICU at Dell Children's, by keeping me from being admitted to the University of Texas Dell Medical School in the form of the school not accepting me knowing about my retaliation lawsuit against Seton, with the University of Texas at Austin having connections with Maggie Murphy and Robert Fischer of the Jackson Lewis PC law office;  and Russ Sablatura of the Sablatura and Williams PLLC law office, being a "longhorn supporter" misleading me into missing the mediation deadline with University of Texas at Austin Dell Medical School,  and delaying the resolution of this matter which continues to this day.

4.       One or more unlawful or overt acts in furtherance of defendants course of action in the form of Seton Ascension ongoing charity fraud, abuse of the immigration system, and fraudulent misrepresentation of a nursing shortage and high demand for nurses, assisting Seton in employment retaliation and strong arming me for speaking up about it by refusing to hire me back without cause; assisting Seton in running off me as a nurse who reported them and their fraudulent and retaliatory acts, City of Austin and Travis

County wanting the revenue from excessive nursing schools and their students; City of Austin, Seton, Travis County, Jackson Lewis PC, Julie Tower and Robert Fischer using the criminal system to help them in a civil matter; and Russ Sablatura failing to advocate for me and have the criminal case expeditiously dismissed; and making me miss a deadline to negotiate an acceptance into Dell Medical School, because he wants to appear as if he is on defendants side so he can continue to get court appointments as a lucrative part of his business.

5.      Damages to myself, Plaintiff Amanda Phillips are/and were a lengthy criminal case, resulting in over $2500.00 in travel expenses and mental health expenses, long term unemployment in Austin, TX, having to relocate out of Austin, TX, remaining outside of Austin, TX, having my reputation harmed losing friends and acquaintances, and severe emotional distress.


**Third Count Civil Conspiracy:**


1.      Defendants Seton Ascension,  Jackson Lewis PC, Julie Tower, Robert Fischer, and the Texas State Bar are more than 2 persons,

2.      Defendants sought to accomplish the same goal or object by withholding a job at Dell Children's Medical Center, in order to coerce me in a civil lawsuit and prevent me from exercising my civil rights,

3.      Defendants had a meeting of the minds in regards to their objective to withhold a job from me at Dell Childrens, to prevent me from exercising my rights in a civil case,

due to Jackson Lewis PC, Julie Tower and Robert Fischer being hired by Seton

Ascension to defend them, and Jackson Lewis having connections with the Texas State

Bar through Maggie Murphy, who serves on an immigration board with the Texas State

Bar. Defendants Seton Ascension hired Jackson Lewis PC knowing their reputation for

acting unethically and using any means necessary to destroy weaker opponents, and the

Texas State Bar provides cover for Jackson Lewis attorneys by refusing to take

disciplinary action against the attorneys when they are reported for unethical conduct.

4.      One or more unlawful acts occurred in furtherance of this conspiracy, to include a

violation of Texas Labor Code 52.031, 18 U.S. Code 1513(e), Civil Rights Act of 1964

Title VII violations of retaliation, age, national origin, sex, and criminal charge

discrimination; and Americans With Disabilities Act of 1990 violation of discrimination

based upon disability. There were ethical violations the Texas Bar deliberately chose to

ignore, which were Texas Disciplinary Rules 3.01;  3.02; 4.01(a)(b); 3.04(a)(b);  4.03;

5.01(a)(b);  4.04(b)(1)(2), 8.03(a); 8.04(a)(1)(2)(3)(4)(5).

5.      Damages to myself, Plaintiff Amanda Phillips, are and were financial and

emotional harm to include long term unemployment, emotional distress, an out of state

felony criminal charge, travel and legal expenses to defend the charge.


**RICO (Racketeer Influenced Corrupt Organization:**

Defendants all have the same purpose: to make money and hide their wrongdoing at my expense. Each of the defendants in this case are and were aware that I am a whistleblower; that I have filed suit against Seton, that I have filed complaints with federal, state, and local law enforcement agencies against Seton, University of Texas Austin, Dell Medical School, and Austin Community College, that I intended to refile the suit against Seton and add defendants,. Each of these defendants has acted in their respective roles to delay the resolution of this matter, and render me at a great disadvantage in legally resolving my claims, and getting any type of relief from the harm these individuals and entities have inflicted upon me.

**First Count RICO:**

1.      Defendants Seton Ascension, Austin Community College, Texas Board of Nursing, City of Austin, and Travis County had the conduct of mail and wire fraud, and covering up charity fraud, immigration fraud, and fraud on the US federal government education financial aid programs.

2.      Defendants Seton Ascension, Austin Community College, Texas Board of Nursing, City of Austin, and Travis County make up an enterprise as defined in 18 U.S.C. (4) and are associated in fact although not a legal entity.

3.      Defendants Seton Ascension, Austin Community College, Texas Board of Nursing, City of Austin, and Travis County have exhibited a pattern of racketeering according to 18 U.S.C. 1961(5). Defendants have engaged in a pattern of charity fraud, immigration fraud, fraud of the US federal student aid programs, fraud on taxpayers, fraudulent misrepresentation towards plaintiff Amanda Phillips, mail and wire fraud,

bribery, and extortion. Due to the lengthy and ongoing nature of this enterprise and their criminal conduct, these criminal acts pose a threat of continued criminal activity, in that the excessive amount of local nursing school graduates shows no sign of stopping anytime soon, and neither does the amount of immigrant and out of state hiring Seton Ascension does at its facilities, or the Texas Board of Nursing processing out of state and immigrant nursing licenses.  This pattern of criminal activity has been going on at a minimum for 12 years, and likely even longer than that. The fraudulent inducement Plaintiff Amanda Phillips experienced began in Fall 2009 and has continued to this day.

**Second Count of RICO:**

1.        Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower, Austin Police Department, City of Austin, Travis County, Travis County District Attorney's Office, Gustavo Garcia Jr., Russ Sablatura, Sablatura Williams law office, and Texas State Bar have conducted themselves in such a manner as to obstruct justice, cover up the acts of charity, immigration, mail and wire fraud being perpetuated by Seton Ascension and Austin Community College, and to commit Hobbs Act Extortion Under Color of Official Right by placing me under arrest for felony terroristic threat and trying to influence the government, holding me at Tulsa County jail for 7 days, placing me on an extradition van for 26 hours, and then at Travis County Jail for over 24 hours, so they could get another delay in the initial lawsuit against Seton that defendants knew I would be refiling, and had already attempted to refile.

66

2.      Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower, Austin Police Department, City of Austin, Travis County, Travis County District Attorney's Office, Gustavo Garcia JR, Russ Sablatura, Sablatura Williams law office, and Texas State Bar  make up an enterprise according to 18 U.S.C. (4) associated in fact although not a legal entity,  with the same goal to obstruct justice, to extort me out of exercising my legal rights against Seton Ascension, to keep me out of the Travis County jurisdiction to make this lawsuit more difficult for me to proceed with, and to drain me of time, energy and finances to weaken my position against Seton.

3.      Defendants Seton Ascension, Jackson Lewis PC, Robert Fischer, Julie Tower, Austin Police Department, City of Austin, Travis County, Travis County District Attorney's Office, Gustavo Garcia JR, Russ Sablatura, Sablatura Williams law office, and Texas State Bar  have exhibited patterns of racketeering activity to include Hobbs Act Extortion Under Color of Official Right and violation of Texas Penal Code 36.02. Russ Sablatura was more than happy as my attorney to take $7,000.00 from me, and do nothing with it for my case, and take no part in advocacy on my behalf, and allowed Travis County and the Travis County District Attorney's Office to do what they wanted, which was drag the case out to get a conviction and delay me from refiling the Seton lawsuit and this lawsuit.

The Texas State Bar provides cover for the attorneys by refusing to take disciplinary action against the unethical attorneys, and the attorneys know and have confidence they won't ever be held accountable by the Texas Bar so they continue on with their unethical and self serving actions where they place their own financial  interests above that of their

clients.  The Texas State Bar was given the information regarding Russ Sablatura's misconduct for having a conflict of interest in violation of Texas Disciplinary Rules of Professional Conduct  General Rule 1.06(b)(c)(1)(2), and missed the deadline for mediation in violation of General Rule 1.01(b)(1)(2)(c). Russ Sablatura was aware of my complaint to the Texas State Bar regarding Julie Tower and Robert Fischer for violating General Rule 3.02 and 4.01(a)(b), was aware the Texas State Bar took no action on this complaint, dismissing it as an inquiry, and thus emboldened them to continue their behaviors.

**Intentional Infliction of Emotional Distress**  Elements of this tort are: 1) the defendant acted intentionally or recklessly; 2) the defendant's conduct was extreme and outrageous; 3) the conduct caused the plaintiff emotional distress; and 4) the emotional distress was severe.

**First Count of Intentional Infliction of Emotional Distress:**

1.      Defendant Seton Ascension acted intentionally and deliberately  to deprive me of a job and an opportunity to have a meaningful and happy life in Austin, TX in my chosen career and specialty within my career, being the only legitimate children's hospital in the area, the children's hospital in which I did my clinicals, and the children's hospital I was led to believe I could work in. Seton through their counsel further caused emotional distress by delaying the length and increasing my cost of litigation, placing me at a severe disadvantage to themselves by denying me a job, and working with their co-conspirators

68

to keep me out of the central Texas region, making distance and the associated travel expenses another burden in my pro-se litigation and attempt to exercise my rights under federal and state law, to include the EEOC laws, Americans with Disabilities Act, and the ability to pay back the federal student loans I incurred at Austin Community College to become a registered nurse.

