IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA KAYE PHILLIPS, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-617-RP |
| CITY OF AUSTIN, et al., | § § § | |
| Defendants. | § | |

## **ORDER**

In 2018, Senior United States District Judge Sam Sparks barred Plaintiff Amanda Kaye Phillips ("Phillips") "from filing additional lawsuits in the Western District of Texas without first obtaining leave from a Federal District Judge in the Western District of Texas, Austin Division, or a Judge of the United States Court of Appeals for the Fifth Circuit." *Phillips v. Austin Diagnostic Clinic Surgery Center*, No. 1:17-CV-940-SS (W.D. Tex. filed Mar. 1, 2018) (Order, Dkt. 21, at 6). On March 19, 2020, Phillips filed a motion for leave to file an 85-page complaint, which alleged a laundry list of constitutional and tort claims against 23 defendants. *Phillips v. Austin Police Department*, No. 1:20-CV-297-RP (W.D. Tex. filed Mar. 9, 2020) ("*Phillips I*") (Compl., Dkt. 1-1). After reviewing Phillips's claims, the Court dismissed her complaint as frivolous. (Text Order, Mar. 23, 2020 ("Phillips's complaint fails to allege a non-frivolous claim")).

The following day, Phillips filed a petition in Travis County District Court alleging the exact same claims she asserted in *Phillips I*. *Compare Phillips I* (W.D. Tex. filed Mar. 9, 2020) (Compl., Dkt. 1-1), *with* (Orig. Pet., Dkt. 1-2). Defendants removed Phillips's state-court petition to this Court. (Notice Removal, Dkt. 1). In both her *Phillips I* complaint and the state-court petition currently before the Court, Phillips purports to bring claims against 23 defendants for alleged retaliation; age, sex, disability, and national origin discrimination; fraudulent misrepresentation; abuse of process;

1

legal malpractice; civil conspiracy; violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); intentional infliction of emotional distress; and negligence. (*See* Orig. Pet., Dkt. 1-2, at 4–84). There are now five motions to dismiss[1] and two motions for judgment on the pleadings[2] pending in this matter. These motions all note that Phillips filed the same claims against the same Defendants in *Phillips I* and seek dismissal for various reasons, including that Phillips's claims are frivolous. (*See* Dkt. 6, 7, 10, 12, 15, 17, 19).

District courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" because such claims lack "the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)). This inherent power applies even with respect to complaints in which the plaintiff is not a prisoner and has paid a filing fee. *Black v. Hornsby*, No. 5:14-CV-0822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), *subsequently aff'd sub nom. Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015).

Having reviewed Phillips's 85-page state-court petition, the Court finds that it is not only completely frivolous, but identical to the complaint she filed in *Phillips I*, which the Court previously dismissed for failure to plead a non-frivolous claim. (*Phillips I*, Text Order, March 23, 2020). Because

---

[1] (*See* Travis County Defs.' Mot. Dismiss, Dkt. 6 (filed by Defendants Travis County Sheriff's Office, Travis County District Attorney's Office, and Assistant District Attorney Gustavo Garcia, Jr. (collectively, "Travis County Defendants")); City Defs.' Mot. Dismiss, Dkt. 7 (filed by Defendants Austin Police Department, City of Austin, and Detective Calvin Pierce (collectively, "City Defendants")); Hospital Defs.' Mot. Dismiss, Dkt. 10 (filed by Defendants Ascension, Ascension Seton, Christopher Born, Deb Brown, Jackson Lewis PC, Robert Fischer, Julie Tower, and Carolyn Cummings (collectively, "Hospital Defendants")); Mot. Dismiss, Dkt. 12 (filed by Defendant Austin Community College); Mot. Dismiss, Dkt. 15 (filed by Defendant State Bar of Texas)).
[2] (*See* Mot. J. Pleadings, Dkt. 17 (filed by Defendants the University of Texas at Austin and Dell Medical School at the University of Texas at Austin); Mot. J. Pleadings, Dkt. 19 (filed by Defendant Texas Board of Nursing)).

the Court again finds that all of Phillips's claims are totally frivolous, the Court will invoke its inherent authority to dismiss this action with prejudice. As stated by the Fifth Circuit:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

*Dilworth*, 81 F.3d at 617 (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981)). This reasoning is applicable in cases such as this one.

Accordingly, for the reasons given above, the Court **ORDERS** that Phillips's complaint is **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER ORDERED** that all other motions in this case are **DISMISSED AS MOOT**.

**SIGNED** on July 8, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE