IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA KAYE PHILLIPS, | § | No. 1:20–CV–617–RP |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF AUSTIN, ET. AL, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER DENYING MOTION TO DISQUALIFY AND VACATE JUDGMENTS

The matter before the Court is Plaintiff Amanda Kaye Phillips's Motion to Disqualify Judge Robert Pitman and Vacate Judgments. (Dkt. # 25.) On December 23, 2020, this matter was referred to the undersigned for determination by the Honorable Chief Judge Orlando Garcia.[1] (Dkt. # 28.) After careful consideration of the memorandum filed in support of the motion, the Court, for the following reasons, **DENIES** the motion.

BACKGROUND

On July 8, 2020, U.S. District Judge Robert Pitman dismissed with prejudice Plaintiff's suit against the defendants in this case on the basis that her 85-

---

[1] The same day, December 23, 2020, the motion was referred from Judge Pitman to Chief Judge Garcia for the purpose of referring the matter to another judge for review and decision. (Dkt. # 27.)

page state court petition from which this case was removed was completely frivolous and identical to a complaint she previously filed and which was also dismissed for frivolousness. (Dkt. # 23.) On December 20, 2020, Plaintiff filed the instant motion seeking to disqualify Judge Pitman from her case and to vacate the Judgment he entered dismissing her case. (Dkt. # 25.)

## LEGAL STANDARD

Under 28 U.S.C. § 144, whenever a party files a timely and sufficient affidavit that the presiding judge has a personal bias or prejudice either for or against said party, such judge shall proceed no further and another judge shall decide the issue. 28 U.S.C. § 144. Under 28 U.S.C. § 455, a judge may be disqualified where the judge's impartiality might reasonably be questioned or the judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a) and (b)(1).

Under either § 144 or § 455, "the alleged bias must be personal, as distinguished from judicial in nature." United States v. Scroggins, 481 F.3d 824, 830 (5th Cir. 2007) (internal citations omitted). The alleged bias or prejudice must stem from an extrajudicial source, resulting in an opinion "on some basis other than what the judge learned from his participation in the case." United States v. MMR Corp., 954 F.2d 1040, 1045–46 (5th Cir. 1992) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). The determination of whether

disqualification is appropriate is within the sound discretion of the judge.  In re Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993).

## ANALYSIS

Plaintiff seeks Judge Pitman's disqualification on the basis that Judge Pitman's employment with the University of Texas at Austin—a financial partner with Ascension Seton hospital, and who are both defendants in this lawsuit, demonstrate a bias against her and one in favor of those defendants.  (Dkt. # 25.) Plaintiff contends that she has been unable to obtain employment at any of the Ascension family of hospitals, despite having an associate degree in nursing, on account of Judge Pitman's alleged bias.  (Id. at 1–2.)

Despite her allegations, Plaintiff has not demonstrated that Judge Pitman's employment with the University of Texas is evidence of any bias in her case.  Plaintiff's arguments in support of her motion do not demonstrate any extra-judicial or judicial relationship that would warrant recusal or disqualification in her case.  Instead, Plaintiff only engages in speculation on an attenuated relationship between Judge Pitman and the Ascension family of hospitals.

"Judges are not required to recuse under § 144 when facts stated in a supporting affidavit show that they have a casual, professional relationship with an attorney, victim, witness, or litigant appearing before them in court.  Recusal is required only when the stated facts establish a personal relationship of such

magnitude that the judge cannot be impartial." See Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144 29 (Fed. Jud. Ctr. 2002) ("A judge's friendship with one of the attorneys, or acquaintance with witnesses or even parties, does not ordinarily require recusal. However, there are cases where the extent of intimacy, or other circumstances, renders recusal necessary."). Plaintiff's allegations in this case fail to show that Judge Pitman's employment relationship with the University of Texas warrants recusal. Instead, Plaintiff engages only in a mere attenuated speculation that Judge Pitman's employment with the University of Texas, who is financially affiliated with the Ascension family of hospitals, somehow prevents her from obtaining employment. Accordingly, the Court finds that Judge Pitman's disqualification based on his professional relationship with the University of Texas is not warranted. The motion is denied on this basis.

Having reviewed Plaintiff's motion and the entire record in this case, this Court finds that no reasonable person, knowing all of the facts and circumstances surrounding this case would question Judge Pitman's impartiality or bias in this matter. Indeed, after this Court's careful review, the Court finds that Judge Pitman's conduct in this litigation is well-supported by the record and shows a high degree of impartiality and fairness to all parties. Accordingly, to the extent Plaintiff's request is based upon Judge Pittman's alleged bias it is denied. To the extent it is based upon alleged errors in fact or law the proper avenue to challenge

on this basis is an appeal to the United States Court of Appeals for the Fifth Circuit.

## CONCLUSION

Based on the reasons set forth, the Court hereby **DENIES** Plaintiff's Motion to Disqualify Judge Pitman and Vacate Judgment. (Dkt. # 25.)

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, December 28, 2020.

_____
David Alan Ezra
Senior United States District Judge