2.      Defendant Seton's conduct has been extreme and outrageous. It is extreme and outrageous to claim to be a non profit Catholic hospital seeking to further the Catholic mission, while engaging in the conduct they have during my attempt to exercise my rights. Denying a job to me when I am in need of one, as they hire others who don't need a job as much as I do, who are less qualified and deserving, while they steamroll over me in litigation is cruel, extreme and outrageous.

3.      The conduct of Seton in the form of lack of hire for a job in the PICU at Dell Children's, or any other job I have applied to has caused me extreme emotional distress. Seton and their counsel furthered this emotional distress by extending the length and cost of litigation, which was already a heavy burden for me to bear as a pro-se litigant without a job.

4.      The emotional distress I experienced as a result of the way defendant Seton conducted themselves was so severe, I had to stay in a mental health hospital for 2 weeks, obtain outpatient psychiatry monthly for 16 months, and complete a 6 month Dialectical Behavioral Therapy(DBT)  program. I have been diagnosed with Severe Depression, Generalized Anxiety, Insomnia, Panic Disorder, and Post Traumatic Stress Disorder.  I

have to take daily medication and practice DBT skills as a way of coping with this as yet unresolved situation in which my suffering continues to this day.

**Second Count of Intentional Infliction of Emotional Distress:**

1.  Defendants Julie Tower, Robert Fischer, and Jackson Lewis PC acted intentionally and deliberately as counsel to Seton Ascension to cause me emotional distress. Each defendant knew I was unemployed, knew I had federal student loans, knew I was under contractual lease obligations in Georgetown, TX during the course of litigation. Each defendant knows the specialization of the Registered Nurse role, that job opportunities are limited outside the hospital setting and require 2 years of **RECENT** work experience in a hospital setting I did not have due to their client Seton Ascension refusing to hire me back after I terminated my employment with Seton Northwest hospital in May 2014.

2.  Julie Tower, Robert Fischer, and Jackson Lewis PC engaged in extreme and outrageous conduct. They deliberately counseled their client Seton Ascension to continue withholding a job in order to coerce me in litigation as an already disadvantaged pro se litigant without a job. To coerce me as I exercised my state and federally protected rights, to get me to lose by going away, or settling for far less than I deserved. Using their power, influence and unlimited resources to steamroll over me as a weaker opponent is cruel, extreme, and outrageous.

3.  The conduct of Julie Tower, Robert Fischer, and Jackson Lewis PC caused me extreme emotional distress. Each of these defendants refused to negotiate a job at Seton Ascension,  refused to answer questions to my interrogatories, and the one time they

actually did respond to my discovery questions, they simply stated they were not relevant questions and declined to give me the information I was seeking.

4.  The conduct of Julie Tower, Robert Fischer, and Jackson Lewis PC was so severe, as noted above in their client Seton Ascensions element #4, I had to stay for 2 weeks at a mental health hospital, and continue to use coping skills and take medications to cope with the anxiety of not having a job in Austin, TX and no end in sight to this continued litigation.

**Third Count of Intentional Infliction of Emotional Distress:**

1.  Defendant Austin Community College acted and continues to act intentionally and deliberately to assist in flooding the local job market with registered nurses, to make it difficult to find a nursing job in Austin, TX, and to give employers an advantage over nurses seeking and maintaining employment since nurses are so easy for employers to replace due to excess supply.

2. Defendant Austin Community College's conduct is and was extreme and outrageous. In addition to defrauding me and the general public as noted in the Fraudulent Misrepresentation claim, ACC is inflicting emotional distress as a byproduct of this fraud, and it is extreme and outrageous because there is no point in attending a local nursing school if you can't get a job at a local hospital, when one wishes to stay in the area. Graduating and continuing to graduate registered nurses when there is no need of them is fraudulent, extreme and outrageous conduct that wrecks the lives of individuals,

has wrecked my life, and caused me to incur federal student loan debt and lose years of my life I will never get back in obtaining an education I cannot use in Austin, TX, where I would choose to live.

3.  The conduct of defendant Austin Community College has caused me extreme emotional distress. The difficulty in finding nursing employment in Austin and elsewhere has caused me to feel distressed and less secure financially in this world, at risk of losing everything I have, spent countless hours applying for jobs and driving to out of town interviews,  and this stress continues to this day since I don't have a job.

4.  The conduct of Austin Community College is so severe due to assisting in flooding the job market, that I have had to seek mental health treatment that continues to this day, as noted in element #4 for defendants Seton and their counsel Julie Tower, Robert Fischer, and Jackson Lewis PC.


**Fourth Count of Intentional Infliction of Emotional Distress:**


1.  Defendant Texas Board of Nursing acted and continues to act deliberately and intentionally  with the intention of flooding local and state job markets with registered nurses. If not for this defendant, no nursing program would exist. Defendant has accredited and continues to accredit 7 nursing schools in Austin and Round Rock, not including other nursing schools in the central Texas area whose nurses apply for work as nurses at Seton Ascension.

2.  Defendant Texas Board of Nursing's conduct is extreme and outrageous, in that accrediting an excess amount of nursing schools that in turn graduate an excess amount of nursing graduates, there are hundreds more registered nurses applying for each available job. This is unfair to registered nurses like myself who apply for hundreds of jobs, and have to wait months and sometimes years to obtain a nursing job, or sometimes don't get a job at all.

3.  The conduct of the Texas Board of Nursing has caused me extreme emotional distress, as noted above in elements of this charge for other defendants. Long term unemployment has caused me severe emotional distress and has caused me to be without medical care since I do not have health insurance. Being faced with no job prospects despite applying for jobs, or in some cases undesirable jobs such as med/surg or night shift, has added to the emotional distress, since I have not been able to obtain a more desirable position of day shift nursing on an adult intensive care or pediatric intensive care unit.

4.  The conduct of the Texas Board of Nursing is so severe, that I have had to seek inpatient and outpatient mental health treatment, as noted above in elements for other defendants.

**Fifth Count of Intentional Infliction of Emotional Distress:**

1.       Defendants Austin Police Department of the City of Austin, and Detective C. Pearce acted deliberately and intentionally to arrest me with a felony of the third degree "Terroristic Threat with intent to influence the government", in order to cause me

emotional harm and stress in my ongoing dispute with Seton Ascension they were aware of. In particular, Detective C. Pearce chose to charge me with a felony rather than a misdemeanor, charged me knowing I was out of state in Tulsa, OK and not in the city of Austin or Travis County jurisdictions, chose to exclude exculpatory evidence in my arrest affidavit, chose to state I had been wrongfully terminated, that I was "harassing" Seton nurses and had engaged in a "campaign of harassment" against Julie Tower when the legal elements of "harassment" had not been met, and chose not to arrest Julie Tower and Robert Fischer for bribery according to the elements of Texas Penal Code 36.02, despite stating in the report defendants had hired off duty Austin police officers to guard their building in case of an attack. This statute Texas penal code 36.02 would have likely required him to arrest the police officers for accepting the bribes, as they were abusing their arresting powers by accepting employment in which they expected to make an arrest.

2.      Defendants Austin Police Department of the City of Austin and Detective C. Pearce's conduct was extreme and outrageous. It is extreme and outrageous to arrest someone not in your jurisdiction, while simultaneously stating in the arrest affidavit an attack is imminent, and thus ignoring exculpatory evidence to the contrary. It is extreme and outrageous to hold one person accountable for specific elements of a crime, while ignoring other persons meeting the elements of another crime, due because an exchange of money had taken place to favor the Austin Police Department and Detective C. Pearce's fellow officers.

3.     The conduct of the Austin Police Department of the City of Austin, and Detective C. Pearce has caused me significant emotional distress. I had never been arrested in my life prior to this incident, never had any disciplinary actions taken against my license, and have not even had a traffic ticket in more than 10 years. Defendants actions have caused considerable emotional distress, in which I have nightmares about the arrest, jailing, and subsequent transport to this day, and find myself much more guarded and fearful  in seeking to speak up for myself and my rights.

4.     The conduct of defendants Austin Police Department of the City of Austin, and Detective C. Pearce were so severe that I had to seek inpatient and outpatient mental health treatment as noted above in elements for this same charge with other defendants.

**Sixth Count of Intentional Infliction of Emotional Distress**

1.   Defendants Travis County District Attorney's Office of Travis County, TX, and Gustavo Garcia JR acted intentionally and  deliberately to deny my rights under the Sixth Amendment to the Constitution of the right to a speedy trial.  Defendants acted intentionally to  maintain charges against me for a period of 16 months, from August 3, 2018 to December 17, 2019, when they dismissed the charge in the interest of justice. Defendants did not give me credit for being in jail for 9 days, being in a mental hospital for 14 days, attending weekly therapy for 7 weeks, and monthly psychiatry from September 2018 to May 2019 when I was accepted onto the mental health docket. Defendants received my mental health application in November 2018, did not accept the application onto the mental health docket until May 2019, and once my application for

mental health court was accepted, did not give me any credit for what I had already done in regards to punishment and treatment for the crime I was charged with.

2. Defendants conduct was extreme and outrageous. It is extreme and outrageous to not give me credit for engaging in the same actions mental health court requires for 8 months prior to beginning the 7 month mental health court docket. Mental health court requires psychiatry and medication compliance, with therapy, and those were maintained during the 8 months prior to entering the mental health docket. Defendant Travis County District Attorney's office has been on the media stating they are proud of the work they have done to reduce the length of cases and increase the amount of people in diversion programs such as the mental health docket. This indicates a 16 month case is unacceptable for defendant with their apparent work at reducing length of cases.

3. Conduct of defendants has caused me severe emotional distress. It is impossible to get an Oklahoma nursing license and nursing job where I currently live with a felony charge pending.  This ongoing unemployment and being cut out of the nursing profession I worked so hard to get into, with felony charges hanging over my head, the travel expenses associated with defending an out of jurisdiction charge, and federal student loans in deference.

4. Conduct of these defendants was so severe, I had to seek inpatient and outpatient mental health treatment, as noted above for previous defendants. I continue to suffer emotional distress to this day due to the conduct of these defendants, as I still do not have an Oklahoma nursing license  or nursing job due to this charge.

**Seventh Count of Intentional Infliction of Emotional Distress:**

1.  Defendants University of Texas and Dell Medical School acted intentionally and deliberately to deny admissions to the Dell Medical school after 2 application cycles, and deny me admissions into the University of Texas at Austin undergraduate Geosciences program so I could complete the prerequisites required for matriculation into Dell Medical School.

2.  Defendant's conduct was and is extreme and outrageous. It is extreme and outrageous to join in partnership with Seton Ascension, City of Austin, and Travis County Texas to create and maintain a medical school, then deny admissions to me as I sued and exercised rights against Seton Ascension. It is extreme and outrageous for defendant to get taxpayer funds to exist, to purport oneself to be an inclusive and progressive university which holistically evaluates applications, and then evaluate my application based on traditional standards of the past, which involve admitting students with higher GPAs and MCAT scores, which is something I cannot change due to my advanced age compared to the much younger matriculants of Dell Medical School. What's done is done in regards to my undergraduate performance at University of Central Oklahoma; and I overcame my lower GPA by performing well in nursing school, passing the NCLEX exam, self-studying for physics, organic chemistry, general chemistry, and genetics; performing well as a registered nurse at work, and exercising rights by representing myself as a pro-se plaintiff. The University of Texas at Austin and Dell Medical School have intentionally ignored all of this work I have done; which is much more than most of their

younger traditional students who have merely taken pre-requisites and lack the work and life experience I bring to the table. It is extreme and outrageous to matriculate students who have merely taken pre-requisites, and deny admissions to me as I have overcome insurmountable odds and have more work and life experiences compared to the younger matriculants Dell Medical School admits into its Doctor of Medicine program.

3. Conduct of defendants has caused me severe emotional distress, by not allowing me to move forward with my life and retrain into a new specialty as registered nursing is saturated with registered nurses.

4. Conduct was severe enough to warrant maintaining outpatient therapy, and caused increased depression and anxiety as a result of not being admitted and appearing to have no hope of being admitted.

**Seventh Count of Intentional Infliction of Emotional Distress:**

1. Defendant Russ Sablatura of Sablatura and Williams, PLLC acted intentionally and deliberately to deprive me of my 6th Amendment  Constitutional right to a speedy trial by allowing defendants Travis County District Attorney's Office of Travis County, and prosecutor Gustavo Garcia , JR to extend my case out 16 months, and failed to negotiate or advocate on my behalf a sooner dismissal of my felony charge due to me completing the requirements of mental health court during the 8 months before it began. Defendant acted intentionally to first threaten me with a prejudicial withdraw from my case if I contacted or spoke with outside offices but his, then lied to me and mislead me by telling

me he would negotiate the Office of Civil rights mediation for possible admission into Dell Medical school on my behalf, lied to me and told me he called them and got transferred to someone else, and then deliberately ignored the mediation knowing I was thinking he was taking care of it, which resulted in the dismissal of the mediation.

2. Defendants conduct was extreme and outrageous. His job as my attorney is to advocate on my behalf, and place my interests above his own financial interests. He failed to do any of these things required of him by the Texas Disciplinary Rules of Professional Conduct, and violated Rules 1.01(b)(1), 1.04(a)(b)(1)(3)(4)(5)(6), Rule 1.06(b)(1)(2)(c)(2)(e), Rule 3.02, Rule 3.03(a)(1). It is extreme and outrageous for defendant to allow a criminal case to proceed for 18 months when it should have been over in 6 months, to fail to advocate for me, the tribunal and request the work I had done during the 8 months prior to mental health court count in place of incurring travel expenses for mental health court, and to do so with the intent of siding himself with Travis County and Seton Ascension so he can continue to get court appointment clients from Travis county, and be retained by Seton Ascension for immigration claims. Likely he is also a patient Seton Ascension, or has family who is, and doesn't want to appear as its adversary in order to avoid being dropped as a patient.

3. Conduct of defendants has caused me severe emotional distress and continued reliance on outpatient therapy to cope with the depression and anxiety this emotional distress has brought.

4.  Conduct of the defendant was severe enough to cause emotional distress that continued outpatient therapy services and caused me an increase in depression, anxiety, and insomnia.

**Negligence**

Elements of Negligence Elements of a Negligence cause of action are:

1) Duty owed by defendant to plaintiff; 2) Breach of the duty; 3) Proximate cause of the plaintiff's damages by defendant's breach; and 4) Damages.

**First Count of Negligence:**

1.       Defendants Christopher Born, Deb Brown, Carolyn Cummings, and Brittany Garrett have each acted negligently in the course of their employment at Dell Children's Medical Center of Central Texas, of Seton Ascension, and had a duty owed to me, Plaintiff Amanda Phillips. Defendants are each in exclusive possession of information regarding number of applicants for each nursing job, number of immigrants hired for each department, the demographics including gender, sex, age, disability, age, religious affiliation, the ratio of local to out of state educated nurses,and the number of student nurses attending clincals at Dell Children's. Defendants have a duty to report fraud and abuse, to report the excessive amounts of new graduate nurses applying for each job to the appropriate outside authorities, since that is an indication of fraud and abuse. Defendants have a duty to report unethical activities of their employers counsel, Jackson

80

Lewis PC, to the Texas State Bar, and a duty to report to immigration officials the abuse of the immigrant visa system by Seton Ascension hiring immigrant nurses when there are more than enough local nurses available and applying for nursing jobs at Dell Children's.

2.      Defendants have each breached the duty they have to me, by failing to report the illegal activities they are witnesses to the appropriate authorities.

3.      By owing this duty of reporting to me, Plaintiff Amanda Phillips, and failing to exercise that duty by failing to report the abuse of the immigration visa system and the excessive amounts of registered nurses Dell Children's assists in graduating by allowing them to do clinicals there, by refusing to hire Austin Community College graduates, and by failing to report the excessive amounts of nurses applying for each job, defendants have caused me harm in the form of emotional distress, loss of income, long term unemployment in the city of Austin, loss of health insurance, and inability to pay back my student loans. By failing to report the unethical actions of their companies counsel to the Texas State Bar, they have allowed even further harm by their company and counsel during litigation in my attempt to exercise my rights. Defendants have caused me harm by assisting in the deception of a local  nursing shortage by going along willfully with the deceptive acts, and failing to report their own employers part in the deception.

4.      Damages incurred by me, Plaintiff Amanda Phillips are: emotional distress, long term unemployment, loss of health insurance, not living in Austin due to being priced out of the local housing market, and inability to pay back federal student loans.


**Second Count of Negligence:**

1.   Defendant Texas State Bar had and has a duty to me, Plaintiff Amanda Phillips, to protect me as a member of the public against the unethical practice of law, assure me as a citizen equal access to justice, and educate me about the rule of law, as proclaimed in their mission statement.

2.   Defendant Texas State Bar breached this duty by failing to take disciplinary action against the attorneys I reported to them for unethical behaviors. Julie Tower, Robert Fischer, and Russ Sablatura. I first reported Julie Tower and Robert Fischer for causing unnecessary delays and inflating the costs of litigation Spring 2018 for being in violation of Texas Disciplinary Rules of Professional Conduct Rule 3.02, 4.01,  4.03, 4.04(b)(2); and this complaint was dismissed. Russ Sablatura, being my attorney, was aware of this complaint in review of the evidence in my criminal case, and the subsequent dismissal. This dismissal by the Texas State Bar emboldened  Julie Tower and Robert Fischer to continue their unethical actions by ignoring my requests for interrogatories, ignoring my requests for negotiating a job at Dell Children's, bribing Austin police officers, and lying to police officers by stating I was wrongfully terminated and was harassing Seton nurses in their quest to have me arrested to help them in this civil matter. This dismissal by the Texas State Bar emboldened Russ Sablatura to engage in his unethical actions by failing to advocate for me in my criminal case, missing an important deadline, lying to the tribunal, and coming to the court unprepared and stating "I don't know" when asked by the judge when and how long I was in custody, and then stating "I don't know, not that long", when asked by the judge how long I was in the psychiatric care hospital. I filed a

CAAP ( Client Attorney Assistance Program) request via email in July 2019 due to having unsatisfactory communication and responses from Russ Sablatura as my attorney, and then a formal complaint December 2019 for missing an important deadline and lying to the tribunal. This complaint was dismissed as an inquiry.

3. This breach of duty by Defendant Texas State Bar caused me, Plaintiff Amanda Phillips damages in the form of having my case extended for 16 months due to Russ Sablatura's failure to advocate, causing me significant emotional distress due to failure to communicate, and missing an important deadline with the Office of Civil Rights which could have led to my admission into the Dell Medical School at University of Texas Austin.

Prayer

1. I am respectfully requesting that this court be the appropriate venue and jurisdiction.

2. Demanding a right to trial by jury.

3. Respectfully requesting that I, Plaintiff Amanda Phillips be compensated for damages to include compensatory, treble, and punitive damages in the amount of $10,000,000.00, and any costs of court, attorney fees, document preparation, copies, and travel expenses to court.

4. I am respectfully requesting hearings and depositions by telephone due to the added burden and expense of an unemployed pro se plaintiff representing herself in an out of state jurisdiction.

5.  I am requesting my name "Amanda Phillips" be redacted from the filings, and replaced with "Jane Doe", and any other personally identifying factors such as case numbers, account numbers, addresses, email, phone numbers etc be redacted from all filings in this case.

Signed this   24   day of March, 2020.

Amanda Phillips

Unofficial copy Travis Co. District Clerk Velva L. Price

84

**Travis County District Court**
**State of Texas**

Amanda Phillips

Vs.

Austin Police Department Et al.

**REQUEST OF THE COURT CLERK**

I, Amanda Phillips , plaintiff I am respectfully requesting the clerk of this court to issue service and citation upon each of the defendants in this case by certified US mail based upon my affidavit of inability to pay court costs.  Defendants  ascension, Christopher born, Deb Brown, Carolyn Cummings, Jackson Lewis law firm, Robert Fisher, Julie tower will be served at Jackson Lewis law firm in Dallas Texas as provided on the initial petition. University of Texas and Dell medical school defendants will likely share counsel and maybe served at the University of Texas address as noted on the initial petition. Russ Sablatura And the Sablatura WilliamsLaw office will likely share counsel Anne may be served at the Williams Sablatura law office address in Round Rock TX. I will have to request from the Jackson Lewis office the address of defendants Brittany Garrett as I received return bail from her, And I was told in a 2017 by attorney Julie tower of the Jackson Lewis law firm That Carolyn Cummings was no longer employed at Seton, but Carolyn Cummings LinkedIn profile says otherwise. defendantsTravis County, Gustavo Garcia junior, Travis County district attorneys office, and Travis County Sheriff will likely share counsel and maybe served at the Travis County address. The Austin Police Department, the city of Austin, and officer C Pierce will likely share counsel aunt may be served at the city of Austin address.

JacksonLewis, Ascension, Seton, Christopher Born, Deb Brown, Carolyn Cummings, Robert Fischer, Julie Tower May be served at
500 N. Akard Street
Suite 2500
Dallas, TX 75201

Defendants Russ Sablatura and Sablatura Williams law office may be served at
108 East Bagdad Suite 200, Round Rock, TX 78664

Defendants Travis County, Travis County Sheriff's Office, Gustavo Garcia junior, and Travis County district attorney's office may be served at 416 West 11 TH street Austin TX 78751.

The city of  Austin, Austin Police Department, and detective C Pierce may be served at 715 East 8 TH St Austin TX 78701.

Defendants University of Texas and Dell medical school may be served at
110 Inner Campus Drive
Stop G3400. Austin, TX 78712-3400.

Unofficial copy Travis Co. District Clerk Velva L. Price

**Defendant Texas board of nursing may be served at 333 Guadalupe St suite number 3-460 Austin Texas 78701.**

**The Texas State Bar may be served at 1414 Colorado St Austin TX 78701.**

**Austin Community College district may be served at 5930 middle fiskville Rd Austin TX 78752.**

**Respectfully submitted, Amanda Phillips**
**8403 East 81st St APT 523**
**Tulsa Oklahoma 74133**
**405. 850. 2161**
**medicalqueen@gmail.com**

**4/5/2020**

Unofficial copy Travis Co. District Clerk Velva L Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

                                                                          , Plaintiff

        vs.

AUSTIN POLICE DEPARTMENT ET AL

                                                                          Defendant

                              CERTIFIED MAIL #70143490000067240946

TO:  AUSTIN COMMUNITY COLLEGE DISTRICT
     5930 MIDDLE FISKVILLE RD
     AUSTIN, TEXAS 78752

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

                                        Velva L. Price
                                        Travis County District Clerk
                                        Travis County Courthouse
                                        1000 Guadalupe, P.O. Box 679003 (78767)
                                        Austin, TX  78701

                          PREPARED BY: RODRIGUEZ NANCY
-- -- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- -- --
Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock _____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____                 _____
                                            Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the
                                            By: _____
_____ day of _____, _____.
                                            _____
                                            Printed Name of Server

_____           _____, County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-20-001840                    DISTRICT CLERK CERTIFIED MAIL           P01 - 000092423

☐ Original    ☐ Service Copy



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

7014 3490 0000 6724 0946

Sent To
AUSTIN COMMUNITY COLLEGE DISTRICT
5930 MIDDLE FISKVILLE RD
AUSTIN, TEXAS 78752

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

    vs.                                      , Plaintiff

AUSTIN POLICE DEPARTMENT ET., AL.

                                                 Defendant

TO:  AUSTIN POLICE DEPARTMENT               CERTIFIED MAIL #7014349000067271889
      715 E 8TH ST
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRADULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETERRING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

                                  Velva L. Price
                                  Travis County District Clerk
                                  Travis County Courthouse
                                  1000 Guadalupe, P.O. Box 679003 (78767)
                                  Austin, TX  78701

                        PREPARED BY: RODRIGUEZ NANCY

-- - -- -- - - - - - **R E T U R N** -- -- - -- - -- - -- - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____M., by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN  CRIMINAL CHARGE; FRADULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETERRING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

                                 Sheriff / Constable / Authorized Person

                                   By: _____

                                   Printed Name of Server

_____  County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-20-001840                    DISTRICT CLERKS CERTIFIED MAIL         P01 - 000092377

☐Original    ☐Service Copy



Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET., AL.

, Defendant

TO:  AUSTIN POLICE DEPARTMENT          CERTIFIED MAIL #70143490000067271889
     715 E 8TH ST
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRADULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETERRING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RODRIGUEZ NANCY

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRADULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETERRING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐Original        ☐Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092377

MAY 18 '20 AM11:43

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

# IF YOU NEED A LAWYER
# AND DON'T KNOW ONE,
# THE LAWYER REFERRAL SERVICE
# CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.org

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,**
**bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN
# ABOGADO Y NO CONOCE A NINGUNO
# PUEDE LLAMAR
# A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.org

**Abierto de lunes a viernes de 8:00 am-4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,**
**indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

TO:  CITY OF AUSTIN TX          CERTIFIED MAIL #7014349000067271896
     2006 EAST 4TH ST
     AUSTIN, TEXAS 78702

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, MAY 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RODRIGUEZ NANCY

-- - -- -- - - - -- **RETURN** -- - -- -- - -- - - -- - -

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-20-001840                    DISTRICT CLERKS CERTIFIED MAIL                    P01 - 000092380

☐ Original   ☐ Service Copy



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*™.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

DF2-N12

Sent To: CITY OF AUSTIN
Street & Apt. or PO Box: 2006 EAST 4TH STREET
City, State: AUSTIN, TEXAS 78702

PS Form 3800, July 2014                     See Reverse for Instructions

7014 3490 0000 6727 1896

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

CERTIFIED MAIL#70143490000067?1902

TO: AUSTIN POLICE DETECTIVE C. PIERCE #4063
    715 E 8TH ST
    AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>MARCH 24, 2020</u> in the <u>200TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- - -- -- - -- - -- -- R E T U R N -- - -- - -- - -- - -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the <u>COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN  CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840                    DISTRICT CLERKS CERTIFIED MAIL                    P01 - 000092385

☐ Original   ☐ Service Copy



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

AUSTIN POLICE DETECTIVE C. PEIRCE #4063
715 E 8TH STREET
AUSTIN, TEXAS 78701

PS Form 3800, July 2014          See Reverse for Instructions

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

, Defendant

CERTIFIED MAIL #70143490000067240939

TO:  GUSTAVO GARCIA, JR.
     416 W 11TH ST
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____ , at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, have first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original  ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092407



Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

CERTIFIED MAIL #7014349000006740915

TO:  TRAVIS COUNTY DISTRICT ATTORNEY OFFICE
     416 W. 11TH ST
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH DURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____, at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, IN ENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092392



**U.S. Postal Service**™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DES-NR

*Sent To*
TRAVIS COUNTY DISTRICT ATTORNEY OFFICE
416 W 11TH STREET
AUSTIN, TEXAS 78701

7014 3490 0000 6724 0915

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

CERTIFIED MAIL #7014349000006724008

TO:  TRAVIS COUNTY SHERRIFS OFFICE
     5555 AIRPORT BLVD
     AUSTIN, TEXAS 78751

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. MAY 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- - **R E T U R N** -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock _____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-20-001840

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092391

☐ Original      ☐ Service Copy



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To: TRAVIS COUNTY SHERRIFS OFFICE
Street, Apt. No.; or PO Box No. 5555 AIRPORT BLVD
City, State, ZIP+4 AUSTIN, TEXAS 78751

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6724 0908

Unofficial copy Travis Co. District Clerk Velva L. Price

CITATION

THE STATE OF TEXAS

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

, Defendant

TO:   TRAVIS COUNTY TEXAS
      314 W 11TH ST # 535
      AUSTIN, TEXAS 78767

**CERTIFIED MAIL #70143490000067240922**

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐Original   ☐Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092404

Unofficial copy of Travis Co. District Clerk Velva L. Price



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DF6-NR

TRAVIS COUNTY TEXAS
314 W 11TH STREET #535
AUSTIN, TEXAS 78767

PS Form 3800, July 2014

7014 3490 0000 6724 0922

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

CERTIFIED MAIL #70143490000067240__7

TO:  ASCENSION
     4600 EDMUNDSON
     ST LOUIS, MISSOURI 63134

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original    ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092438



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
ASCENSION
4600 EDMUNDSON
ST LOUIS, MISSOURI 63134

PS Form 3800, July 2014          See Reverse for Instructions

C I T A T I O N

T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

**CERTIFIED MAIL #7014349000006724 191**

TO:   CHRISTOPHER BORN CEO DELL CHILDREN
     1345 PHILOMENA ST
     AUSTIN, TEXAS 78723

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>MARCH 24, 2020</u> in the <u>200TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 13, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- - -- -- -- - -- - - - -- **R E T U R N** -- - -- - -- - -- - -- - -- --

Came to hand on the _____ day of _____, _____, at _____ o'clock _____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock _____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u>
accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

    Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

    Printed Name of Server

    _____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-20-001840

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092444



Unofficial copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

DF13-NR

Sent To
CHRISTOPHER BORN CEO DELL CHILDREN
4945 PHILOMENA ST
AUSTIN, TEXAS 78723

7014 0460 0000 6724 0961

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

       , Plaintiff

    vs.

AUSTIN POLICE DEPARTMENT ET AL

       Defendant

    **CERTIFIED MAIL #7014349000067241035**

TO:  DEB BROWN VICE PRESIDENT OF PATIENT SERVICE CHIEF NURSING OF
     1345 PHILOMENA ST
     AUSTIN, TEXAS 78723

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____ M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092447

Unofficial copy Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
DEB BROWN VP OF PATIENT SERVICE
1345 PHILOMENA ST
AUSTIN, TEXAS 78723

7014 3490 0000 6724 1035

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

vs.                                                                          , Plaintiff

AUSTIN POLICE DEPARTMENT ET AL                                               Defendant

CERTIFIED MAIL #70143490000067265308

TO:   CAROLYN CUMMINGS FORMER RN RECRUITER
      1345 PHILOMENA ST
      AUSTIN, TEXAS 78723

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 19, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- - -- -- -- -- - -- -- R E T U R N -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

DISTRICT CLERKS CERTFIED MAIL

P01 - 000092477

☐ Original          ☐ Service Copy

Unofficial copy Travis Co. District Clerk Velva L. Price



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DE23-NN

Sent To
CAROLYN CUMMINGS FORMER RN RECRUITER
1345 PHILOMENA ST
AUSTIN, TEXAS 78723

PS Form 3800, July 2014          See Reverse for Instructions

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

vs. , Plaintiff

AUSTIN POLICE DEPARTMENT ET AL

Defendant

**CERTIFIED MAIL #70143490000067241028**

TO:  DELL MEDICAL SCHOOL
     1501 RED RIVER ST
     AUSTIN, TEXAS 78712

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT FOR DISCRIMINATIONOF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDEULENT MISREPRENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause which was filed on <u>MARCH 24, 2020</u> in the <u>200TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 13, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____, at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the <u>COMPLAINT FOR DISCRIMINATIONOF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDEULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092461

Unofficial copy of Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | DF17-NH |

Sent To

DELL MEDICAL SCHOOL
1501 RED RIVER ST
AUSTIN, TEXAS 78712

Street & Apt. No. or PO Box No

City, State, Zip

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6724 1028

CITATION

THE STATE OF TEXAS

### CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

CERTIFIED MAIL #70143490000067265174

TO:   ROBERT FISCHER
      500 N AKARD ST #2500
      DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 13, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____, at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-20-001840

☐Original   ☐Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092468



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

O F F I C I A L   U S E

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent
ROBERT FISCHER
500 N AKARD ST #2500
DALLAS, TEXAS 75201

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6726 5574

Unofficial copy Travis County District Clerk Velva L. Price

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

**CERTIFIED MAIL #70143490000067 1004**

TO:   BRITTANY GARRETT RN RECRUITER DELL CHILDRENS
      1345 PHILOMENA ST
      AUSTIN, TEXAS 78723

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>MARCH 24, 2020</u> in the <u>200TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u>
accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____ Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-20-001840                    DISTRICT CLERKS CERTIFIED MAIL                    P01 - 000092449

☐ Original        ☐ Service Copy



Official copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | | Postmark Here |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
BRITTANY GARRETT RN RECRUITER DELL CHILDRENS
134 PHILOMENA ST
AUSTIN, TEXAS 78723

PS Form 3800, July 2014                     See Reverse for Instructions

7014 3490 0000 6724 1004

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

                    , Plaintiff

  vs.

AUSTIN POLICE DEPARTMENT ET AL

                         Defendant

CERTIFIED MAIL #70143490000067265_ 7

TO: JACKSON LEWIS PC
   500 N AKARD ST #2500
   DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDEULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDEULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, IN ENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, have first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-20-001840

☐ Original ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092467



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DF20-Nn

Sent To JACKSON LEWIS PC
Street 500 N AKARD ST #2500
or PO
City DALLAS, TEXAS 75201

PS Form 3800, July 2014                See Reverse for Instructions

7014 3490 0000 6726 5567

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

**CERTIFIED MAIL #70143490000067265543**

TO:   SABLATURA AND WILLIAMS PC
      108 E BAGDAD AVE #200
      ROUND ROCK, TEXAS 78664

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATIONOF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDEULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. MAY 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ NANCY

-- - -- -- -- -- - -- - **R E T U R N** -- -- - -- -- -- -- -- - -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATIONOF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN,  CRIMINAL CHARGE; FRAUDEULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092462



Unofficial copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DF18-NR

Sent To: SABLATURA AND WILLIAMS PC
Street: 108 E BAGDAD AVE #200
City, S: ROUND ROCK, TEXAS 78664

PS Form 3800, July 2014

7014 3490 0000 6726 5455

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

**CERTIFIED MAIL #70143490000067265550**

TO:  RUSS SABLATURA
     108 E BAGDAD AVE #200
     ROUND ROCK, TEXAS 78664

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, have first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092465

☐ Original        ☐ Service Copy



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DF19-NR

7014 3490 0000 6726 5550

Sent To
RUSS SABLATURA
*Street & Apt.* 108 E BAGDAD AVE #200
*or PO Box*
*City, State,* ROUND ROCK, TEXAS 78664

PS Form                                    See Reverse for Instructions

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

, Defendant

**CERTIFIED MAIL #70143490000067240984**

TO: SETON ASCENSION
    1345 PHILOMENA ST
    AUSTIN, TEXAS 78723

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>MARCH 24, 2020</u> in the <u>200TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092440

Unofficial copy of Travis Co. District Clerk Velva L. Price



Unofficial copy Travis County District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | | |
|---|---|---|
| Postage | | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent to
SETON ASCENSION
1345 PHILOMENA ST
AUSTIN, TEXAS 78723

PS Form 3800, July 2014                    See Reverse for Instructions

4014 0490 0000 6724 0840

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

TO:  TEXAS BOARD OF NURSING          CERTIFIED MAIL #7014349000006724095
     333 GUADALUPE ST #3-460
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>MARCH 24, 2020</u> in the <u>200TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 13, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____ M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840          DISTRICT CLERKS CERTIFIED MAIL          P01 - 000092435

☐ Original   ☐ Service Copy



Unofficial copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DF9- NP2

Sent To TEXAS BOARD OF NURSING

Street & Apt. 333 GUADULUPE ST #3-460
or PO Box No.

City, State, Z AUSTIN, TEXAS 78701

7014 3490 0000 6724 0953

PS Form 3800, July 2014      See Reverse for Instructions

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

Defendant

**CERTIFIED MAIL #7014349000006724** 60

TO:  TEXAS STATE BAR
     1414 COLORADO ST
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>MARCH 24, 2020</u> in the <u>200TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- --  **R E T U R N**  -- -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a

true copy of this citation together with the <u>COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, IN ENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND</u>

accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092436



Unofficial copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark |
| Return Receipt Fee (Endorsement Required) | | Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

TEXAS STATE BAR
1414 COLORADO ST
AUSTIN, TEXAS 78701

Street & Apt. No. or PO Box No.
City, State

**PS Form 3800, July 2014**          See Reverse for Instructions

7014 0460 0000 6724 0960

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-20-001840

AMANDA KAYNE PHILLIPS

     vs.

AUSTIN POLICE DEPARTMENT ET AL

, Plaintiff

Defendant

**CERTIFIED MAIL #7014349000006726558.**

TO:   JULIE TOWER
      500 N AKARD ST #2500
      DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX DISABILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 15, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ NANCY

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ___M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX DISABILITY, FAMILY STATUS, NATIONAL ORIGIN CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

☐ Original   ☐ Service Copy

DISTRICT CLERKS CERTIFIED MAIL

P01 - 000092474



C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

, Defendant

CERTIFIED MAIL#70143490000067241011

TO:   UNIVERSITY OF TEXAS AT AUSTIN
      1616 GUADALUPE ST STE 4.202
      AUSTIN, TEXAS 78712

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. May 13, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ NANCY

-- - -- - -- - -- - -- - R E T U R N -- - -- - -- - -- - -- -

Came to hand on the _____ day of _____, at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the COMPLAINT FOR DISCRIMINATION OF RETALIATION, AGE, SEX, DISABILLITY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-001840

DISTRICT CLERK CERTIFIED MAIL

P01 - 000092452

☐Original   ☐Service Copy



Unofficial copy Travis Co. District Clerk Velva L. Price

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DF16 - NR

UNIVERSITY OF TEXAS AT AUSTIN
1616 GUADALUPE ST STE 4.202
AUSTIN, TEXAS 78712

PS Form 3800, July 2014

7014 3490 0000 6724 1011



Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CHRISTOPHER BORN CEO DELL CHILDREN
345 PHILOMENA ST
USTIN, TEXAS 78723

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   Chris Measant
C. Date of Delivery   5-18-2020

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number   7014 3490 0000 6724 0991

GN20 1840 0713-NR

PS Form 3811, July 2013          Domestic Return Receipt



UNITED STATES POSTAL SERVICE
AUSTIN
TX 787

18 MAY '20
PM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4® in this box●

RECEIVED
MAY 20 2020
Velva L. Pride, Clerk
M.

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DEB BROWN VP OF PATIENT SERVICE
1345 PHILOMENA ST
AUSTIN, TEXAS 78723

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  Christian Mensah

C. Date of Delivery  5-18-2020

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®       ☐ Priority Mail Express™
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)         ☐ Yes

2. Article Number
7014 3490 0000 6724 1035

GN-20-18(?)    DF14
              N12

PS Form 3811, July 2013          Domestic Return Receipt



Unofficial copy Travis Co. District Clerk Velva L. Price

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature

X _____    ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Chris Pleasant                  5-18-2020

1. Article Addressed to:

SETON ASCENSION
1345 PHILOMENA ST
AUSTIN, TEXAS 78723

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail®         ☐ Priority Mail Express™
   ☐ Registered             ☐ Return Receipt for Merchandise
   ☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number    7014 3490 0000 6724 0984

PS Form 3811, July 2013          Domestic Return Receipt

Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4® in this box•

RECEIVED
MAY 20 2020

Velva L. Price

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Unofficial copy Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRAVIS COUNTY SHERRIFS OFFICE
5555 AIRPORT BLVD
AUSTIN, TEXAS 78751

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type

☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0000 6724 0908

GNJO 184004-NL

PS Form 3811, July 2013          Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

RECEIVED
MAY 20 2020
Velva L. Price, Clerk

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SABLATURA AND WILLIAMS PC
108 E BAGDAD AVE #200
ROUND ROCK, TEXAS 78664

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Deborah Ziler_   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
_Deborah Ziele_                      05 19 2020

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail®           ☐ Priority Mail Express™
   ☐ Registered               ☐ Return Receipt for Merchandise
   ☐ Insured Mail             ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)   7014 3490 0000 6726 5543

PS Form 3811, July 2013          Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

RECEIVED

MAY 2 1 2020

At 4:00 p

Velva L. Price, Clerk

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RUSS SABLATURA
108 E BAGDAD AVE #200
ROUND ROCK, TEXAS 78664

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Dalora Zieler_        ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
_Dalora Zieler_                      OCT 2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express®
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)     ☐ Yes

7014 3490 0000 6726 5550     GN20-1530 DF19-NR

PS Form 3811, July 2013        Domestic Return Receipt

Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 2 1 2020

Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**Travis County District Clerk**
**P.O. Box 679003**
**Austin, Texas 78767-9003**

RECEIVED
MAY 2 1 2020
At 4:00 p
Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TEXAS STATE BAR
1414 COLORADO ST
AUSTIN, TEXAS 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2.    7014 3490 0000 6724 0960    GN-20-1840  DF10-N2

PS Form 3811, July 2013    Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 2 1 2020

At 4:00 P.M.

Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

UNIVERSITY OF TEXAS AT AUSTIN
1616 GUADALUPE ST STE 4.202
AUSTIN, TEXAS 78712

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ____CWT CU19____  ☑ Agent ☐ Addressee

B. Received by (Printed Name) — P. Limon

C. Date of Delivery — 5/19/202_

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2.  7014 3490 0000 6724 1011        CMV21-1340 DF16-NH

PS Form 3811, July 2013                Domestic Return Receipt

Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE
TX 787
19 MAY '20
FM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED
MAY 2 1 2020
4:00
At
Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AUSTIN COMMUNITY COLLEGE DISTRICT
5930 MIDDLE FISKVILLE RD
AUSTIN, TEXAS 78752

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Joetchon   5-18-2020

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7014 3490 0000 6724 0946

GN20-1840 JT8-NH

PS Form 3811, July 2013     Domestic Return Receipt

Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE
TX 787
18 MAY '20
PM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED
MAY 22 2020
At _____ M.
Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AUSTIN POLICE DEPARTMENT
715 E 8TH STREET
AUSTIN, TEXAS 78701

DF 1

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
F cowan

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

7014 3490 0000 6727 1889

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

RECEIVED

MAY 2 2 2020

4:00p

At _____ M.

Velva L. Price, Clerk

**Travis County District Clerk**
P.O. Box 679003
Austin, Texas 78767-9003

Unofficial copy Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GUSTAVO GARCIA JR
416 W 11TH STREET
AUSTIN, TEXAS 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®  ☐ Priority Mail Express
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7014 3490 0000 6724 0939

GN 20-1840 DF7-NR

PS Form 3811, July 2013    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 2 2 2020

Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRAVIS COUNTY DISTRICT ATTORNEY OFFICE
416 W 11TH STREET
AUSTIN, TEXAS 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®    ☐ Priority Mail Express
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number   7014 3490 0000 6724 0915

GN-20-1890 DFS NZ

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

RECEIVED

MAY 22 2020

4:00 k

Velva L. Price, Clerk

**Travis County District Clerk**
**P.O. Box 679003**
**Austin, Texas 78767-9003**

Unofficial copy Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRAVIS COUNTY TEXAS
314 W 11TH STREET #535
AUSTIN, TEXAS 78767

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7014 3490 0000 6724 0922   GIN-201840 DF6-NR

PS Form 3811, July 2013          Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 22 2020

Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AUSTIN POLICE DETECTIVE C. PEIRCE #4063
715 E 8TH STREET
AUSTIN, TEXAS 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

T Couch

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail®     ☐ Priority Mail Express™
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7014 3490 0000 6727 1902    GIN20-1340-DF3-MC

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

RECEIVED

MAY 2 6 2020

At 4:00 _____ M.

Velva L. Price, Clerk

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ASCENSION
4600 EDMUNDSON
ST LOUIS, MISSOURI 63134

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Matthews*  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  *Matthews*    C. Date of Delivery  5-20-20

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®     ☐ Priority Mail Express™
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
7014 3490 0000 6724 0977

GN 20-18.6 OF11-NN

PS Form 3811, July 2013          Domestic Return Receipt

Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 2 6 2020

At _____ M.

Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BRITTANY GARRETT RN RECRUITER DELL CHILDRENS
1345 PHILOMENA ST
AUSTIN, TEXAS 78723

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _C. Pltr_

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
Christian Pleasent

C. Date of Delivery
5-21-2020

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®
☐ Registered
☐ Insured Mail
☐ Priority Mail Express™
☐ Return Receipt for Merchandise
☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

GN-20-14L DF15-NR

2. Article Number
7014 3490 0000 6724 1004

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 2 6 2020

At 4:00

Velva L. Price, Clerk

M.

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CAROLYN CUMMINGS FORMER RN RECRUITER
1345 PHILOMENA ST
AUSTIN, TEXAS 78723

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Christian Pleasant    5-21-2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®    ☐ Priority Mail Express™
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
7014 3490 0000 6726 5598

GN-20-840 DF23-NR

PS Form 3811, July 2013    Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 2 6 2020

4:00 p

Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price



- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _Kell Nel_   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Kelly Reseon   5-07-20

1. Article Addressed to:

CITY OF AUSTIN
2006 EAST 4TH STREET
AUSTIN, TEXAS 78702

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

7014 3490 0000 6727 1896   GN 20-1840 DF. ML

PS Form 3811, July 2013   Domestic Return Receipt

Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE
AUSTIN
27 MAY '20
PM 3 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED
MAY 26 2020
At _____ ___:00 __ M.
Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

Unofficial copy Travis Co. District Clerk Valva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JULIE TOWER
500 N AKARD ST #2500
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Covid 19_   ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  5/20/20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Certified Mail®        ☐ Priority Mail Express™
☐ Registered             ☐ Return Receipt for Merchandise
☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number    7014 3490 0000 6726 5581

GN-20-1840 DE22 JVR

PS Form 3811, July 2013         Domestic Return Receipt



Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ROBERT FISCHER
500 N AKARD ST #2500
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  *Covid 19*
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

5/2d/2c

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0000 6726 5574

GN-20-1840 JF21
N12

PS Form 3811, July 2013        Domestic Return Receipt

Unofficial copy Travis Co. District Clerk Velva L. Price



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

RECEIVED

MAY 2 6 2020

Velva L. Price, Clerk

Travis County **District Clerk**
P.O. Box 679003
Austin, Texas 78767-9003

Unofficial copy Travis Co. District Clerk Velva L. Price



Unofficial copy Travis Co. District Clerk Velva L. Price

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JACKSON LEWIS PC
500 N AKARD ST #2500
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Covit 19_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
5/20/4

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2.  7014 3490 0000 6726 5567   GN-20-1870   DF20 NFL

PS Form 3811, July 2013        Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

RECEIVED

MAY 2 6 2020

At 4:00 p M.

Velva L. Price, Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

6/5/2020 11:33 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-001840
Irene Silva

## CAUSE NO. D-1-GN-20-001840

| | | |
|---|---|---|
| AMANDA KAYE PHILLIPS, | § | IN DISTRICT COURT |
|     *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| AUSTIN POLICE DEPARTMENT; | § | |
| CITY OF AUSTIN, TEXAS; AUSTIN | § | |
| POLICE DETECTIVE C. PIERCE | § | |
| #4063; TRAVIS COUNTY SHERIFF'S | § | |
| OFFICE; TRAVIS COUNTY DISTRICT | § | |
| ATTORNEY OFFICE; TRAVIS | § | |
| COUNTY, TEXAS; GUSTAVO | § | |
| GARCIA, JR; AUSTIN COMMUNITY | § | |
| COLLEGE DISTRICT; TEXAS BOARD | § | |
| OF NURSING; TEXAS STATE BAR; | § | |
| ASCENSION; SETON ASCENSION; | § | TRAVIS COUNTY, TEXAS |
| CHRISTOPHER BORN, CEO Dell | § | |
| Children's; DEB BROWN, Vice | § | |
| President of Patient Services / Chief | § | |
| Nursing Officer; BRITTANY | § | |
| GARRETT, RN recruiter Dell | § | |
| Children's; UNIVERSITY OF TEXAS | § | |
| AT AUSTIN; DELL MEDICAL | § | |
| SCHOOL; SABLATURA & | § | |
| WILLIAMS, PLLC; RUS SABLATURA; | § | |
| JACKSON LEWIS, PC; ROBERT | § | |
| FISCHER; JULIE TOWER; CAROLYN | § | |
| CUMMINGS, former RN Recruiter, | § | |
|     *Defendants.* | § | 200TH JUDICIAL DISTRICT |

## DEFENDANT TEXAS BOARD OF NURSING'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE:

COMES NOW, Texas Board of Nursing ("BON"), Defendant in the above-styled and numbered cause, represented by and through the undersigned Assistant Attorney General of Texas, and files this Original Answer and Jury Demand. In support thereof, Defendant respectfully shows the Court as follows:

## I.    ORIGINAL ANSWER

**A.      General Denial**

As authorized by Texas Rule of Civil Procedure 92, Defendant BON asserts a general denial to the allegations of material fact contained in Plaintiff's Original Petition and demands strict proof thereof.

**B.      Sovereign Immunity**

Defendant BON, a governmental unit of the State of Texas, has full sovereign immunity from suit and liability, save only to the extent of the partial waiver of such immunity provided by the Texas Tort Claims Act ("TTCA"), which is set forth in Chapter 101 of the Texas Civil Practice and Remedies Code. Defendant BON hereby pleads and asserts its claim to and defense of sovereign immunity and the limits, exemptions and exclusions of the TTCA.

## II.      JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Defendant BON hereby demands a trial by jury on all issues so triable in the foregoing cause of action. Defendant BON is exempt from paying jury fees at this time. *See* Tex. Civ. Prc. Rem. Code § 6.001.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant BON prays that, upon final hearing hereof, the Court enters judgment that Plaintiff take nothing by reason of such suit and all costs of court be taxed and adjudged against Plaintiff. Defendant BON prays for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

RESPECTFULLY SUBMITTED,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER

First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

_____
CHELSEA L. FULLWOOD
Assistant Attorney General
State Bar No. 24073578
Tort Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel. (512) 475-2539
Fax (512) 370-9747
Chelsea.fullwood@oag.texas.gov
**ATTORNEY FOR DEFENDANT BON**

## CERTIFICATE OF SERVICE

I do hereby certify compliance with Tex. R. Civ. P. 21 and 21a. A true and correct copy of the foregoing instrument has been served on all pro se parties and counsel, by electronic transmission to the electronic mail address on file with the electronic filing manager. See Tex. R. Civ. P. 21a(a)(1). If a party has not designated an electronic mail address with the electronic filing manager, the party was served a true and correct copy of the foregoing instrument in person, by certified/regular mail, by commercial delivery service by fax or by email, or by such other manner as the Court in its discretion may direct. See Tex. R. Civ. P. 21a(a)(2). On June 5, 2020, service was made on each pro se party and attorney of record listed below.

Amanda Phillips
8403 E. 81st Street
Apartment 523
Tulsa, OK 74133
TEL: (405) 850-2161
E-mail: medicalqueen@gmail.com
*Plaintiff Pro Se*

Shannon M. Ryman
Assistant Attorney General
Tort Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel. (512) 475-1205
Fax (512) 457-4435
Shannon.ryman@oag.texas.gov
*Counsel for Defendant*
*The University of Texas at Austin*

CHELSEA L. FULLWOOD
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leslie Pena on behalf of Chelsea Fullwood
Bar No. 24073578
leslie.pena@oag.texas.gov
Envelope ID: 43507809
Status as of 06/05/2020 11:55:06 AM -05:00

Associated Case Party: Texas Board of Nursing

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chelsea Fullwood | | chelsea.fullwood@oag.texas.gov | 6/5/2020 11:33:56 AM | SENT |

Associated Case Party: University of Texas Austin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shannon Ryman | | shannon.ryman@oag.texas.gov | 6/5/2020 11:33:56 AM | SENT |

Associated Case Party: Russ Sablatura

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russ Sablatura | | russ@austinlegal.net | 6/5/2020 11:33:56 AM | SENT |
| Russ Sablatura | | russ@austinlegal.net | 6/5/2020 11:33:56 AM | SENT |
| Russ Sablatura | | russ@austinlegal.net | 6/5/2020 11:33:56 AM | SENT |

6/5/2020 11:24 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-001840
Irene Silva

CAUSE NO. <u>D-1-GN-20-001840</u>

| | | |
|---|---|---|
| AMANDA KAYE PHILLIPS, | § | IN DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| AUSTIN POLICE DEPARTMENT; | § | |
| CITY OF AUSTIN, TEXAS; AUSTIN | § | |
| POLICE DETECTIVE C. PIERECE | § | |
| #4063; TRAVIS COUNTY SHERIFF'S | § | |
| OFFICE; TRAVIS COUNTY | § | |
| DISTRICT ATTORNEY OFFICE; | § | |
| TRAVIS COUNTY, TEXAS; | § | |
| GUSTAVO GARCIA, JR; AUSTIN | § | |
| COMMUNITY COLLEGE DISTRICT; | § | |
| TEXAS BOARD OF NURSING; | § | |
| TEXAS STATE BAR; ASCENSION; | § | TRAVIS COUNTY, TEXAS |
| SETON ASCENSION; | § | |
| CHRISTOPHER BORN, CEO Dell | § | |
| Children's; DEB BROWN, Vice | § | |
| President of Patient Services / Chief | § | |
| Nursing Officer; BRITTANY | § | |
| GARRETT, RN recruiter Dell | § | |
| Children's; UNIVERSITY OF TEXAS | § | |
| AT AUSTIN; DELL MEDICAL | § | |
| SCHOOL; SABLATURA & | § | |
| WILLIAMS, PLLC; RUS | § | |
| SABLATURA; JACKSON LEWIS, | § | |
| PC; ROBERT FISCHER; JULIE | § | |
| TOWER; CAROLYN CUMMINGS, | § | |
| former RN Recruiter | § | |
| *Defendants.* | § | 200TH JUDICIAL DISTRICT |

## <u>DEFENDANTS THE UNIVERSITY OF TEXAS AT AUSTIN AND DELL MEDICAL SCHOOL AT THE UNIVERSITY OF TEXAS AT AUSTIN'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER, PLEA TO THE JURISDICTION, AND JURY DEMAND</u>

TO THE HONORABLE JUDGE:

COMES NOW, THE UNIVERSITY OF TEXAS AT AUSTIN ("UT AUSTIN") and DELL

MEDICAL SCHOOL AT THE UNIVERSITY OF TEXAS AT AUSTIN ("UT AUSTIN-DELL"), Defendants in the above-styled and numbered cause, represented by and through the undersigned Assistant Attorney General of Texas, and files this Special Exceptions, Original Answer, Plea to the Jurisdiction, and Jury Demand. In support thereof, Defendants respectfully show the Court as follows:

## I.     SPECIAL EXCEPTIONS

### A.     Same Governmental Unit

Defendant(s) UT Austin and UT Austin-Dell specially except to the entirety of Plaintiff's Original Petition because it fails to properly name the state governmental unit(s) against which liability is to be established as required by the Texas Tort Claims Act (the "TTCA"), TEX. CIV. PRAC. & REM. CODE §§ 101.101 & 101.102.

In Plaintiff's Original Petition, Plaintiff indicates that she has sued "University of Texas at Austin" and "Dell Medical School." *Pl.'s Orig. Pet.*, pp. 2 and 10 – 11. However, Dell Medical School at The University of Texas at Austin is a school and a part of UT Austin proper governed by the Board of Regents and administrative officials who govern UT Austin, and therefore, is not a distinct governmental unit from UT Austin. *See* TEX. EDUC. CODE § 61.003, *see also* General Appropriations Act, art. III for the 2018-2019 biennium and for the 2020-2021 biennium.

Relating to this special exception, UT Austin requests that the Court enter an order sustaining this special exception and give Plaintiff an opportunity to amend her Petition within fifteen (15) days in conformity with the Court's ruling on this special exception.

**B.      Rule 47 (c) of the Texas Rules of Civil Procedure**

Plaintiff's Original Petition does not state a cause of action because it does not include a specific statement of the relief sought.  Rule 47 (c) of the Texas Rules of Civil Procedure requires in all original pleadings which set forth a claim for relief, a specific statement of the relief the party seeks. The pleading must include one of the following specific statements:

> (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
> (2) monetary relief of $100,000 or less and non-monetary relief; or
> (3) monetary relief over $100,000 but not more than $200,000; or
> (4) monetary relief over $200,000 but not more than $1,000,000; or
> (5) monetary relief over $1,000,000.

Tex. R. Civ. P. 47(c).

Plaintiff's Original Petition fails to comply with Rule 47(c) of the Texas Rules of Civil Procedure because it does not contain a claim for relief in conformity with this rule. Rule 47 was amended in 2013 to require that parties plead into or out of the expedited actions process governed by Rule 169 of the Texas Rules of Civil Procedure. Rule 47(c) further states that a party who fails to comply with the Rule may not conduct discovery until the party's pleading is amended to comply.  *See* Tex. R. Civ. P. 47(c). Defendant UT Austin asks that the Court order Plaintiff to re-plead her Original Petition in accordance with this special exception and requests that she not be permitted to conduct discovery until the pleadings are so amended.

## II.    ORIGINAL ANSWER

### A.    General Denial

Defendant UT Austin, which includes UT Austin-Dell as noted above, asserts a general denial as authorized by the Texas Rules of Civil Procedure to the allegations of material fact contained in Plaintiff's Original Petition and requests that Plaintiff be required to prove such allegations by a preponderance of the credible evidence as required by law.  Said Defendant UT Austin also denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### B.    Sovereign Immunity

Defendant UT Austin has full sovereign immunity both from suit and from liability, save only to the extent of the partial waiver of same given by the Texas Tort Claims Act ("TTCA"), Texas Civil Practice and Remedies Code, Chapter 101, and hereby pleads and asserts its claim to and defense of sovereign immunity and the limits, exemptions and exclusions of the TTCA.

### C.    Suit Limitations

Plaintiff's claim for a damage award is limited to the cap imposed by the Texas Tort Claims Act. Defendant UT Austin also specifically pleads and incorporates herein by reference, as an affirmative defense, all applicable caps and limitations upon suit and any award of damage or relief, both compensatory and punitive, which are provided by law, including but not limited to the provisions of the Texas Civil Practice and Remedies Code, Chapters 41, 101, and 108.

D.     **Limitation of Prejudgment Interest**

Defendant UT Austin asserts and invokes the provision of Chapter 304 of the Texas Finance Code, including the limitation imposed by § 304.1045, such that prejudgment interest may not be assessed or recovered on any award of future damages.

E.     **Rule 193.7 Notice**

Notice is hereby given to Plaintiff, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Defendant UT Austin intends to use any and all documents or materials produced by Plaintiff in response to any written discovery, against Plaintiff, during any pretrial proceeding or the trial of this lawsuit.

### III.     PLEA TO THE JURISDICTION

Defendant UT Austin is entitled to sovereign immunity from suit and from liability, and Plaintiff's Original Petition fails to allege adequate grounds to establish a waiver of such sovereign immunity; therefore, the Court is without jurisdiction to hear this cause of action and the same should be dismissed with prejudice.  Defendant UT Austin requests that this Court hear this Plea to the Jurisdiction at its earliest convenience.

### IV.     JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Defendant UT Austin hereby demands a trial by jury on all issues so triable in the foregoing cause of action. Defendant UT Austin is exempt from paying jury fees at this time. *See* Tex. Civ. Prac. Rem. Code § 6.001.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant UT Austin prays that, upon final hearing hereof, the Court enters judgment that Plaintiff take nothing by reason of such suit and all costs of court be taxed and adjudged against Plaintiff. Defendant UT Austin prays for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

RESPECTFULLY SUBMITTED,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

*Shannon M. Ryman*

SHANNON M. RYMAN
Assistant Attorney General
State Bar No. 24089705
Attorney-In-Charge
OFFICE OF THE ATTORNEY GENERAL
Tort Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel. (512) 475-1205
Fax (512) 457-4435
shannon.ryman@oag.texas.gov
COUNSEL FOR DEFENDANT THE UNIVERSITY
OF TEXAS AT AUSTIN

## CERTIFICATE OF SERVICE

I do hereby certify compliance with Tex. R. Civ. P. 21 and 21a. A true and correct copy of the foregoing instrument has been served on all counsel, by electronic transmission to the electronic mail address on file with the electronic filing manager. See Tex. R. Civ. P. 21a(a)(1). If a party has not designated an electronic mail address with the electronic filing manager, the party was served a true and correct copy of the foregoing instrument in person, by certified/regular mail, by commercial delivery service by fax or by email, or by such other manner as the Court in its discretion may direct. See Tex. R. Civ. P. 21a(a)(2). On June 5, 2020, service was made on each attorney of record listed below.

Amanda Phillips
8403 E. 81st Street
Apartment 523
Tulsa, OK 74133
TEL: (405) 850-2161
E-mail: medicalqueen@gmail.com
**Plaintiff Pro Se**

Chelsea L. Fullwood
Assistant Attorney General
Tort Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel. (512) 475-2539
Fax (512) 370-9747
Chelsea.fullwood@oag.texas.gov
**Counsel for Defendant**
**Texas Board of Nursing**


*Shannon M. Ryman*

SHANNON M. RYMAN
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leslie Pena on behalf of Shannon Ryman
Bar No. 24089705
leslie.pena@oag.texas.gov
Envelope ID: 43507197
Status as of 06/05/2020 11:49:46 AM -05:00

Associated Case Party: Russ Sablatura

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russ Sablatura | | russ@austinlegal.net | 6/5/2020 11:24:10 AM | SENT |
| Russ Sablatura | | russ@austinlegal.net | 6/5/2020 11:24:10 AM | SENT |
| Russ Sablatura | | russ@austinlegal.net | 6/5/2020 11:24:10 AM | SENT |

Associated Case Party: Texas Board of Nursing

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chelsea Fullwood | | chelsea.fullwood@oag.texas.gov | 6/5/2020 11:24:10 AM | SENT |

Associated Case Party: University of Texas Austin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shannon Ryman | | shannon.ryman@oag.texas.gov | 6/5/2020 11:24:10 AM | SENT |

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-001840**

AMANDA KAYNE PHILLIPS

, Plaintiff

vs.

AUSTIN POLICE DEPARTMENT ET AL

, Defendant

TO:  TRAVIS COUNTY SHERRIFS OFFICE        **CERTIFIED MAIL #7014349000006724908**
     5555 AIRPORT BLVD
     AUSTIN, TEXAS 78751

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND of the PLAINTIFF in the above styled and numbered cause which was filed on MARCH 24, 2020 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 14, 2020.

REQUESTED BY:
AMANDA KAYE PHILLIPS
8403 E 81ST  STREET APT 523
TULSA, OKLAHOMA 74133

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RODRIGUEZ NANCY

— — — — — — — — — — — **R E T U R N** — — — — — — — — — — —

Came to hand on the 20 day of May , 2020 at 149 o'clock P M., and executed at SSSS Airport Blvd Austin TX 78751 within the County of Travis on the 21 day of May , 2020 , at 10 o'clock a M., by delivering to the within named Lindsey Strid , each in person, a true copy of this citation together with the COMPLAINT OF DISCRIMINATION OF RETALIATION, AGE, SEX, DISABLILTY, FAMILY STATUS, NATIONAL ORIGIN, & CRIMINAL CHARGE; FRAUDULENT MISREPRESENTATION, ABUSE OF PROCESS, CIVIL CONSPIRACY, RICO RACKETEERING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE WITH JURY DEMAND accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____ , ____ .

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas
Sheriff / Constable / Authorized Person

By Heather Var
Heather Vargas
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

County, Texas

RECEIVED
2020 MAY 20 PM 1:49
DISTRICT CLERKS CERTIFIED MAIL
CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS

D-1-GN-20-001840

☐ Original        ☐ Service Copy

P01 - 000092391

COMPLETED